UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA L. BRILL, Individually and on Behalf ) of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> INVIVYD, INC., et al., ) <br><br> Defendants. ) | No. 1:23-cv-10254 <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

4889-0950-1018.v1

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit on behalf of purchasers of Invivyd, Inc. f/k/a Adagio, Therapeutics, Inc. ("Invivyd" or the "Company") common stock between  November 29, 2021 and December 14, 2021 (the "Class Period") pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs district courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Robyn L. Fizz and Gerald L. Haas ("Fizz and Haas") respectfully submit that they are the presumptively most adequate plaintiffs in this case because they filed a timely motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Fizz and Hass's selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

The Company formed in June 2020, during some of the worst days of the novel coronavirus pandemic, to develop drugs for the treatment and prevention of COVID-19 and future coronavirus outbreaks.    During the Class Period, Invivyd was focused on developing ADG20, an investigational monoclonal antibody treatment for COVID-19. In September 2022, the Company – then called Adagio – announced that it was changing its corporate name to Invivyd.  Invivyd shares trade on the NASDAQ under the ticker IVVD.

The complaint alleges that, throughout the Class Period, defendants failed to disclose that: (i) the published epitope mapping, structural studies, and sequence analyses which defendants had used to claim ADG20 was effective against the Omicron variant were insufficient, unreliable, and inadequate to make claims of effectiveness of ADG20 against Omicron; (ii) that defendants' claims regarding ADG20's efficacy against Omicron lacked a reasonable factual basis; and (iii) ADG20 was over 300 times less effective against the Omicron variant as compared to its effectiveness against previous variants.

On December 14, 2021, Invivyd issued a press release reporting *in vitro* results of ADG20 against the Omicron variant. In doing so, only a few weeks after assuring investors of the efficacy against Omicron, Invivyd announced that "[t]he *in vitro* data generated through both authentic and pseudovirus testing of the Omicron variant show a greater than 300-fold reduction in neutralizing activity of ADG20 against Omicron." ECF 1 at ¶45. In other words, Invivyd revealed that the data showed that ADG20 was 300 times less effective at neutralizing Omicron than it was against the other variants. Put simply, Invivyd admitted that the results showed that ADG20 did not work against Omicron. Invivyd's co-founder, Director, and CEO, defendant Tillman U. Gerngross explained: "While the individual mutations present in . . . Omicron . . . were not associated with escape from ADG20 in the context of an original strain of the virus, new data show that the combination of mutations present in the Omicron spike protein led to a reduction in ADG20 neutralization that was not suggested by prior data." *Id*. On this news, the price of Invivyd shares declined by nearly 80%, damaging investors.

- 2 -

## III.    ARGUMENT

### A.    Fizz and Haas Should Be Appointed Lead Plaintiff

#### 1.    The Procedures Required by the PSLRA

The PSLRA established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). The PSLRA states that "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in connection with this case was published on *Business Wire*, a national, business-oriented newswire service, on January 31, 2023. *See* Hess-Mahan Decl., Ex. A.[1] Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[1]    References to the "Hess-Mahan Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel.

4889-0950-1018.v1

15 U.S.C. §78u-4(a)(3)(B)(iii).  Fizz and Haas meet each of these requirements and should therefore be appointed Lead Plaintiff.

**2.    Fizz and Haas Satisfy the Lead Plaintiff Requirements of the PSLRA**

**a.    Fizz and Haas's Motion Is Timely**

The January 31, 2023, statutory notice published in connection with the filing of the complaint advised putative class members of the pendency of the action, the claims asserted, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by April 3, 2023. *See* Hess-Mahan Decl., Ex. A.  By filing a motion by the statutory deadline, Fizz and Haas have satisfied the first statutory requirement for appointment as lead plaintiff.

**b.    Fizz and Haas Have the Requisite Financial Interest in the Relief Sought by the Class**

The complaint encompasses a class period of November 29, 2021 and December 14, 2021, both dates inclusive.  During that Class Period, Fizz and Haas purchased 400 shares of Invivyd stock and suffered approximately $13,600 in losses.  *See* Hess-Mahan Decl., Exs. B, C.

**c.    Fizz and Haas Satisfy Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . .  Those findings need only be 'preliminary.'" *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class." *Id.*  Here, Fizz

- 4 -

and Haas meet this requirement because, just like all other class members, they purchased Invivyd securities in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby.  Thus, Fizz and Haas's claims are typical of those of other class members since every claim arises out of the same course of events and is based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'"  *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted).  Here, Fizz and Haas are adequate representatives of the class because their interest in the action is clearly aligned with the interests of the other members of the class.  Fizz and Haas have amply demonstrated their adequacy by signing a sworn Certification and submitting a Joint Declaration detailing their ability, willingness and plan to jointly serve as lead plaintiff.  *See* Hess-Mahan Decl., Exs. B, D. Finally, as explained below, Fizz and Haas have selected experienced and qualified counsel, further evidencing their ability to fairly and competently represent the interests of the putative class.

Fizz and Haas therefore preliminarily satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.      The Court Should Approve Fizz and Haas's Choice of Lead Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary

- 5 -

4889-0950-1018.v1

to protect the interests of the class.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *4 (D. Mass. Dec. 13, 2006) (citation omitted). Fizz and Haas have selected Robbins Geller and Johnson Fistel as their proposed lead counsel.[2]

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. District courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller to lead roles in hundreds of complex class action securities cases.[3] Indeed, this Court has appointed Robbins Geller as lead counsel in the past. *See Luna v. Carbonite, Inc.*, No. 1:19-cv-11662-LTS (D. Mass.); *Branen v. J. Jill, Inc.*, No. 1:17-cv-11980-LTS (D. Mass.); *Mahoney v. Foundation Medicine, Inc.*, No. 1:17-cv-11394-LTS (D. Mass.).

---

[2]     *See* Hess-Mahan Decl., Ex. D (Robbins Geller and Johnson Fistel firm résumés).

[3]     *See, e.g.*, *Carr v. Analogic Corp.*, 2018 WL 4932858, at *3 (D. Mass. Oct. 10, 2018) (appointing Robbins Geller as lead counsel and noting that movant "adequately set[] forth the firm's experience litigating complex class actions, including under the PSLRA"); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, No. 1:08-cv-11064 (D. Mass.) (Robbins Geller attorneys served as co-lead counsel and secured $25 million shareholder recovery). Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4889-0950-1018.v1

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation. Johnson Fistel has been appointed as lead counsel in shareholder litigation in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors. Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another in this District and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See, e.g.*, *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement).

Based on these qualifications, Fizz and Haas's selection of lead counsel is reasonable should be approved.

## IV.    CONCLUSION

Fizz and Haas have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Fizz and Haas respectfully request that the Court appoint them as Lead Plaintiff, and approve their selection of lead counsel.

DATED:  April 3, 2023                Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


                                          s/ Theodore M. Hess-Mahan
                                  THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

- 7 -

4889-0950-1018.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
MARY ELLEN CONNOR
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com
maryellenc@johnsonfistel.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4889-0950-1018.v1

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2023.

s/ Theodore M. Hess-Mahan
THEODORE M. HESS-MAHAN

4889-0950-1018.v1