# EXHIBIT E

# FIRM RESUME

**Robbins Geller
Rudman & Dowd** LLP

(800) 449-4900 | rgrdlaw.com

# TABLE OF CONTENTS

Introduction

## Practice Areas and Services

Securities Fraud............................................................................................... 2

## Prominent Cases, Precedent-Setting Decisions, and Judicial Commendations

Prominent Cases............................................................................................... 10
Precedent-Setting Decisions............................................................................ 19
Additional Judicial Commendations.............................................................. 26

## Attorney Biographies

Partners............................................................................................................. 34

# INTRODUCTION

Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") is a 200-lawyer firm with offices in Boca Raton, Chicago, Manhattan, Melville, Nashville, San Diego, San Francisco, Philadelphia, and Washington, D.C. (www.rgrdlaw.com).  The Firm is actively engaged in complex litigation, emphasizing securities, consumer, antitrust, insurance, healthcare, human rights, and employment discrimination class actions.  The Firm's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys, who have successfully prosecuted thousands of class action lawsuits and numerous individual cases, recovering billions of dollars.

This successful track record stems from our experienced attorneys, including many who came to the Firm from federal or state law enforcement agencies.  The Firm also includes several dozen former federal and state judicial clerks.

The Firm is committed to practicing law with the highest level of integrity in an ethical and professional manner.  We are a diverse firm with lawyers and staff from all walks of life.  Our lawyers and other employees are hired and promoted based on the quality of their work and their ability to treat others with respect and dignity.

We strive to be good corporate citizens and work with a sense of global responsibility.  Contributing to our communities and environment is important to us.  We often take cases on a *pro bono* basis and are committed to the rights of workers, and to the extent possible, we contract with union vendors.  We care about civil rights, workers' rights and treatment, workplace safety, and environmental protection. Indeed, while we have built a reputation as the finest securities and consumer class action law firm in the nation, our lawyers have also worked tirelessly in less high-profile, but no less important, cases involving human rights and other social issues.

# PRACTICE AREAS AND SERVICES

## Securities Fraud

As recent corporate scandals demonstrate clearly, it has become all too common for companies and their executives – often with the help of their advisors, such as bankers, lawyers, and accountants – to manipulate the market price of their securities by misleading the public about the company's financial condition or prospects for the future.  This misleading information has the effect of artificially inflating the price of the company's securities above their true value.  When the underlying truth is eventually revealed, the prices of these securities plummet, harming those innocent investors who relied upon the company's misrepresentations.

Robbins Geller is the leader in the fight to protect investors from corporate securities fraud.  We utilize a wide range of federal and state laws to provide investors with remedies, either by bringing a class action on behalf of all affected investors or, where appropriate, by bringing individual cases.

The Firm's reputation for excellence has been repeatedly noted by courts and has resulted in the appointment of Firm attorneys to lead roles in hundreds of complex class-action securities and other cases.  In the securities area alone, the Firm's attorneys have been responsible for a number of outstanding recoveries on behalf of investors.  Currently, Robbins Geller attorneys are lead or named counsel in hundreds of securities class action or large institutional-investor cases.  Some notable current and past cases include:

- ***In re Enron Corp. Sec. Litig.***, No. H-01-3624 (S.D. Tex.).  Robbins Geller attorneys and lead plaintiff The Regents of the University of California aggressively pursued numerous defendants, including many of Wall Street's biggest banks, and successfully obtained settlements in excess of ***$7.2 billion*** for the benefit of investors.  ***This is the largest securities class action recovery in history***.

- ***Jaffe v. Household Int'l, Inc.***, No. 02-C-05893 (N.D. Ill.).  As sole lead counsel, Robbins Geller obtained a record-breaking settlement of ***$1.575 billion*** after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  In 2015, the Seventh Circuit Court of Appeals upheld the jury's verdict that defendants made false or misleading statements of material fact about the company's business practices and financial results, but remanded the case for a new trial on the issue of whether the individual defendants "made" certain false statements, whether those false statements caused plaintiffs' losses, and the amount of damages.  The parties reached an agreement to settle the case just hours before the retrial was scheduled to begin on June 6, 2016.  ***The $1.575 billion settlement, approved in October 2016, is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit and the eighth-largest settlement ever in a post-PSLRA securities fraud case.***  According to published reports, the case was just the seventh securities fraud case tried to a verdict since the passage of the PSLRA.

- *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J.).  As sole lead counsel, Robbins Geller attorneys obtained a $1.2 billion settlement in the securities case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations."  The settlement resolves claims that defendants made false and misleading statements regarding Valeant's business and financial performance during the class period, attributing Valeant's dramatic growth in revenues and profitability to "innovative new marketing approaches" as part of a business model that was low risk and "durable and sustainable."  *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

- *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.).  As sole lead counsel, Robbins Geller attorneys zealously litigated the case arising out of ARCP's manipulative accounting practices and obtained a $1.025 billion settlement.  For five years, the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers.  The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history.

- *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.).  Robbins Geller represented the California Public Employees' Retirement System ("CalPERS") and demonstrated its willingness to vigorously advocate for its institutional clients, even under the most difficult circumstances.  The Firm obtained an $895 million recovery on behalf of UnitedHealth shareholders, and former CEO William A. McGuire paid $30 million and returned stock options representing more than three million shares to the shareholders, bringing the total recovery for the class to over $925 million, the largest stock option backdating recovery ever, and *a recovery that is more than four times larger than the next largest options backdating recovery*.  Moreover, Robbins Geller obtained unprecedented corporate governance reforms, including election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercise, and executive compensation reforms that tie pay to performance.

- *Alaska Elec. Pension Fund v. CitiGroup, Inc. (In re WorldCom Sec. Litig.)*, No. 03 Civ. 8269 (S.D.N.Y.).  Robbins Geller attorneys represented more than 50 private and public institutions that opted out of the class action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998 to 2001.  The Firm's attorneys recovered more than $650 million for their clients, substantially more than they would have recovered as part of the class.

- *Luther v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.).  Robbins Geller attorneys secured a $500 million settlement for institutional and individual investors in what is the largest RMBS purchaser class action settlement in history, and one of the largest class action securities settlements of all time.  The unprecedented settlement resolves claims against Countrywide and Wall Street banks that issued the securities.  The action was the first securities class action case filed against originators and Wall Street banks as a result of the credit crisis.  As co-lead counsel Robbins Geller forged through six years of hard-fought litigation, oftentimes litigating issues of first impression, in order to secure the landmark settlement for its clients and the class.

- *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-06351 (S.D.N.Y.).  On behalf of investors in bonds and preferred securities issued between 2006 and 2008, Robbins Geller and co-

counsel obtained a significant settlement with Wachovia successor Wells Fargo & Company and Wachovia auditor KPMG LLP. *The total settlement – $627 million – is one of the largest credit-crisis settlements involving Securities Act claims and one of the 25 largest securities class action recoveries in history*. The settlement is also one of the biggest securities class action recoveries arising from the credit crisis. The lawsuit focused on Wachovia's exposure to "pick-a-pay" loans, which the bank's offering materials said were of "pristine credit quality," but which were actually allegedly made to subprime borrowers, and which ultimately massively impaired the bank's mortgage portfolio. Robbins Geller served as co-lead counsel representing the City of Livonia Employees' Retirement System, Hawaii Sheet Metal Workers Pension Fund, and the investor class.

- *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575 (S.D. Ohio). As sole lead counsel representing Cardinal Health shareholders, Robbins Geller obtained a recovery of $600 million for investors on behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, and the California Ironworkers Field Trust Fund. At the time, the $600 million settlement was the tenth-largest settlement in the history of securities fraud litigation and is the largest-ever recovery in a securities fraud action in the Sixth Circuit.

- *AOL Time Warner Cases I & II*, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cnty.). Robbins Geller represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, several Australian public and private funds, insurance companies, and numerous additional institutional investors, both domestic and international, in state and federal court opt-out litigation stemming from Time Warner's disastrous 2001 merger with Internet high flier America Online. After almost four years of litigation involving extensive discovery, the Firm secured combined settlements for its opt-out clients totaling over $629 million just weeks before The Regents' case pending in California state court was scheduled to go to trial. The Regents' gross recovery of $246 million is the largest individual opt-out securities recovery in history.

- *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S (N.D. Ala.). As court-appointed co-lead counsel, Robbins Geller attorneys obtained a combined recovery of $671 million from HealthSouth, its auditor Ernst & Young, and its investment banker, UBS, for the benefit of stockholder plaintiffs. The settlement against HealthSouth represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the PSLRA. Likewise, the settlement against Ernst & Young is one of the largest securities class action settlements entered into by an accounting firm since the passage of the PSLRA.

- *Jones v. Pfizer Inc.*, No. 1:10-cv-03864 (S.D.N.Y.). Lead plaintiff Stichting Philips Pensioenfonds obtained a $400 million settlement on behalf of class members who purchased Pfizer common stock during the January 19, 2006 to January 23, 2009 class period. The settlement against Pfizer resolves accusations that it misled investors about an alleged off-label drug marketing scheme. As sole lead counsel, Robbins Geller attorneys helped achieve this exceptional result after five years of hard-fought litigation against the toughest and the brightest members of the securities defense bar by litigating this case all the way to trial.

- *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.). As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Robbins Geller attorneys obtained a combined settlement of $474 million from Dynegy, Citigroup, Inc., and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha. Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Robbins Geller and The Regents believe will benefit all of Dynegy's stockholders.

- *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.). In July 2001, the Firm filed the initial complaint in this action on behalf of its clients, long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice. After five years of litigation, lead plaintiffs entered into a settlement with Qwest and certain individual defendants that provided a $400 million recovery for the class and created a mechanism that allowed the vast majority of class members to share in an additional $250 million recovered by the SEC. In 2008, Robbins Geller attorneys recovered an additional $45 million for the class in a settlement with defendants Joseph P. Nacchio and Robert S. Woodruff, the CEO and CFO, respectively, of Qwest during large portions of the class period.

- *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701 (S.D.N.Y.). Robbins Geller attorneys served as lead counsel for a class of investors and obtained court approval of a $388 million recovery in nine 2007 residential mortgage-backed securities offerings issued by J.P. Morgan. The settlement represents, on a percentage basis, the largest recovery ever achieved in an MBS purchaser class action. The result was achieved after more than five years of hard-fought litigation and an extensive investigation.

- *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555 (D. Ariz.). As sole lead counsel, Robbins Geller obtained a $350 million settlement in *Smilovits v. First Solar, Inc*. The settlement, which was reached after a long legal battle and on the day before jury selection, resolves claims that First Solar violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. The settlement is the fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

- *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783 (S.D.N.Y.). As sole lead counsel, Robbins Geller obtained a $272 million settlement on behalf of Goldman Sachs' shareholders. The settlement concludes one of the last remaining mortgage-backed securities purchaser class actions arising out of the global financial crisis. The remarkable result was achieved following seven years of extensive litigation. After the claims were dismissed in 2010, Robbins Geller secured a landmark victory from the Second Circuit Court of Appeals that clarified the scope of permissible class actions asserting claims under the Securities Act of 1933 on behalf of MBS investors. Specifically, the Second Circuit's decision rejected the concept of "tranche" standing and concluded that a lead plaintiff in an MBS class action has class standing to pursue claims on behalf of purchasers of other securities that were issued from the same registration statement and backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities.

- *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.). As sole lead counsel, Robbins Geller obtained a groundbreaking $215 million settlement for former HCA Holdings, Inc. shareholders – the largest securities class action recovery ever in Tennessee. Reached shortly before trial was scheduled to commence, the settlement resolves claims that the Registration Statement and Prospectus HCA filed in connection with the company's massive $4.3 billion 2011 IPO contained material misstatements and omissions. The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action.

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.). Robbins Geller attorneys served as lead counsel for a class of investors that purchased AT&T common stock. The case charged defendants AT&T and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, one of the largest IPOs in American history. After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million.

- ***Silverman v. Motorola, Inc.***, No. 1:07-cv-04507 (N.D. Ill.).  The Firm served as lead counsel on behalf of a class of investors in Motorola, Inc., ultimately recovering $200 million for investors just two months before the case was set for trial.  This outstanding result was obtained despite the lack of an SEC investigation or any financial restatement.

- ***City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.***, No. 5:12-cv-05162 (W.D. Ark.). Robbins Geller attorneys and lead plaintiff City of Pontiac General Employees' Retirement System achieved a $160 million settlement in a securities class action case arising from allegations published by *The New York Times* in an article released on April 21, 2012 describing an alleged bribery scheme that occurred in Mexico.  The case charged that Wal-Mart portrayed itself to investors as a model corporate citizen that had proactively uncovered potential corruption and promptly reported it to law enforcement, when in truth, a former in-house lawyer had blown the whistle on Wal-Mart's corruption years earlier, and Wal-Mart concealed the allegations from law enforcement by refusing its own in-house and outside counsel's calls for an independent investigation.  Robbins Geller "achieved an exceptional [s]ettlement with skill, perseverance, and diligent advocacy," said Judge Hickey when granting final approval.

- ***Bennett v. Sprint Nextel Corp.***, No. 2:09-cv-02122 (D. Kan.).  As co-lead counsel, Robbins Geller obtained a $131 million recovery for a class of Sprint investors.  The settlement, secured after five years of hard-fought litigation, resolved claims that former Sprint executives misled investors concerning the success of Sprint's ill-advised merger with Nextel and the deteriorating credit quality of Sprint's customer base, artificially inflating the value of Sprint's securities.

- ***In re LendingClub Sec. Litig.***, No. 3:16-cv-02627 (N.D. Cal.).  Robbins Geller attorneys obtained a $125 million settlement for the court-appointed lead plaintiff Water and Power Employees' Retirement, Disability and Death Plan of the City of Los Angeles and the class.  The settlement resolved allegations that LendingClub promised investors an opportunity to get in on the ground floor of a revolutionary lending market fueled by the highest standards of honesty and integrity. The settlement ranked among the top ten largest securities recoveries ever in the Northern District of California.

- ***Knurr v. Orbital ATK, Inc.***, No. 1:16-cv-01031 (E.D. Va.).  In the *Orbital* securities class action, Robbins Geller obtained court approval of a $108 million recovery for the class.  The Firm succeeded in overcoming two successive motions to dismiss the case, and during discovery were required to file ten motions to compel, all of which were either negotiated to a resolution or granted in large part, which resulted in the production of critical evidence in support of plaintiffs' claims.  Believed to be the fourth-largest securities class action settlement in the history of the Eastern District of Virginia, the settlement provides a recovery for investors that is more than ten times larger than the reported median recovery of estimated damages for all securities class action settlements in 2018.

- ***Hsu v. Puma Biotechnology***, No. SACV15-0865 (C.D. Cal.).  After a two-week jury trial, Robbins Geller attorneys won a complete plaintiffs' verdict against both defendants on both claims, with the jury finding that Puma Biotechnology, Inc. and its CEO, Alan H. Auerbach, committed securities fraud.  The Puma case is only the fifteenth securities class action case tried to a verdict since the Private Securities Litigation Reform Act was enacted in 1995.

- ***Marcus v. J.C. Penney Co., Inc.***, No. 13-cv-00736 (E.D. Tex.).  Robbins Geller attorneys obtained a $97.5 million recovery on behalf of J.C. Penney shareholders.  The result resolves claims that J.C. Penney and certain officers and directors made misstatements and/or omissions regarding the company's financial position that resulted in artificially inflated stock prices.  Specifically, defendants failed to disclose and/or misrepresented adverse facts, including that J.C. Penney

would have insufficient liquidity to get through year-end and would require additional funds to make it through the holiday season, and that the company was concealing its need for liquidity so as not to add to its vendors' concerns.

- *Monroe County Employees' Retirement System v. The Southern Company*, No. 1:17-cv-00241 (N.D. Ga.). As lead counsel, Robbins Geller obtained an $87.5 million settlement in a securities class action on behalf of plaintiffs Monroe County Employees' Retirement System and Roofers Local No. 149 Pension Fund. The settlement resolves claims for violations of the Securities Exchange Act of 1934 stemming from defendants' issuance of materially misleading statements and omissions regarding the status of construction of a first-of-its-kind "clean coal" power plant in Kemper County, Mississippi. Plaintiffs alleged that these misstatements caused The Southern Company's stock price to be artificially inflated during the class period. Prior to resolving the case, Robbins Geller uncovered critical documentary evidence and deposition testimony supporting plaintiffs' claims. In granting final approval of the settlement, the court praised Robbins Geller for its "hard-fought litigation in the Eleventh Circuit" and its "experience, reputation, and abilities of [its] attorneys," and highlighted that the firm is "well-regarded in the legal community, especially in litigating class-action securities cases

- *Chicago Laborers Pension Fund v. Alibaba Grp. Holding Ltd.*, No. CIV535692 (Cal. Super. Ct., San Mateo Cnty.). Robbins Geller attorneys and co-counsel obtained a $75 million settlement in the Alibaba Group Holding Limited securities class action, resolving investors' claims that Alibaba violated the Securities Act of 1933 in connection with its September 2014 initial public offering. Chicago Laborers Pension Fund served as a plaintiff in the action.

- *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-cv-05447 (N.D. Cal.). In the *Marvell* litigation, Robbins Geller attorneys represented the Plumbers and Pipefitters National Pension Fund and obtained a $72.5 million settlement. The case involved claims that Marvell reported revenue and earnings during the class period that were misleading as a result of undisclosed pull-in and concession sales. The settlement represents approximately 24% to 50% of the best estimate of classwide damages suffered by investors who purchased shares during the February 19, 2015 through December 7, 2015 class period.

- *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882 (M.D. Tenn.). In the *Psychiatric Solutions* case, Robbins Geller represented lead plaintiff and class representative Central States, Southeast and Southwest Areas Pension Fund in litigation spanning more than four years. Psychiatric Solutions and its top executives were accused of insufficiently staffing their in-patient hospitals, downplaying the significance of regulatory investigations and manipulating their malpractice reserves. Just days before trial was set to commence, attorneys from Robbins Geller achieved a $65 million settlement that was the fourth-largest securities recovery ever in the district and one of the largest in a decade.

- *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-07393 (N.D. Ohio). After 11 years of hard-fought litigation, Robbins Geller attorneys secured a $64 million recovery for shareholders in a case that accused the former heads of Dana Corp. of securities fraud for trumpeting the auto parts maker's condition while it actually spiraled toward bankruptcy. The Firm's Appellate Practice Group successfully appealed to the Sixth Circuit Court of Appeals twice, reversing the district court's dismissal of the action.

- *Villella v. Chemical and Mining Company of Chile Inc.*, No. 1:15-cv-02106 (S.D.N.Y.) Robbins Geller attorneys, serving as lead consel, obtained a $62.5 million settlement against Sociedad

Química y Minera de Chile S.A. ("SQM"), a Chilean mining company.  The case alleged that SQM violated the Securities Exchange Act of 1934 by issuing materially false and misleading statements regarding the company's failure to disclose that money from SQM was channeled illegally to electoral campaigns for Chilean politicians and political parties as far back as 2009.  SQM had also filed millions of dollars' worth of fictitious tax receipts with Chilean authorities in order to conceal bribery payments from at least 2009 through fiscal 2014.  Due to the company being based out of Chile and subject to Chilean law and rules, the Robbins Geller litigation team put together a multilingual litigation team with Chilean expertise.  Depositions are considered unlawful in the country of Chile, so Robbins Geller successfully moved the court to compel SQM to bring witnesses to the United States.

- *In re BHP Billiton Ltd. Sec. Litig.*, No. 1:16-cv-01445 (S.D.N.Y.).  As lead counsel, Robbins Geller obtained a $50 million class action settlement against BHP, a Australian-based mining company that was accused of failing to disclose significant safety problems at the Fundão iron-ore dam, in Brazil.  The Firm achieved this result for lead plaintiffs City of Birmingham Retirement and Relief System and City of Birmingham Firemen's and Policemen's Supplemental Pension System, on behalf of purchasers of the American Depositary Shares ("ADRs") of defendants BHP Billiton Limited and BHP Billiton Plc (together, "BHP") from September 25, 2014 to November 30, 2015.

- *In re St. Jude Med., Inc. Sec. Litig.*, No. 0:10-cv-00851 (D. Minn.).  After four and a half years of litigation and mere weeks before the jury selection, Robbins Geller obtained a $50 million settlement on behalf of investors in medical device company St. Jude Medical.  The settlement resolves accusations that St. Jude Medical misled investors by utilizing heavily discounted end-of-quarter bulk sales to meet quarterly expectations, which created a false picture of demand by increasing customer inventory due of St. Jude Medical devices.  The complaint alleged that the risk of St. Jude Medical's reliance on such bulk sales manifested when it failed to meet its forecast guidance for the third quarter of 2009, which the company had reaffirmed only weeks earlier.

- *Deka Investment GmbH v. Santander Consumer USA Holdings Inc.*, No. 3:15-cv-02129 (N.D. Tex.).  Robbins Geller and co-counsel secured a $47 million settlement in a securities class action against Santander Consumer USA Holdings Inc. ("SCUSA").  The case alleges that SCUSA, 2 of its officers, 10 of its directors, as well as 17 underwriters of its January 23, 2014 multi-billion dollar IPO violated §§11, 12(a)(2), and 15 of the Securities Act of 1933 as a result of their negligence in connection with misrepresentations in the prospectus and registration statement for the IPO ("Offering Documents").  The complaint also alleged that SCUSA and two of its officers violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 as a result of their fraud in issuing misleading statements in the IPO Offering Documents as well as in subsequent statements to investors.

- *Snap Inc. Securities Cases*, JCCP No. 4960 (Cal. Super. Ct., Los Angeles Cnty).  Robbins Geller, along with co-counsel, reached a settlement in the Snap, Inc. securities class action, providing for the payment of $32,812,500 to eligible settlement class members.  The securities class action sought remedies under §§11, 12(a)(2) and 15 of the Securities Act of 1933.  The case alleged that Snap, certain Snap officers and directors, and the underwriters for Snap's Initial Public Offering ("IPO") were liable for materially false and misleading statements and omissions in the Registration Statement for the IPO, related to trends and uncertainties in Snap's growth metrics, a potential patent-infringement action, and stated risk factors.

Robbins Geller's securities practice is also strengthened by the existence of a strong appellate department, whose collective work has established numerous legal precedents.  The securities practice also utilizes an

extensive group of in-house economic and damage analysts, investigators, and forensic accountants to aid in the prosecution of complex securities issues.

# PROMINENT CASES, PRECEDENT-SETTING DECISIONS, AND JUDICIAL COMMENDATIONS

## Prominent Cases

Over the years, Robbins Geller attorneys have obtained outstanding results in some of the most notorious and well-known cases, frequently earning judicial commendations for the quality of their representation.

- *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.).  Investors lost billions of dollars as a result of the massive fraud at Enron.  In appointing Robbins Geller lawyers as sole lead counsel to represent the interests of Enron investors, the court found that the Firm's zealous prosecution and level of "insight" set it apart from its peers.  Robbins Geller attorneys and lead plaintiff The Regents of the University of California aggressively pursued numerous defendants, including many of Wall Street's biggest banks, and successfully obtained settlements in excess of *$7.2 billion* for the benefit of investors.  *This is the largest securities class action recovery in history*.

    The court overseeing this action had utmost praise for Robbins Geller's efforts and stated that "[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."  *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008).

    The court further commented: "[I]n the face of extraordinary obstacles, the skills, expertise, commitment, and tenacity of [Robbins Geller] in this litigation cannot be overstated.  Not to be overlooked are the unparalleled results, . . . which demonstrate counsel's clearly superlative litigating and negotiating skills."  *Id.* at 789.

    The court stated that the Firm's attorneys "are to be commended for their zealousness, their diligence, their perseverance, their creativity, the enormous breadth and depth of their investigations and analysis, and their expertise in all areas of securities law on behalf of the proposed class."  *Id.*

    In addition, the court noted, "This Court considers [Robbins Geller] 'a lion' at the securities bar on the national level," noting that the Lead Plaintiff selected Robbins Geller because of the Firm's "outstanding reputation, experience, and success in securities litigation nationwide."  *Id.* at 790.

    The court further stated that "Lead Counsel's fearsome reputation and successful track record undoubtedly were substantial factors in . . . obtaining these recoveries."  *Id.*

    Finally, Judge Harmon stated: "As this Court has explained [this is] an extraordinary group of attorneys who achieved the largest settlement fund ever despite the great odds against them."  *Id.* at 828.

- *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill). As sole lead counsel, Robbins Geller obtained a record-breaking settlement of *$1.575 billion* after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  In 2015, the Seventh Circuit Court of Appeals upheld the jury's verdict that defendants made false or misleading statements of material fact about the company's business practices and financial results, but remanded the case for a new trial on the issue of whether the individual defendants "made" certain false statements, whether those false statements caused plaintiffs' losses, and the amount of

damages.  The parties reached an agreement to settle the case just hours before the retrial was scheduled to begin on June 6, 2016. ***The $1.575 billion settlement, approved in October 2016, is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit and the eighth-largest settlement ever in a post-PSLRA securities fraud case.*** According to published reports, the case was just the seventh securities fraud case tried to a verdict since the passage of the PSLRA.

In approving the settlement, the Honorable Jorge L. Alonso noted the team's "skill and determination" while recognizing that "Lead Counsel prosecuted the case vigorously and skillfully over 14 years against nine of the country's most prominent law firms" and "achieved an exceptionally significant recovery for the class."  The court added that the team faced "significant hurdles" and "uphill battles" throughout the case and recognized that "[c]lass counsel performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux."  The court succinctly concluded that the settlement was "a spectacular result for the class."  *Jaffe v. Household Int'l, Inc.*, No. 02-C-5892, 2016 U.S. Dist. LEXIS 156921, at *8 (N.D. Ill. Nov. 10, 2016); *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893, Transcript at 56, 65 (N.D. Ill. Oct. 20, 2016).

- ***In re Valeant Pharms. Int'l, Inc. Sec. Litig.***, No. 3:15-cv-07658 (D.N.J.).  As sole lead counsel, Robbins Geller attorneys obtained a $1.2 billion settlement in the securities case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations."  The settlement resolves claims that defendants made false and misleading statements regarding Valeant's business and financial performance during the class period, attributing Valeant's dramatic growth in revenues and profitability to "innovative new marketing approaches" as part of a business model that was low risk and "durable and sustainable." *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

- ***In re Am. Realty Cap. Props., Inc. Litig.***, No. 1:15-mc-00040 (S.D.N.Y.).  As sole lead counsel, Robbins Geller attorneys zealously litigated the case arising out of ARCP's manipulative accounting practices and obtained a $1.025 billion settlement.  For five years, the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and Securities Act of 1933, involving seven different stock or debt offerings and two mergers.  The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history.

  In approving the settlement, the Honorable Alvin K. Hellerstein lauded the Robbins Geller litigation team, noting: "My own observation is that plaintiffs' representation is adequate and that the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."

- ***In re UnitedHealth Grp. Inc. PSLRA Litig.***, No. 06-CV-1691 (D. Minn.).  In the *UnitedHealth* case, Robbins Geller represented the California Public Employees' Retirement System ("CalPERS") and demonstrated its willingness to vigorously advocate for its institutional clients, even under the most difficult circumstances.  For example, in 2006, the issue of high-level executives backdating stock options made national headlines.  During that time, many law firms, including Robbins Geller, brought shareholder derivative lawsuits against the companies' boards of directors for breaches of their fiduciary duties or for improperly granting backdated options.  Rather than pursuing a shareholder derivative case, the Firm filed a securities fraud class action against the company on behalf of CalPERS.  In doing so, Robbins Geller faced significant and unprecedented legal

obstacles with respect to loss causation, *i.e.*, that defendants' actions were responsible for causing the stock losses.  Despite these legal hurdles, Robbins Geller obtained an $895 million recovery on behalf of the UnitedHealth shareholders.  Shortly after reaching the $895 million settlement with UnitedHealth, the remaining corporate defendants, including former CEO William A. McGuire, also settled.  McGuire paid $30 million and returned stock options representing more than three million shares to the shareholders.  The total recovery for the class was over $925 million, the largest stock option backdating recovery ever, and ***a recovery that is more than four times larger than the next largest options backdating recovery***.  Moreover, Robbins Geller obtained unprecedented corporate governance reforms, including election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercise, and executive compensation reforms that tie pay to performance.

- ***Alaska Elec. Pension Fund v. CitiGroup, Inc. (In re WorldCom Sec. Litig.)***, No. 03 Civ. 8269 (S.D.N.Y.).  Robbins Geller attorneys represented more than 50 private and public institutions that opted out of the class action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998 to 2001.  The Firm's clients included major public institutions from across the country such as CalPERS, CalSTRS, the state pension funds of Maine, Illinois, New Mexico, and West Virginia, union pension funds, and private entities such as AIG and Northwestern Mutual.  Robbins Geller attorneys recovered more than $650 million for their clients, substantially more than they would have recovered as part of the class.

- ***Luther v. Countrywide Fin. Corp.***, No. 12-cv-05125 (C.D. Cal.).  Robbins Geller attorneys secured a $500 million settlement for institutional and individual investors in what is the largest RMBS purchaser class action settlement in history, and one of the largest class action securities settlements of all time.  The unprecedented settlement resolves claims against Countrywide and Wall Street banks that issued the securities.  The action was the first securities class action case filed against originators and Wall Street banks as a result of the credit crisis.  As co-lead counsel Robbins Geller forged through six years of hard-fought litigation, oftentimes litigating issues of first impression, in order to secure the landmark settlement for its clients and the class.

  In approving the settlement, Judge Mariana R. Pfaelzer repeatedly complimented plaintiffs' attorneys, noting that it was "beyond serious dispute that Class Counsel has vigorously prosecuted the Settlement Actions on both the state and federal level over the last six years." Judge Pfaelzer also commented that "[w]ithout a settlement, these cases would continue indefinitely, resulting in significant risks to recovery and continued litigation costs. It is difficult to understate the risks to recovery if litigation had continued."  *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302, 2013 U.S. Dist. LEXIS 179190, at *44, *56 (C.D. Cal. Dec. 5, 2013).

  Judge Pfaelzer further noted that the proposed $500 million settlement represents one of the "largest MBS class action settlements to date.  Indeed, this settlement easily surpasses the next largest . . . MBS settlement." *Id*. at *59.

- ***In re Wachovia Preferred Sec. & Bond/Notes Litig.***, No. 09-cv-06351 (S.D.N.Y.).  In litigation over bonds and preferred securities, issued by Wachovia between 2006 and 2008, Robbins Geller and co-counsel obtained a significant settlement with Wachovia successor Wells Fargo & Company ($590 million) and Wachovia auditor KPMG LLP ($37 million).  ***The total settlement – $627 million – is one of the largest credit-crisis settlements involving Securities Act claims and one of the 25 largest securities class action recoveries in history***.  The settlement is also one of the biggest securities class action recoveries arising from the credit crisis.

As alleged in the complaint, the offering materials for the bonds and preferred securities misstated and failed to disclose the true nature and quality of Wachovia's mortgage loan portfolio, which exposed the bank and misled investors to tens of billions of dollars in losses on mortgage-related assets. In reality, Wachovia employed high-risk underwriting standards and made loans to subprime borrowers, contrary to the offering materials and their statements of "pristine credit quality." Robbins Geller served as co-lead counsel representing the City of Livonia Employees' Retirement System, Hawaii Sheet Metal Workers Pension Fund, and the investor class.

- *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575 (S.D. Ohio). As sole lead counsel representing Cardinal Health shareholders, Robbins Geller obtained a recovery of $600 million for investors. On behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, and the California Ironworkers Field Trust Fund, the Firm aggressively pursued class claims and won numerous courtroom victories, including a favorable decision on defendants' motion to dismiss. *In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006). At the time, the $600 million settlement was the tenth-largest settlement in the history of securities fraud litigation and is the largest-ever recovery in a securities fraud action in the Sixth Circuit. Judge Marbley commented: "[T]his is an extraordinary settlement relative to all the other settlements in cases of this nature and certainly cases of this magnitude. . . . This was an outstanding settlement. . . . [I]n most instances, if you've gotten four cents on the dollar, you've done well. You've gotten twenty cents on the dollar, so that's been extraordinary. *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-CV-575, Transcript at 16, 32 (S.D. Ohio Oct. 19, 2007). Judge Marbley further stated:

  > The quality of representation in this case was superb. Lead Counsel, [Robbins Geller], are nationally recognized leaders in complex securities litigation class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action. Lead Counsel defeated a volley of motions to dismiss, thwarting well-formed challenges from prominent and capable attorneys from six different law firms.

  *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007).

- *AOL Time Warner Cases I & II*, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cnty.). Robbins Geller represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, several Australian public and private funds, insurance companies, and numerous additional institutional investors, both domestic and international, in state and federal court opt-out litigation stemming from Time Warner's disastrous 2001 merger with Internet high flier America Online. Robbins Geller attorneys exposed a massive and sophisticated accounting fraud involving America Online's e-commerce and advertising revenue. After almost four years of litigation involving extensive discovery, the Firm secured combined settlements for its opt-out clients totaling over $629 million just weeks before The Regents' case pending in California state court was scheduled to go to trial. The Regents' gross recovery of $246 million is the largest individual opt-out securities recovery in history.

- ***Abu Dhabi Commercial Bank v. Morgan Stanley & Co.***, No. 1:08-cv-07508-SAS-DCF (S.D.N.Y.), and ***King County, Washington v. IKB Deutsche Industriebank AG***, No. 1:09-cv-08387-SAS (S.D.N.Y.). The Firm represented multiple institutional investors in successfully pursuing recoveries from two failed structured investment vehicles, each of which had been rated "AAA" by Standard & Poors and Moody's, but which failed fantastically in 2007.  The matter settled just prior to trial in 2013.  This result was only made possible after Robbins Geller lawyers beat back the rating agencies' longtime argument that ratings were opinions protected by the First Amendment.

- ***In re HealthSouth Corp. Sec. Litig.***, No. CV-03-BE-1500-S (N.D. Ala.).  As court-appointed co-lead counsel, Robbins Geller attorneys obtained a combined recovery of $671 million from HealthSouth, its auditor Ernst & Young, and its investment banker, UBS, for the benefit of stockholder plaintiffs.   The settlement against HealthSouth represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the PSLRA.  Likewise, the settlement against Ernst & Young is one of the largest securities class action settlements entered into by an accounting firm since the passage of the PSLRA.  HealthSouth and its financial advisors perpetrated one of the largest and most pervasive frauds in the history of U.S. healthcare, prompting Congressional and law enforcement inquiry and resulting in guilty pleas of 16 former HealthSouth executives in related federal criminal prosecutions.  In March 2009, Judge Karon Bowdre commented in the *HealthSouth* class certification opinion: "The court has had many opportunities since November 2001 to examine the work of class counsel and the supervision by the Class Representatives.  The court finds both to be far more than adequate."  *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 275 (N.D. Ala. 2009).

- ***In re Facebook Biometric Info. Privacy Litig.,*** No. 3:15-cv-03747 (N.D. Cal.).  Robbins Geller served as co-lead class counsel in a cutting-edge certified class action, securing a record-breaking $650 million all-cash settlement, the largest privacy settlement in history.  The case concerned Facebook's alleged privacy violations through its collection of its users' biometric identifiers without informed consent through its "Tag Suggestions" feature, which uses proprietary facial recognition software to extract from user-uploaded photographs the unique biometric identifiers (*i.e.*, graphical representations of facial features, also known as facial geometry) associated with people's faces and identify who they are.  The Honorable James Donato called the settlement "a groundbreaking settlement in a novel area" and praised the unprecedented 22% claims rate as "pretty phenomenal" and "a pretty good day in class settlement history."

- ***In re Dynegy Inc. Sec. Litig.***, No. H-02-1571 (S.D. Tex.).  As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Robbins Geller attorneys obtained a combined settlement of $474 million from Dynegy, Citigroup, Inc., and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha.  Given Dynegy's limited ability to pay, Robbins Geller attorneys structured a settlement (reached shortly before the commencement of trial) that maximized plaintiffs' recovery without bankrupting the company.  Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Robbins Geller and The Regents believe will benefit all of Dynegy's stockholders.

- ***Jones v. Pfizer Inc.***, No. 1:10-cv-03864 (S.D.N.Y.).  Lead plaintiff Stichting Philips Pensioenfonds obtained a $400 million settlement on behalf of class members who purchased Pfizer common stock during the January 19, 2006 to January 23, 2009 class period.  The settlement against Pfizer resolves accusations that it misled investors about an alleged off-label drug marketing scheme.  As sole lead counsel, Robbins Geller attorneys helped achieve this exceptional result after five years of hard-fought litigation against the toughest and the brightest members of the securities defense bar by litigating this case all the way to trial.

In approving the settlement, United States District Judge Alvin K. Hellerstein commended the Firm, noting that "[w]ithout the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."

- *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.).  Robbins Geller attorneys served as lead counsel for a class of investors that purchased Qwest securities.  In July 2001, the Firm filed the initial complaint in this action on behalf of its clients, long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice.  After five years of litigation, lead plaintiffs entered into a settlement with Qwest and certain individual defendants that provided a $400 million recovery for the class and created a mechanism that allowed the vast majority of class members to share in an additional $250 million recovered by the SEC.  In 2008, Robbins Geller attorneys recovered an additional $45 million for the class in a settlement with defendants Joseph P. Nacchio and Robert S. Woodruff, the CEO and CFO, respectively, of Qwest during large portions of the class period.

- *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701 (S.D.N.Y.).  Robbins Geller attorneys served as lead counsel for a class of investors and obtained court approval of a $388 million recovery in nine 2007 residential mortgage-backed securities offerings issued by J.P. Morgan.  The settlement represents, on a percentage basis, the largest recovery ever achieved in an MBS purchaser class action.  The result was achieved after more than five years of hard-fought litigation and an extensive investigation.  In granting approval of the settlement, the court stated the following about Robbins Geller attorneys litigating the case: "[T]here is no question in my mind that this is a very good result for the class and that the plaintiffs' counsel fought the case very hard with extensive discovery, a lot of depositions, several rounds of briefing of various legal issues going all the way through class certification."

- *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555 (D. Ariz.).  As sole lead counsel, Robbins Geller obtained a $350 million settlement in *Smilovits v. First Solar, Inc*.  The settlement, which was reached after a long legal battle and on the day before jury selection, resolves claims that First Solar violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  The settlement is the fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

- *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783 (S.D.N.Y.).  As sole lead counsel, Robbins Geller obtained a $272 million settlement on behalf of Goldman Sachs' shareholders.  The settlement concludes one of the last remaining mortgage-backed securities purchaser class actions arising out of the global financial crisis.  The remarkable result was achieved following seven years of extensive litigation.  After the claims were dismissed in 2010, Robbins Geller secured a landmark victory from the Second Circuit Court of Appeals that clarified the scope of permissible class actions asserting claims under the Securities Act of 1933 on behalf of MBS investors.  Specifically, the Second Circuit's decision rejected the concept of "tranche" standing and concluded that a lead plaintiff in an MBS class action has class standing to pursue claims on behalf of purchasers of other securities that were issued from the same registration statement and backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities.

  In approving the settlement, the Honorable Loretta A. Preska of the Southern District of New York complimented Robbins Geller attorneys, noting:

  Counsel, thank you for your papers.  They were, by the way, extraordinary

papers in support of the settlement, and I will particularly note Professor Miller's declaration in which he details the procedural aspects of the case and then speaks of plaintiffs' counsel's success in the Second Circuit essentially changing the law.

I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute.

*        *        *

Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, Transcript at 10-11 (S.D.N.Y. May 2, 2016).

- *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.). As sole lead counsel, Robbins Geller obtained a groundbreaking $215 million settlement for former HCA Holdings, Inc. shareholders – the largest securities class action recovery ever in Tennessee. Reached shortly before trial was scheduled to commence, the settlement resolves claims that the Registration Statement and Prospectus HCA filed in connection with the company's massive $4.3 billion 2011 IPO contained material misstatements and omissions. The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action. At the hearing on final approval of the settlement, the Honorable Kevin H. Sharp described Robbins Geller attorneys as "gladiators" and commented: "Looking at the benefit obtained, the effort that you had to put into it, [and] the complexity in this case . . . I appreciate the work that you all have done on this." *Schuh v. HCA Holdings, Inc.*, No. 3:11-CV-01033, Transcript at 12-13 (M.D. Tenn. Apr. 11, 2016).

- *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (N.D. Ill.). The Firm served as lead counsel on behalf of a class of investors in Motorola, ultimately recovering $200 million for investors just two months before the case was set for trial. This outstanding result was obtained despite the lack of an SEC investigation or any financial restatement. In May 2012, the Honorable Amy J. St. Eve of the Northern District of Illinois commented: "The representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2012 U.S. Dist. LEXIS 63477, at *11 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013).

  In affirming the district court's award of attorneys' fees, the Seventh Circuit noted that "no other law firm was willing to serve as lead counsel. Lack of competition not only implies a higher fee but also suggests that most members of the securities bar saw this litigation as too risky for their practices." *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013).

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.). Robbins Geller attorneys served as lead counsel for a class of investors that purchased AT&T common stock. The case charged defendants AT&T and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, one of the largest IPOs in American history. After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million. In granting approval of the settlement, the court stated the following about the Robbins Geller attorneys handling the case:

> Lead Counsel are highly skilled attorneys with great experience in prosecuting complex securities action[s], and their professionalism and diligence displayed during [this] litigation substantiates this characterization.  The Court notes that Lead Counsel displayed excellent lawyering skills through their consistent preparedness during court proceedings, arguments and the trial, and their well-written and thoroughly researched submissions to the Court.  Undoubtedly, the attentive and persistent effort of Lead Counsel was integral in achieving the excellent result for the Class.

*In re AT&T Corp. Sec. Litig.*, MDL No. 1399, 2005 U.S. Dist. LEXIS 46144, at *28-*29 (D.N.J. Apr. 25, 2005), *aff'd*, 455 F.3d 160 (3d Cir. 2006).

- ***In re Dollar Gen. Corp. Sec. Litig.***, No. 01-CV-00388 (M.D. Tenn.).  Robbins Geller attorneys served as lead counsel in this case in which the Firm recovered $172.5 million for investors.  The *Dollar General* settlement was the largest shareholder class action recovery ever in Tennessee.

- ***Carpenters Health & Welfare Fund v. Coca-Cola Co.***, No. 00-CV-2838 (N.D. Ga.).  As co-lead counsel representing Coca-Cola shareholders, Robbins Geller attorneys obtained a recovery of $137.5 million after nearly eight years of litigation.  Robbins Geller attorneys traveled to three continents to uncover the evidence that ultimately resulted in the settlement of this hard-fought litigation.  The case concerned Coca-Cola's shipping of excess concentrate at the end of financial reporting periods for the sole purpose of meeting analyst earnings expectations, as well as the company's failure to properly account for certain impaired foreign bottling assets.

- ***Schwartz v. TXU Corp.***, No. 02-CV-2243 (N.D. Tex.).  As co-lead counsel, Robbins Geller attorneys obtained a recovery of over $149 million for a class of purchasers of TXU securities.  The recovery compensated class members for damages they incurred as a result of their purchases of TXU securities at inflated prices.  Defendants had inflated the price of these securities by concealing the fact that TXU's operating earnings were declining due to a deteriorating gas pipeline and the failure of the company's European operations.

- *In re Doral Fin. Corp. Sec. Litig.*, 05 MDL No. 1706 (S.D.N.Y.).  In July 2007, the Honorable Richard Owen of the Southern District of New York approved the $129 million settlement, finding in his order:

> The services provided by Lead Counsel [Robbins Geller] were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation.  Such efficiency and effectiveness supports the requested fee percentage.
>
> Cases brought under the federal securities laws are notably difficult and notoriously uncertain. . . .  Despite the novelty and difficulty of the issues raised, Lead Plaintiffs' counsel secured an excellent result for the Class.
>
> . . . Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Lead Plaintiff's counsel were able to negotiate a very favorable result for the Class. . . .  The ability of [Robbins Geller] to obtain such a favorable partial settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation . . . .

  *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706, Order at 4-5 (S.D.N.Y. July 17, 2007).

- *In re Exxon Valdez*, No. A89 095 Civ. (D. Alaska), and *In re Exxon Valdez Oil Spill Litig.*, No. 3 AN 89 2533 (Alaska Super. Ct., 3d Jud. Dist.).  Robbins Geller attorneys served on the Plaintiffs' Coordinating Committee and Plaintiffs' Law Committee in this massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989.  The jury awarded hundreds of millions in compensatory damages, as well as $5 billion in punitive damages (the latter were later reduced by the U.S. Supreme Court to $507 million).

- *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 (Cal. Super. Ct., San Francisco Cnty.).  In this case, R.J. Reynolds admitted that "the *Mangini* action, and the way that it was vigorously litigated, was an early, significant and unique driver of the overall legal and social controversy regarding underage smoking that led to the decision to phase out the Joe Camel Campaign."

- *Does I v. The Gap, Inc.*, No. 01 0031 (D. N. Mar. I.).  In this groundbreaking case, Robbins Geller attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target, and J.C. Penney.  In the first action of its kind, Robbins Geller attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act, and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan.  This case was a companion to two other actions: *Does I v. Advance Textile Corp.*, No. 99 0002 (D. N. Mar. I.), which alleged overtime violations by the garment factories under the Fair Labor Standards Act and local labor law, and *UNITE v. The Gap, Inc.*, No. 300474 (Cal. Super. Ct., San Francisco Cty.), which alleged violations of California's Unfair Practices Law by the U.S. retailers.  These actions resulted in a settlement of approximately $20 million that included a comprehensive monitoring program to address past violations by the factories and prevent future ones.  The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts in bringing about the precedent-setting settlement of the actions.

- *Hall v. NCAA (Restricted Earnings Coach Antitrust Litigation)*, No. 94-2392 (D. Kan.).  Robbins

Geller attorneys were lead counsel and lead trial counsel for one of three classes of coaches in these consolidated price-fixing actions against the National Collegiate Athletic Association. On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $70 million.

- ***In re Prison Realty Sec. Litig.***, No. 3:99-0452 (M.D. Tenn.). Robbins Geller attorneys served as lead counsel for the class, obtaining a $105 million recovery.

- ***In re Honeywell Int'l, Inc. Sec. Litig.***, No. 00-cv-03605 (D.N.J.). Robbins Geller attorneys served as lead counsel for a class of investors that purchased Honeywell common stock. The case charged Honeywell and its top officers with violations of the federal securities laws, alleging the defendants made false public statements concerning Honeywell's merger with Allied Signal, Inc. and that defendants falsified Honeywell's financial statements. After extensive discovery, Robbins Geller attorneys obtained a $100 million settlement for the class.

- ***Schwartz v. Visa Int'l***, No. 822404-4 (Cal. Super. Ct., Alameda Cnty.). After years of litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer protection verdicts ever awarded in the United States. Robbins Geller attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing and concealing a fee from their cardholders. The court ordered Visa and MasterCard to return $800 million in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the court ordered full disclosure of the hidden fee.

- ***Thompson v. Metro. Life Ins. Co.***, No. 00-cv-5071 (S.D.N.Y.). Robbins Geller attorneys served as lead counsel and obtained $145 million for the class in a settlement involving racial discrimination claims in the sale of life insurance.

- ***In re Prudential Ins. Co. of Am. Sales Pracs. Litig.***, MDL No. 1061 (D.N.J.). In one of the first cases of its kind, Robbins Geller attorneys obtained a settlement of $4 billion for deceptive sales practices in connection with the sale of life insurance involving the "vanishing premium" sales scheme.

## Precedent-Setting Decisions

- ***Stoyas v. Toshiba Corp.***, 896 F.3d 933 (9th Cir. 2018), *cert. denied*, 588 U.S. __ (2019). In July 2018, the Ninth Circuit ruled in plaintiffs' favor in the *Toshiba* securities class action. Following appellate briefing and oral argument by Robbins Geller attorneys, a three-judge Ninth Circuit panel reversed the district court's prior dismissal in a unanimous, 36-page opinion, holding that Toshiba ADRs are a "security" and the Securities Exchange Act of 1934 could apply to those ADRs that were purchased in a domestic transaction. *Id.* at 939, 949. The court adopted the Second and Third Circuits' "irrevocable liability" test for determining whether the transactions were domestic and held that plaintiffs must be allowed to amend their complaint to allege that the purchase of Toshiba ADRs on the over-the-counter market was a domestic purchase and that the alleged fraud was in connection with the purchase.

- ***Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund***, No. 15-1439 (U.S.). In March 2018, the U.S. Supreme Court ruled in favor of investors represented by Robbins Geller, holding that state courts continue to have jurisdiction over class actions asserting violations of the Securities Act of 1933. The court's ruling secures investors' ability to bring Securities Act actions when companies fail to make full and fair disclosure of relevant information in offering documents. The court confirmed that the Securities Litigation Uniform Standards Act of 1998 was designed to preclude securities class actions asserting violations of state law – not to preclude securities actions asserting federal law violations brought in state courts.

- *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018), *cert. denied*, 588 U.S. __ (2019).  In January 2018, the Ninth Circuit upheld the district court's denial of defendants' motion for summary judgment, agreeing with plaintiffs that the test for loss causation in the Ninth Circuit is a general "proximate cause test," and rejecting the more stringent revelation of the fraudulent practices standard advocated by the defendants.  The opinion is a significant victory for investors, as it forecloses defendants' ability to immunize themselves from liability simply by refusing to publicly acknowledge their fraudulent conduct.

- *In re Quality Sys., Inc. Sec. Litig.*, No. 15-55173 (9th Cir.).  In July 2017, Robbins Geller's Appellate Practice Group scored a significant win in the Ninth Circuit in the *Quality Systems* securities class action.  On appeal, a three-judge Ninth Circuit panel unanimously reversed the district court's prior dismissal of the action against Quality Systems and remanded the case to the district court for further proceedings.  The decision addressed an issue of first impression concerning "mixed" future and present-tense misstatements.  The appellate panel explained that "non-forward-looking portions of mixed statements are not eligible for the safe harbor provisions of the PSLRA . . . . Defendants made a number of mixed statements that included projections of growth in revenue and earnings based on the state of QSI's sales pipeline."  The panel then held *both* the non-forward-looking and forward-looking statements false and misleading and made with scienter, deeming them actionable.  Later, although defendants sought rehearing by the Ninth Circuit sitting *en banc*, the circuit court denied their petition.

- *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, No. CV-10-J-2847-S (N.D. Ala.).  In the *Regions Financial* securities class action, Robbins Geller represented Local 703, I.B. of T. Grocery and Food Employees Welfare Fund and obtained a $90 million settlement in September 2015 on behalf of purchasers of Regions Financial common stock during the class period.  In August 2014, the Eleventh Circuit Court of Appeals affirmed the district court's decision to certify a class action based upon alleged misrepresentations about Regions Financial's financial health before and during the recent economic recession, and in November 2014, the U.S. District Court for the Northern District of Alabama denied defendants' third attempt to avoid plaintiffs' motion for class certification.

- *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, No. 13-435 (U.S.).  In March 2015, the U.S. Supreme Court ruled in favor of investors represented by Robbins Geller that investors asserting a claim under §11 of the Securities Act of 1933 with respect to a misleading statement of opinion do not, as defendant Omnicare had contended, have to prove that the statement was subjectively disbelieved when made.  Rather, the court held that a statement of opinion may be actionable either because it was not believed, or because it lacked a reasonable basis in fact.  This decision is significant in that it resolved a conflict among the federal circuit courts and expressly overruled the Second Circuit's widely followed, more stringent pleading standard for §11 claims involving statements of opinion.  The Supreme Court remanded the case back to the district court for determination under the newly articulated standard.  In August of 2016, upon remand, the district court applied the Supreme Court's new test and denied defendants' motion to dismiss in full.

- *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012).  In a securities fraud action involving mortgage-backed securities, the Second Circuit rejected the concept of "tranche" standing and found that a lead plaintiff has class standing to pursue claims on behalf of purchasers of securities that were backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities.  The court noted that, given those common lenders, the lead plaintiff's claims as to its purchases implicated "the same set of concerns" that purchasers in several of the other offerings possessed.  The court also rejected the notion that the lead plaintiff lacked standing to represent investors in different tranches.

- *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694 (9th Cir. 2012).  The panel reversed in part and affirmed in part the dismissal of investors' securities fraud class action alleging violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and SEC Rule 10b-5 in connection with a restatement of financial results of the company in which the investors had purchased stock.

  The panel held that the third amended complaint adequately pleaded the §10(b), §20A, and Rule 10b-5 claims.  Considering the allegations of scienter holistically, as the U.S. Supreme Court directed in *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S 27, 48-49 (2011), the panel concluded that the inference that the defendant company and its chief executive officer and former chief financial officer were deliberately reckless as to the truth of their financial reports and related public statements following a merger was at least as compelling as any opposing inference.

- *Fox v. JAMDAT Mobile, Inc.*, 185 Cal. App. 4th 1068 (2010).  Concluding that Delaware's shareholder ratification doctrine did not bar the claims, the California Court of Appeal reversed dismissal of a shareholder class action alleging breach of fiduciary duty in a corporate merger.

- *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774 (3d Cir. 2009).  The Third Circuit flatly rejected defense contentions that where relief is sought under §11 of the Securities Act of 1933, which imposes liability when securities are issued pursuant to an incomplete or misleading registration statement, class certification should depend upon findings concerning market efficiency and loss causation.

- *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S 27 (2011), *aff'g* 585 F.3d 1167 (9th Cir. 2009).  In a securities fraud action involving the defendants' failure to disclose a possible link between the company's popular cold remedy and a life-altering side effect observed in some users, the U.S. Supreme Court unanimously affirmed the Ninth Circuit's (a) rejection of a bright-line "statistical significance" materiality standard, and (b) holding that plaintiffs had successfully pleaded a strong inference of the defendants' scienter.

- *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009).  Aided by former U.S. Supreme Court Justice O'Connor's presence on the panel, the Fifth Circuit reversed a district court order denying class certification and also reversed an order granting summary judgment to defendants.  The court held that the district court applied an incorrect fact-for-fact standard of loss causation, and that genuine issues of fact on loss causation precluded summary judgment.

- *In re F5 Networks, Inc., Derivative Litig.*, 207 P.3d 433 (Wash. 2009).  In a derivative action alleging unlawful stock option backdating, the Supreme Court of Washington ruled that shareholders need not make a pre-suit demand on the board of directors where this step would be futile, agreeing with plaintiffs that favorable Delaware case law should be followed as persuasive authority.

- *Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009).  In a rare win for investors in the Fifth Circuit, the court reversed an order of dismissal, holding that safe harbor warnings were not meaningful when the facts alleged established a strong inference that defendants knew their forecasts were false.  The court also held that plaintiffs sufficiently alleged loss causation.

- *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242 (3d Cir. 2009).  In a victory for investors in the Third Circuit, the court reversed an order of dismissal, holding that shareholders pled with particularity why the company's repeated denials of price discounts on products were false and misleading when the totality of facts alleged established a strong inference that defendants knew their denials were false.

- *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342 (3d Cir. 2009). The Third Circuit held that claims filed for violation of §10(b) of the Securities Exchange Act of 1934 were timely, adopting investors' argument that because scienter is a critical element of the claims, the time for filing them cannot begin to run until the defendants' fraudulent state of mind should be apparent.

- *Rael v. Page*, 222 P.3d 678 (N.M. Ct. App. 2009). In this shareholder class and derivative action, Robbins Geller attorneys obtained an appellate decision reversing the trial court's dismissal of the complaint alleging serious director misconduct in connection with the merger of SunCal Companies and Westland Development Co., Inc., a New Mexico company with large and historic landholdings and other assets in the Albuquerque area. The appellate court held that plaintiff's claims for breach of fiduciary duty were direct, not derivative, because they constituted an attack on the validity or fairness of the merger and the conduct of the directors. Although New Mexico law had not addressed this question directly, at the urging of the Firm's attorneys, the court relied on Delaware law for guidance, rejecting the "special injury" test for determining the direct versus derivative inquiry and instead applying more recent Delaware case law.

- *Lane v. Page*, No. 06-cv-1071 (D.N.M. 2012). In May 2012, while granting final approval of the settlement in the federal component of the Westland cases, Judge Browning in the District of New Mexico commented:

  > Class Counsel are highly skilled and specialized attorneys who use their substantial experience and expertise to prosecute complex securities class actions. In possibly one of the best known and most prominent recent securities cases, Robbins Geller served as sole lead counsel – *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.). *See* Report at 3. The Court has previously noted that the class would "receive high caliber legal representation" from class counsel, and throughout the course of the litigation the Court has been impressed with the quality of representation on each side. *Lane v. Page*, 250 F.R.D. at 647.

  *Lane v. Page*, 862 F. Supp. 2d 1182, 1253-54 (D.N.M. 2012).

  In addition, Judge Browning stated: "'Few plaintiffs' law firms could have devoted the kind of time, skill, and financial resources over a five-year period necessary to achieve the pre- and post-Merger benefits obtained for the class here.' . . . [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class." *Id*. at 1254.

- *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008). In a case of first impression, the Ninth Circuit held that the Securities Act of 1933's specific non-removal features had not been trumped by the general removal provisions of the Class Action Fairness Act of 2005.

- *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008). The Ninth Circuit upheld defrauded investors' loss causation theory as plausible, ruling that a limited temporal gap between the time defendants' misrepresentation was publicly revealed and the subsequent decline in stock value was reasonable where the public had not immediately understood the impact of defendants' fraud.

- *In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007). The Second Circuit held that the filing of a class action complaint tolls the limitations period for all members of the class, including those who choose to opt out of the class action and file their own individual actions without waiting to see whether the district court certifies a class – reversing the decision below and effectively overruling multiple district court rulings that *American Pipe* tolling did not apply under these circumstances.

- *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393 (3d Cir. 2007). In a shareholder derivative suit appeal, the Third Circuit held that the general rule that discovery may not be used to supplement demand-futility allegations does not apply where the defendants enter a voluntary stipulation to produce materials relevant to demand futility without providing for any limitation as to their use. In April 2007, the Honorable D. Brooks Smith praised Robbins Geller partner Joe Daley's efforts in this litigation:

> Thank you very much Mr. Daley and a thank you to all counsel. As Judge Cowen mentioned, this was an exquisitely well-briefed case; it was also an extremely well-argued case, and we thank counsel for their respective jobs here in the matter, which we will take under advisement. Thank you.

  *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 06-2911, Transcript at 35:37-36:00 (3d Cir. Apr. 12, 2007).

- *Alaska Elec. Pension Fund v. Brown*, 941 A.2d 1011 (Del. 2007). The Supreme Court of Delaware held that the Alaska Electrical Pension Fund, for purposes of the "corporate benefit" attorney-fee doctrine, was presumed to have caused a substantial increase in the tender offer price paid in a "going private" buyout transaction. The Court of Chancery originally ruled that Alaska's counsel, Robbins Geller, was not entitled to an award of attorney fees, but Delaware's high court, in its published opinion, reversed and remanded for further proceedings.

- *Crandon Cap. Partners v. Shelk*, 157 P.3d 176 (Or. 2007). Oregon's Supreme Court ruled that a shareholder plaintiff in a derivative action may still seek attorney fees even if the defendants took actions to moot the underlying claims. The Firm's attorneys convinced Oregon's highest court to take the case, and reverse, despite the contrary position articulated by both the trial court and the Oregon Court of Appeals.

- *In re Qwest Commc'ns Int'l*, 450 F.3d 1179 (10th Cir. 2006). In a case of first impression, the Tenth Circuit held that a corporation's deliberate release of purportedly privileged materials to governmental agencies was not a "selective waiver" of the privileges such that the corporation could refuse to produce the same materials to non-governmental plaintiffs in private securities fraud litigation.

- *In re Guidant S'holders Derivative Litig.*, 841 N.E.2d 571 (Ind. 2006). Answering a certified question from a federal court, the Supreme Court of Indiana unanimously held that a pre-suit demand in a derivative action is excused if the demand would be a futile gesture. The court adopted a "demand futility" standard and rejected defendants' call for a "universal demand" standard that might have immediately ended the case.

- *Denver Area Meat Cutters v. Clayton*, 209 S.W.3d 584 (Tenn. Ct. App. 2006). The Tennessee Court of Appeals rejected an objector's challenge to a class action settlement arising out of Warren Buffet's 2003 acquisition of Tennessee-based Clayton Homes. In their effort to secure relief for Clayton Homes stockholders, the Firm's attorneys obtained a temporary injunction of the Buffet acquisition for six weeks in 2003 while the matter was litigated in the courts. The temporary halt to Buffet's acquisition received national press attention.

- *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935 (10th Cir. 2005). The Tenth Circuit held that the multi-faceted notice of a $50 million settlement in a securities fraud class action had been the best notice practicable under the circumstances, and thus satisfied both constitutional due process and Rule 23 of the Federal Rules of Civil Procedure.

- *In re Daou Sys.*, 411 F.3d 1006 (9th Cir. 2005).  The Ninth Circuit sustained investors' allegations of accounting fraud and ruled that loss causation was adequately alleged by pleading that the value of the stock they purchased declined when the issuer's true financial condition was revealed.

- *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249 (5th Cir.), *reh'g denied and opinion modified*, 409 F.3d 653 (5th Cir. 2005).  The Fifth Circuit upheld investors' accounting-fraud claims, holding that fraud is pled as to both defendants when one knowingly utters a false statement and the other knowingly fails to correct it, even if the complaint does not specify who spoke and who listened.

- *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005).  The Sixth Circuit held that a statement regarding objective data supposedly supporting a corporation's belief that its tires were safe was actionable where jurors could have found a reasonable basis to believe the corporation was aware of undisclosed facts seriously undermining the statement's accuracy.

- *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844 (7th Cir. 2004).  The Seventh Circuit upheld a district court's decision that the Illinois Municipal Retirement Fund was entitled to litigate its claims under the Securities Act of 1933 against WorldCom's underwriters before a state court rather than before the federal forum sought by the defendants.

- *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226 (9th Cir. 2004).  The Ninth Circuit ruled that defendants' fraudulent intent could be inferred from allegations concerning their false representations, insider stock sales and improper accounting methods.

- *Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353 (5th Cir. 2004).  The Fifth Circuit sustained allegations that an issuer's CEO made fraudulent statements in connection with a contract announcement.

- *Smith v. Am. Family Mut. Ins. Co.*, 289 S.W.3d 675 (Mo. Ct. App. 2009).  Capping nearly a decade of hotly contested litigation, the Missouri Court of Appeals reversed the trial court's judgment notwithstanding the verdict for auto insurer American Family and reinstated a unanimous jury verdict for the plaintiff class.

- *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305 (2009).  The California Court of Appeal held that Farmers Insurance's practice of levying a "service charge" on one-month auto insurance policies, without specifying the charge in the policy, violated California's Insurance Code.

- *Lebrilla v. Farmers Grp., Inc.*, 119 Cal. App. 4th 1070 (2004).  Reversing the trial court, the California Court of Appeal ordered class certification of a suit against Farmers, one of the largest automobile insurers in California, and ruled that Farmers' standard automobile policy requires it to provide parts that are as good as those made by vehicle's manufacturer.  The case involved Farmers' practice of using inferior imitation parts when repairing insureds' vehicles.

- *In re Monumental Life Ins. Co.*, 365 F.3d 408, 416 (5th Cir. 2004).  The Fifth Circuit Court of Appeals reversed a district court's denial of class certification in a case filed by African-Americans seeking to remedy racially discriminatory insurance practices.  The Fifth Circuit held that a monetary relief claim is viable in a Rule 23(b)(2) class if it flows directly from liability to the class as a whole and is capable of classwide "'computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances.'"

- *Dent v. National Football League*, No. 15-15143 (9th Cir.).  In September 2018, the United States Court of Appeals for the Ninth Circuit issued an important decision reversing the district court's previous dismissal of the *Dent v. National Football League* litigation, concluding that the complaint brought by NFL Hall of Famer Richard Dent and others should not be dismissed on labor-law preemption grounds.  The case was remanded to the district court for further proceedings.

- *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011).  In a leading decision interpreting the scope of Proposition 64's new standing requirements under California's Unfair Competition Law (UCL), the California Supreme Court held that consumers alleging that a manufacturer has misrepresented its product have "lost money or property" within the meaning of the initiative, and thus have standing to sue under the UCL, if they "can truthfully allege that they were deceived by a product's label into spending money to purchase the product, and would not have purchased it otherwise." *Id*. at 317.  *Kwikset* involved allegations, proven at trial, that defendants violated California's "Made in the U.S.A." statute by representing on their labels that their products were "Made in U.S.A." or "All-American Made" when, in fact, the products were substantially made with foreign parts and labor.

- *Safeco Ins. Co. of Am. v. Superior Court*, 173 Cal. App. 4th 814 (2009).  In a class action against auto insurer Safeco, the California Court of Appeal agreed that the plaintiff should have access to discovery to identify a new class representative after her standing to sue was challenged.

- *Consumer Privacy Cases*, 175 Cal. App. 4th 545 (2009).  The California Court of Appeal rejected objections to a nationwide class action settlement benefiting Bank of America customers.

- *Koponen v. Pac. Gas & Elec. Co.*, 165 Cal. App. 4th 345 (2008).  The Firm's attorneys obtained a published decision reversing the trial court's dismissal of the action, and holding that the plaintiff's claims for damages arising from the utility's unauthorized use of rights-of-way or easements obtained from the plaintiff and other landowners were not barred by a statute limiting the authority of California courts to review or correct decisions of the California Public Utilities Commission.

- *Sanford v. MemberWorks, Inc.*, 483 F.3d 956 (9th Cir. 2007).  In a telemarketing-fraud case, where the plaintiff consumer insisted she had never entered the contractual arrangement that defendants said bound her to arbitrate individual claims to the exclusion of pursuing class claims, the Ninth Circuit reversed an order compelling arbitration – allowing the plaintiff to litigate on behalf of a class.

- *Ritt v. Billy Blanks Enters.*, 870 N.E.2d 212 (Ohio Ct. App. 2007).  In the Ohio analog to the *West* case, the Ohio Court of Appeals approved certification of a class of Ohio residents seeking relief under Ohio's consumer protection laws for the same telemarketing fraud.

- *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n*, 148 P.3d 1179 (Haw. 2006).  The Supreme Court of Hawaii ruled that claims of unfair competition were not subject to arbitration and that claims of tortious interference with prospective economic advantage were adequately alleged.

- *Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235 (2006).  Robbins Geller attorneys were part of a team of lawyers that briefed this case before the Supreme Court of California.  The court issued a unanimous decision holding that new plaintiffs may be substituted, if necessary, to preserve actions pending when Proposition 64 was passed by California voters in 2004.  Proposition 64 amended California's Unfair Competition Law and was aggressively cited by defense lawyers in an effort to dismiss cases after the initiative was adopted.

- *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457 (2006). The California Court of Appeal reversed the trial court, holding that plaintiff's theories attacking a variety of allegedly inflated mortgage-related fees were actionable.

- *West Corp. v. Superior Court*, 116 Cal. App. 4th 1167 (2004). The California Court of Appeal upheld the trial court's finding that jurisdiction in California was appropriate over the out-of-state corporate defendant whose telemarketing was aimed at California residents. Exercise of jurisdiction was found to be in keeping with considerations of fair play and substantial justice.

- *Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49 (2d Cir. 2004), and *Santiago v. GMAC Mortg. Grp., Inc.*, 417 F.3d 384 (3d Cir. 2005). In two groundbreaking federal appellate decisions, the Second and Third Circuits each ruled that the Real Estate Settlement Practices Act prohibits marking up home loan-related fees and charges.

## Additional Judicial Commendations

Robbins Geller attorneys have been praised by countless judges all over the country for the quality of their representation in class-action lawsuits. In addition to the judicial commendations set forth in the Prominent Cases and Precedent-Setting Decisions sections, judges have acknowledged the successful results of the Firm and its attorneys with the following plaudits:

- On October 5, 2022, at the final approval hearing of the settlement, the Honorable Paul A. Fioravanti, Jr. stated: "The settlement achieved here is, in short, impressive. . . . This litigation was hard fought. The issues were complex. . . . Plaintiffs' lead counsel here are among the most highly respected practitioners in this Court with a reputation for exacting substantial awards for the classes that they represent. . . . Again, the benefit was outstanding. . . . Counsel, this was an interesting case. I know you worked really hard on it. Fantastic result. The fee was well deserved." *City of Warren Gen. Emps.' Ret. Sys. v. Roche*, No. 2019-0740-PAF, Transcript at 26-29 (Del. Ch. Oct. 5, 2022).

- On February 4, 2021, in granting final approval of the settlement, the Honorable Mark H. Cohen of the United States District Court for the Northern District of Georgia stated: "Lead Counsel successfully achieved a greater-than-average settlement 'in the face of significant risks.'" Robbins Geller's "hard-fought litigation in the Eleventh Circuit" and "[i]n considering the experience, reputation, and abilities of the attorneys, the Court recognize[d] that Lead Counsel is well-regarded in the legal community, especially in litigating class-action securities cases." *Monroe County Employees' Retirement System v. The Southern Company*, No. 1:17-cv-00241, Order at 8-9 (N.D. Ga. Feb. 4, 2021).

- On December 18, 2020, at the final approval hearing of the settlement, the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California commended Robbins Geller, stating: "Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence." *In re RH S'holder Derivative Litig.*, No. 4:18-cv-02452-YGR, Order and Final Judgment at 3 (N.D. Cal. Dec. 18, 2020).

- On October 23, 2020, at the final approval hearing of the settlement, the Honorable P. Kevin Castel of the United States District Court for the Southern District of New York praised the firm, "[Robbins Geller] has been sophisticated and experienced." He also noted that: "[ T]he quality of the representation . . . was excellent. The experience of counsel is also a factor. Robbins Geller

certainly has the extensive experience and they were litigating against national powerhouses . . . ." *City of Birmingham Ret. & Relief Sys. v. BRF S.A.*, No. 18 Civ. 2213 (PKC), Transcript at 12-13, 18 (S.D.N.Y. Oct. 23, 2020).

- In May 2020, in granting final approval of the settlement, the Honorable Mark L. Wolf praised Robbins Geller: "[T]he class has been represented by excellent honorable counsel . . . . [T]he fund was represented by experienced, energetic, able counsel, the fund was engaged and informed, and the fund followed advice of experienced counsel. Counsel for the class have been excellent, and I would say honorable." Additionally, Judge Wolf noted, "I find that the work that's been done primarily by Robbins Geller has been excellent and honorable and efficient. . . . [T]his has been a challenging case, and they've done an excellent job." *McGee v. Constant Contact, Inc.*, No. 1:15-cv-13114-MLW, Transcript at 21, 31, 61 (D. Mass. May 27, 2020).

- In December 2019, the Honorable Margo K. Brodie noted in granting final approval of the settlement that "[Robbins Geller and co-counsel] have also demonstrated the utmost professionalism despite the demands of the extreme perseverance that this case has required, litigating on behalf of a class of over 12 million for over fourteen years, across a changing legal landscape, significant motion practice, and appeal and remand. Class counsel's pedigree and efforts alone speak to the quality of their representation." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 1:05-md-01720-MKB-JO, Memorandum & Order (E.D.N.Y. Dec. 16, 2019).

- In October 2019, the Honorable Claire C. Cecchi noted that Robbins Geller is "capable of adequately representing the class, both based on their prior experience in class action lawsuits and based on their capable advocacy on behalf of the class in this action." The court further commended the Firm and co-counsel for "conduct[ing] the [l]itigation . . . with skill, perseverance, and diligent advocacy." *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's, London Members*, No. 2:08-cv-00235-CCC-JAD, Order at 4 (D.N.J. Oct. 3, 2019); *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's, London Members of Syndicates*, No. 2:08-cv-00235-CCC-JAD, Order Awarding Attorneys' Fees and Expenses/Charges and Service Awards at 3 (D.N.J. Oct. 3, 2019).

- In June 2019, the Honorable T.S. Ellis, III noted that Robbins Geller "achieved the [$108 million] [s]ettlement with skill, perseverance, and diligent advocacy." At the final approval hearing, the court further commended Robbins Geller by stating, "I think the case was fully and appropriately litigated [and] you all did a very good job. . . . [T]hank you for your service in the court. . . . [You're] first-class lawyers . . . ." *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031, Order Awarding Attorneys' Fees and Expenses at 3 (E.D. Va. June 7, 2019); *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031, Transcript at 28-29 (E.D. Va. June 7, 2019).

- In June 2019, in granting final approval of the settlement, the Honorable John A. Houston stated: Robbins Geller's "skill and quality of work was extraordinary . . . . I'll note from the top that this has been an aggressively litigated action." *In re Morning Song Bird Food Litig.*, No. 3:12-cv-01592-JAH-AGS, Transcript at 4, 9 (S.D. Cal. June 3, 2019).

- In May 2019, in granting final approval of the settlement, the Honorable Richard H. DuBois stated: Robbins Geller is "highly experienced and skilled" for obtaining a "fair, reasonable, and adequate" settlement in the "interest of the [c]lass [m]embers" after "extensive investigation." *Chicago Laborers Pension Fund v. Alibaba Grp. Holding Ltd.*, No. CIV535692, Judgment and Order Granting Final Approval of Class Action Settlement at 3 (Cal. Super. Ct., San Mateo Cnty. May 17, 2019).

- In April 2019, the Honorable Kathaleen St. J. McCormick noted: "[S]ince the inception of this litigation, plaintiffs and their counsel have vigorously prosecuted the claims brought on behalf of the class. . . . When Vice Chancellor Laster appointed lead counsel, he effectively said: Go get a good result. And counsel took that to heart and did it. . . . The proposed settlement was the product of intense litigation and complex mediation. . . . [Robbins Geller has] only built a considerable track record, never burned it, which gave them the credibility necessary to extract the benefits achieved." *In re Calamos Asset Mgmt., Inc. S'holder Litig.*, No. 2017-0058-JTL, Transcript at 87, 93, 95, 98 (Del. Ch. Apr. 25, 2019).

- In April 2019, the Honorable Susan O. Hickey noted that Robbins Geller "achieved an exceptional [s]ettlement with skill, perseverance, and diligent advocacy." *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-5162, Order Awarding Attorneys' Fees and Expenses at 3 (W.D. Ark. Apr. 8, 2019).

- In January 2019, the Honorable Margo K. Brodie noted that Robbins Geller "has arduously represented a variety of plaintiffs' groups in this action[,] . . . [has] extensive antitrust class action litigation experience . . . [and] negotiated what [may be] the largest antitrust settlement in history." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 34 (E.D.N.Y. 2019).

- On December 20, 2018, at the final approval hearing for the settlement, the court lauded Robbins Geller's attorneys and their work: "[T]his is a pretty extraordinary settlement, recovery on behalf of the members of the class. . . . I've been very impressed with the level of lawyering in the case . . . and with the level of briefing . . . and I wanted to express my appreciation for that and for the work that everyone has done here."  The court concluded, "your clients were all blessed to have you, [and] not just because of the outcome."  *Duncan v. Joy Global, Inc.*, No. 16-CV-1229, Transcript at 12, 20-21 (E.D. Wis. Dec. 20, 2018).

- In October 2017, the Honorable William Alsup noted that Robbins Geller and lead plaintiff "vigorously prosecuted this action." *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, Order at 13 (N.D. Cal. Oct. 20, 2017).

- On November 9, 2018, in granting final approval of the settlement, the Honorable Jesse M. Furman commented: "[Robbins Geller] did an extraordinary job here. . . . [I]t is fair to say [this was] probably the most complicated case I have had since I have been on the bench. . . . I cannot really imagine how complicated it would have been if I didn't have counsel who had done as admirable [a] job in briefing it and arguing as you have done.  You have in my view done an extraordinary service to the class. . . . I think you have done an extraordinary job and deserve thanks and commendation for that." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 1:14-cv-07126-JMF-OTW, Transcript at 27-28 (S.D.N.Y. Nov. 9, 2018).

- On September 12, 2018, at the final approval hearing of the settlement, the Honorable William H. Orrick of the Northern District of California praised Robbins Geller's "high-quality lawyering" in a case that "involved complicated discovery and complicated and novel legal issues," resulting in an "excellent" settlement for the class. The "lawyering . . . was excellent" and the case was "very well litigated." *In re Lidoderm Antitrust Litig.*, No. 14-MDL-02521-WHO, Transcript at 11, 14, 22 (N.D. Cal. Sept. 12, 2018).

- On March 31, 2017, in granting final approval of the settlement, the Honorable Gonzalo P. Curiel hailed the settlement as "extraordinary" and "all the more exceptional when viewed in light of the

risk" of continued litigation.  The court further commended Robbins Geller for prosecuting the case on a *pro bono* basis: "Class Counsel's exceptional decision to provide nearly seven years of legal services to Class Members on a *pro bono* basis evidences not only a lack of collusion, but also that Class Counsel are in fact representing the best interests of Plaintiffs and the Class Members in this Settlement.  Instead of seeking compensation for fees and costs that they would otherwise be entitled to, Class Counsel have acted to allow maximum recovery to Plaintiffs and Class Members.  Indeed, that Eligible Class Members may receive recovery of 90% or greater is a testament to Class Counsel's representation and dedication to act in their clients' best interest."  In addition, at the final approval hearing, the court commented that "this is a case that has been litigated – if not fiercely, zealously throughout."  *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1302, 1312 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018); *Low v. Trump University LLC and Donald J. Trump*, No. 10-cv-0940 GPC-WVG, and *Cohen v. Donald J. Trump*, No. 13-cv-2519-GPC-WVG, Transcript at 7 (S.D. Cal. Mar. 30, 2017).

- In January 2017, at the final approval hearing, the Honorable Kevin H. Sharp of the Middle District of Tennessee commended Robbins Geller attorneys, stating: "It was complicated, it was drawn out, and a lot of work clearly went into this [case] . . . .  I think there is some benefit to the shareholders that are above and beyond money, a benefit to the company above and beyond money that changed hands." *In re Community Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489, Transcript at 10 (M.D. Tenn. Jan. 17, 2017).

- In November 2016, at the final approval hearing, the Honorable James G. Carr stated: "I kept throwing the case out, and you kept coming back. . . . And it's both remarkable and noteworthy and a credit to you and your firm that you did so. . . . [Y]ou persuaded the Sixth Circuit.  As we know, that's no mean feat at all."  Judge Carr further complimented the Firm, noting that it "goes without question or even saying" that Robbins Geller is very well-known nationally and that the settlement is an excellent result for the class.  He succinctly concluded that "given the tenacity and the time and the effort that [Robbins Geller] lawyers put into [the case]" makes the class "a lot better off." *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-07393-JGC, Transcript at 4, 10, 14, 17 (N.D. Ohio Nov. 18, 2016).

- In September 2016, in granting final approval of the settlement, Judge Arleo commended the "vigorous and skilled efforts" of Robbins Geller attorneys for obtaining "an excellent recovery." Judge Arleo added that the settlement was reached after "contentious, hard-fought litigation" that ended with "a very, very good result for the class" in a "risky case." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275-MCA-LDW, Transcript of Hearing at 18-20 (D.N.J. Sept. 28, 2016).

- In August 2015, at the final approval hearing for the settlement, the Honorable Karen M. Humphreys praised Robbins Geller's "extraordinary efforts" and "excellent lawyering," noting that the settlement "really does signal that the best is yet to come for your clients and for your prodigious labor as professionals. . . .  I wish more citizens in our country could have an appreciation of what this [settlement] truly represents." *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, Transcript at 8, 25 (D. Kan. Aug. 12, 2015).

- In August 2015, the Honorable Judge Max O. Cogburn, Jr. noted that "plaintiffs' attorneys were able [to] achieve the big success early" in the case and obtained an "excellent result."  The "extraordinary" settlement was because of "good lawyers . . . doing their good work." *Nieman v. Duke Energy Corp.*, No. 3:12-cv-456, Transcript at 21, 23, 30 (W.D.N.C. Aug. 12, 2015).

- In July 2015, in approving the settlement, the Honorable Douglas L. Rayes of the District of Arizona stated: "Settlement of the case during pendency of appeal for more than an insignificant amount is rare. The settlement here is substantial and provides favorable recovery for the settlement class under these circumstances." He continued, noting, "[a]s against the objective measures of . . . settlements [in] other similar cases, [the recovery] is on the high end." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-cv-02674-DLR, Transcript at 8, 11 (D. Ariz. July 28, 2015).

- In June 2015, at the conclusion of the hearing for final approval of the settlement, the Honorable Susan Richard Nelson of the District of Minnesota noted that it was "a pleasure to be able to preside over a case like this," praising Robbins Geller in achieving "an outstanding [result] for [its] clients," as she was "very impressed with the work done on th[e] case." *In re St. Jude Med., Inc. Sec. Litig.*, No. 0:10-cv-00851-SRN-TNL, Transcript at 7 (D. Minn. June 12, 2015).

- In May 2015, at the fairness hearing on the settlement, the Honorable William G. Young noted that the case was "very well litigated" by Robbins Geller attorneys, adding that "I don't just say that as a matter of form. . . . I thank you for the vigorous litigation that I've been permitted to be a part of." *Courtney v. Avid Tech., Inc.*, No. 1:13-cv-10686-WGY, Transcript at 8-9 (D. Mass. May 12, 2015).

- In January 2015, the Honorable William J. Haynes, Jr. of the Middle District of Tennessee described the settlement as a "highly favorable result achieved for the Class" through Robbins Geller's "diligent prosecution . . . [and] quality of legal services." The settlement represents the fourth-largest securities recovery ever in the Middle District of Tennessee and one of the largest in more than a decade. *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2015 U.S. Dist. LEXIS 181943, at *6-*7 (M.D. Tenn. Jan. 16, 2015).

- In September 2014, in approving the settlement for shareholders, Vice Chancellor John W. Noble noted "[t]he litigation caused a substantial benefit for the class. It is unusual to see a $29 million recovery." Vice Chancellor Noble characterized the litigation as "novel" and "not easy," but "[t]he lawyers took a case and made something of it." The court commended Robbins Geller's efforts in obtaining this result: "The standing and ability of counsel cannot be questioned" and "the benefits achieved by plaintiffs' counsel in this case cannot be ignored." *In re Gardner Denver, Inc. S'holder Litig.*, No. 8505-VCN, Transcript at 26-28 (Del. Ch. Sept. 3, 2014).

- In May 2014, at the conclusion of the hearing for final approval of the settlement, the Honorable Elihu M. Berle stated: "I would finally like to congratulate counsel on their efforts to resolve this case, on excellent work – it was the best interest of the class – and to the exhibition of professionalism. So I do thank you for all your efforts." *Liberty Mutual Overtime Cases*, No. JCCP 4234, Transcript at 20:1-5 (Cal. Super. Ct., Los Angeles Cnty. May 29, 2014).

- In March 2014, Ninth Circuit Judge J. Clifford Wallace (presiding) expressed the gratitude of the court: "Thank you. I want to especially thank counsel for this argument. This is a very complicated case and I think we were assisted no matter how we come out by competent counsel coming well prepared. . . . It was a model of the type of an exercise that we appreciate. Thank you very much for your work . . . you were of service to the court." *Eclectic Properties East, LLC v. The Marcus & Millichap Co.*, No. 12-16526, Transcript (9th Cir. Mar. 14, 2014).

- In February 2014, in approving a settlement, Judge Edward M. Chen noted the "very substantial risks" in the case and recognized Robbins Geller had performed "extensive work on the case." *In*

*re VeriFone Holdings, Inc. Sec. Litig.*, No. C-07-6140, 2014 U.S. Dist. LEXIS 20044, at *5, *11-*12 (N.D. Cal. Feb. 18, 2014).

- In August 2013, in granting final approval of the settlement, the Honorable Richard J. Sullivan stated: "Lead Counsel is to be commended for this result: it expended considerable effort and resources over the course of the action researching, investigating, and prosecuting the claims, at significant risk to itself, and in a skillful and efficient manner, to achieve an outstanding recovery for class members.  Indeed, the result – and the class's embrace of it – is a testament to the experience and tenacity Lead Counsel brought to bear." *City of Livonia Emps. Ret. Sys. v. Wyeth*, No. 07 Civ. 10329, 2013 U.S. Dist. LEXIS 113658, at *13 (S.D.N.Y. Aug. 7, 2013).

- In July 2013, in granting final approval of the settlement, the Honorable William H. Alsup stated that Robbins Geller did "excellent work in this case," and continued, "I look forward to seeing you on the next case." *Fraser v. Asus Comput. Int'l*, No. C 12-0652, Transcript at 12:2-3 (N.D. Cal. July 11, 2013).

- In June 2013, in certifying the class, U.S. District Judge James G. Carr recognized Robbins Geller's steadfast commitment to the class, noting that "plaintiffs, with the help of Robbins Geller, have twice successfully appealed this court's orders granting defendants' motion to dismiss." *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 292 F.R.D. 515, 524 (N.D. Ohio 2013).

- In November 2012, in granting appointment of lead plaintiff, Chief Judge James F. Holderman commended Robbins Geller for its "substantial experience in securities class action litigation" and commented that the Firm "is recognized as 'one of the most successful law firms in securities class actions, if not the preeminent one, in the country.'  *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.)."  He continued further that, "'Robbins Geller attorneys are responsible for obtaining the largest securities fraud class action recovery ever [$**7.2** billion in *Enron*], as well as the largest recoveries in the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits.'"  *Bristol Cnty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441, at *21 (N.D. Ill. Nov. 9, 2012).

- In June 2012, in granting plaintiffs' motion for class certification, the Honorable Inge Prytz Johnson noted that other courts have referred to Robbins Geller as "'one of the most successful law firms in securities class actions . . . in the country.'" *Local 703, I.B. v. Regions Fin. Corp.*, 282 F.R.D. 607, 616 (N.D. Ala. 2012) (quoting *In re Enron Corp. Sec. Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008)), *aff'd in part and vacated in part on other grounds*, 762 F.3d 1248 (11th Cir. 2014).

- In June 2012, in granting final approval of the settlement, the Honorable Barbara S. Jones commented that "class counsel's representation, from the work that I saw, appeared to me to be of the highest quality." *In re CIT Grp. Inc. Sec. Litig.*, No. 08 Civ. 6613, Transcript at 9:16-18 (S.D.N.Y. June 13, 2012).

- In March 2012, in granting certification for the class, Judge Robert W. Sweet referenced the *Enron* case, agreeing that Robbins Geller's "'clearly superlative litigating and negotiating skills'" give the Firm an "'outstanding reputation, experience, and success in securities litigation nationwide,'" thus, "'[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country.'" *Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 158 (S.D.N.Y. 2012).

- In March 2011, in denying defendants' motion to dismiss, Judge Richard Sullivan commented:

"Let me thank you all. . . .  [The motion] was well argued . . . and . . . well briefed . . . .  I certainly appreciate having good lawyers who put the time in to be prepared . . . ." *Anegada Master Fund Ltd. v. PxRE Grp. Ltd.*, No. 08-cv-10584, Transcript at 83 (S.D.N.Y. Mar. 16, 2011).

- In January 2011, the court praised Robbins Geller attorneys: "They have gotten very good results for stockholders. . . .  [Robbins Geller has] such a good track record." *In re Compellent Techs., Inc. S'holder Litig.*, No. 6084-VCL, Transcript at 20-21 (Del. Ch. Jan. 13, 2011).

- In August 2010, in reviewing the settlement papers submitted by the Firm, Judge Carlos Murguia stated that Robbins Geller performed "a commendable job of addressing the relevant issues with great detail and in a comprehensive manner . . . .  The court respects the [Firm's] experience in the field of derivative [litigation]." *Alaska Elec. Pension Fund v. Olofson*, No. 08-cv-02344-CM-JPO (D. Kan.) (Aug. 20, 2010 e-mail from court re: settlement papers).

- In June 2009, Judge Ira Warshawsky praised the Firm's efforts in *In re Aeroflex, Inc. S'holder Litig.*: "There is no doubt that the law firms involved in this matter represented in my opinion the cream of the crop of class action business law and mergers and acquisition litigators, and from a judicial point of view it was a pleasure working with them." *In re Aeroflex, Inc. S'holder Litig.*, No. 003943/07, Transcript at 25:14-18 (N.Y. Sup. Ct., Nassau Cnty. June 30, 2009).

- In March 2009, in granting class certification, the Honorable Robert Sweet of the Southern District of New York commented in *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 74 (S.D.N.Y. 2009): "As to the second prong, the Specialist Firms have not challenged, in this motion, the qualifications, experience, or ability of counsel for Lead Plaintiff, [Robbins Geller], to conduct this litigation. Given [Robbins Geller's] substantial experience in securities class action litigation and the extensive discovery already conducted in this case, this element of adequacy has also been satisfied."

- In June 2008, the court commented, "Plaintiffs' lead counsel in this litigation, [Robbins Geller], has demonstrated its considerable expertise in shareholder litigation, diligently advocating the rights of Home Depot shareholders in this Litigation.  [Robbins Geller] has acted with substantial skill and professionalism in representing the plaintiffs and the interests of Home Depot and its shareholders in prosecuting this case." *City of Pontiac Gen. Emps.' Ret. Sys. v. Langone*, No. 2006-122302, Findings of Fact in Support of Order and Final Judgment at 2 (Ga. Super. Ct., Fulton Cnty. June 10, 2008).

- In a December 2006 hearing on the $50 million consumer privacy class action settlement in *Kehoe v. Fidelity Fed. Bank & Tr.*, No. 03-80593-CIV (S.D. Fla.), United States District Court Judge Daniel T.K. Hurley said the following:

> First, I thank counsel.  As I said repeatedly on both sides, we have been very, very fortunate.  We have had fine lawyers on both sides.  The issues in the case are significant issues.  We are talking about issues dealing with consumer protection and privacy.  Something that is increasingly important today in our society. . . .  I want you to know I thought long and hard about this.  I am absolutely satisfied that the settlement is a fair and reasonable settlement. . . .  I thank the lawyers on both sides for the extraordinary effort that has been brought to bear here . . . .

*Kehoe v. Fidelity Fed. Bank & Tr.*, No. 03-80593-CIV, Transcript at 26, 28-29 (S.D. Fla. Dec. 7, 2006).

- In *Stanley v. Safeskin Corp.*, No. 99 CV 454 (S.D. Cal.), where Robbins Geller attorneys obtained $55 million for the class of investors, Judge Moskowitz stated:

  > I said this once before, and I'll say it again. I thought the way that your firm handled this case was outstanding. This was not an easy case. It was a complicated case, and every step of the way, I thought they did a very professional job.

  *Stanley v. Safeskin Corp.*, No. 99 CV 454, Transcript at 13 (S.D. Cal. May 25, 2004).

# ATTORNEY BIOGRAPHIES

## Mario Alba Jr.  |  Partner

Mario Alba is a partner in the Firm's Melville office.  He is a member of the Firm's Institutional Outreach Team, which provides advice to the Firm's institutional clients, including numerous public pension systems and Taft-Hartley funds throughout the United States, and consults with them on issues relating to corporate fraud in the U.S. securities markets, as well as corporate governance issues and shareholder litigation.  Some of Alba's institutional clients are currently involved in securities cases involving: Acadia Healthcare Company, Inc.; Reckitt Benckiser Group plc; Livent Corporation; Ryanair Holdings plc; Southwest Airlines Co.; Green Dot Corporation; and XPO Logistics, Inc.  Alba's institutional clients are/were also involved in other types of class actions, namely: *In re National Prescription Opiate Litigation*, *In re Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation* ($345 million partial settlement achieved a few months prior to trial; additional $264 million settlement pending approval), *Forth v. Walgreen Co.*, and *In re Humira (Adalimumab) Antitrust Litigation*.

Alba has served as lead counsel in numerous cases and is responsible for initiating, investigating, researching, and filing securities and consumer fraud class actions.  He has recovered hundreds of millions of dollars in numerous actions, including cases against BHP Billiton Limited ($50 million recovery), BRF S.A. ($40 million recovery), L3 Technologies, Inc. ($34.5 million recovery), Impax Laboratories Inc. ($33 million recovery); Super Micro Computer, Inc. ($18.25 million recovery); NBTY, Inc. ($16 million recovery), OSI Pharmaceuticals ($9 million recovery), Advisory Board Company ($7.5 million recovery), Iconix Brand Group, Inc. ($6 million recovery), and PXRe Group, Ltd. ($5.9 million).

Alba has lectured at numerous institutional investor conferences throughout the United States on various shareholder issues, including at the Opal Public Funds Summit, Koried Plan Sponsor Educational Institute, Georgia Association of Public Pension Trustees (GAPPT) Annual Conference, Illinois Public Pension Fund Association, the New York State Teamsters Conference, the American Alliance Conference, and the TEXPERS/IPPFA Joint Conference at the New York Stock Exchange, among others.

## Education
B.S., St. John's University, 1999; J.D., Hofstra University School of Law, 2002

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2022; Rising Star, *Super Lawyers Magazine*, 2012-2013, 2016-2017; B.S., Dean's List, St. John's University, 1999; Selected as participant in Hofstra Moot Court Seminar, Hofstra University School of Law

# Michael Albert | Partner

Michael Albert is a partner in the Firm's San Diego office, where his practice focuses on complex securities litigation. Albert is a member of the Firm's Lead Plaintiff Advisory Team, which advises institutional investors in connection with lead plaintiff motions, and assists them in securing appointment as lead plaintiff. He is also part of the Firm's SPAC Task Force, which is dedicated to rooting out and prosecuting fraud on behalf of injured investors in special purpose acquisition companies.

Albert has been a member of litigation teams that have successfully recovered hundreds of millions of dollars for investors in securities class actions, including: *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* ($272 million recovery), *City of Pontiac General Employees' Retirement Systems v. Wal-Mart Stores, Inc.* ($160 million recovery), and *In re LendingClub Securities Litigation* ($125 million recovery). Albert was also a member of the litigation team that recently obtained a $85 million cash settlement in a consumer class action against Scotts Miracle-Gro.

## Education
B.A., University of Wisconsin-Madison, 2010; J.D., University of Virginia School of Law, 2014

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2020-2021; Managing Board Member, *Virginia Tax Review*, University of Virginia School of Law

# Matthew I. Alpert | Partner

Matthew Alpert is a partner in the Firm's San Diego office and focuses on the prosecution of securities fraud litigation.  He has helped recover over $800 million for individual and institutional investors financially harmed by corporate fraud.  Alpert's current cases include securities fraud cases against Under Armour (D. Md.), FirstCash (N.D. Tex.), Mylan N.V. (S.D.N.Y.), and Southwest Airlines (N.D. Tex.).  Most recently, Alpert and a team of Robbins Geller attorneys obtained a $1.21 billion settlement in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.* (D.N.J.), a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations."  This is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.  Alpert was also a member of the litigation team that successfully obtained class certification in a securities fraud class action against Regions Financial, a class certification decision which was substantively affirmed by the United States Court of Appeals for the Eleventh Circuit in *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248 (11th Cir. 2014).  Upon remand, the United States District Court for the Northern District of Alabama granted class certification again, rejecting defendants' post-*Halliburton II* arguments concerning stock price impact.

Some of Alpert's previous cases include: the individual opt-out actions of the AOL Time Warner class action – *Regents of the Univ. of Cal. v. Parsons* (Cal. Super. Ct., Los Angeles Cnty.) and *Ohio Pub. Emps. Ret. Sys. v. Parsons* (Ohio. Ct. of Common Pleas, Franklin Cnty.) (total settlement over $600 million); *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.* (N.D. Ala.) ($90 million settlement); *In re MGM Mirage Sec. Litig.* (D. Nev.) ($75 million); *In re CIT Grp. Inc. Sec. Litig.* (S.D.N.Y.) ($75 million settlement); *Luna v. Marvell Tech. Grp., Ltd.* (N.D. Cal.) ($72.5 million settlement); *Deka Investment GmbH v. Santander Consumer USA Holdings Inc.* (N.D. Tex.) ($47 million settlement); *In re Bridgestone Sec. Litig.* (M.D. Tenn.) ($30 million settlement); *In re Walter Energy, Inc. Sec. Litig.* (N.D. Ala.) ($25 million); *City of Hialeah Emps.' Ret. Sys. & Laborers Pension Trust Fund for N. Cal. v. Toll Brothers, Inc.* (E.D. Pa.) ($25 million settlement); *In re Molycorp, Inc. Sec. Litig.* (D. Colo.) ($20.5 million settlement); *In re Banc of California Sec. Litig.* (C.D. Cal.) ( $19.75 million); *Zimmerman v. Diplomat Pharmacy, Inc.* (E.D. Mich.) ($14.1 million); *Batwin v. Occam Networks, Inc.* (C.D. Cal.) ($13.9 million settlement); *Int'l Brotherhood of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech.* (D. Nev.) ($12.5 million settlement); *Kmiec v. Powerwave Techs. Inc.* (C.D. Cal.) ($8.2 million); *In re Sunterra Corp. Sec. Litig.* (D. Nev.) ($8 million settlement); and *Luman v. Anderson* (W.D. Mo.) ($4.25 million settlement).

## Education
B.A., University of Wisconsin at Madison, 2001; J.D., Washington University, St. Louis, 2005

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2015-2019

# Darryl J. Alvarado | Partner

Darryl Alvarado is a partner in the Firm's San Diego office. He focuses his practice on securities fraud and other complex civil litigation. Alvarado was a member of the trial team in *Smilovits v. First Solar, Inc.*, which recovered $350 million for aggrieved investors. The *First Solar* settlement, reached on the eve of trial after more than seven years of litigation and an interlocutory appeal to the U.S. Supreme Court, is the fifth-largest PSLRA recovery ever obtained in the Ninth Circuit. Alvarado recently litigated *Monroe County Employees' Retirement System v. The Southern Company*, which recovered $87.5 million for investors after more than three years of litigation. The settlement resolved securities fraud claims stemming from defendants' issuance of misleading statements and omissions regarding the construction of a first-of-its-kind "clean coal" power plant in Kemper County, Mississippi. Alvarado helped secure $388 million for investors in J.P. Morgan residential mortgage-backed securities in *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.* That settlement is, on a percentage basis, the largest recovery ever achieved in an RMBS class action. He was also a member of a team of attorneys that secured $95 million for investors in Morgan Stanley-issued RMBS in *In re Morgan Stanley Mortgage Pass-Through Certificates Litigation*.

Alvarado was a member of a team of lawyers that obtained landmark settlements, on the eve of trial, from the major credit rating agencies and Morgan Stanley arising out of the fraudulent ratings of bonds issued by the Cheyne and Rhinebridge structured investment vehicles in *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Incorporated* and *King County, Washington v. IKB Deutsche Industriebank AG*. He was integral in obtaining several precedent-setting decisions in those cases, including defeating the rating agencies' historic First Amendment defense and defeating the ratings agencies' motions for summary judgment concerning the actionability of credit ratings. Alvarado was also a member of a team of attorneys responsible for obtaining for aggrieved investors $27 million in *In re Cooper Companies Securities Litigation*, $19.5 million in *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corporation*, and comprehensive corporate governance reforms to address widespread off-label marketing and product safety violations in *In re Johnson & Johnson Derivative Litigation*.

## Education

B.A., University of California, Santa Barbara, 2004; J.D., University of San Diego School of Law, 2007

## Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2023; 40 & Under Hot List, *Benchmark Litigation*, 2018-2021; Top 40 Under 40, *Daily Journal*, 2021; Rising Star, *Super Lawyers Magazine*, 2015-2021; "Outstanding Young Attorneys," *San Diego Daily Transcript*, 2011

# X. Jay Alvarez | Partner

Jay Alvarez is a partner in the Firm's San Diego office. He focuses his practice on securities fraud litigation and other complex litigation. Alvarez's notable cases include *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.* ($400 million recovery), *In re Coca-Cola Sec. Litig.* ($137.5 million settlement), *In re St. Jude Medical, Inc. Sec. Litig.* ($50 million settlement), and *In re Cooper Cos. Sec. Litig.* ($27 million recovery). Most recently, Alvarez was a member of the litigation team that secured a historic recovery on behalf of Trump University students in two class actions against President Donald J. Trump. The settlement provides $25 million to approximately 7,000 consumers. This result means individual class members are eligible for upwards of $35,000 in restitution. He represented the class on a *pro bono* basis.

Prior to joining the Firm, Alvarez served as an Assistant United States Attorney for the Southern District of California from 1991-2003. As an Assistant United States Attorney, he obtained extensive trial experience, including the prosecution of bank fraud, money laundering, and complex narcotics conspiracy cases. During his tenure as an Assistant United States Attorney, Alvarez also briefed and argued numerous appeals before the Ninth Circuit Court of Appeals.

## Education

B.A., University of California, Berkeley, 1984; J.D., University of California, Berkeley, Boalt Hall School of Law, 1987

## Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2020

## Dory P. Antullis | Partner

Dory Antullis is a partner in the Firm's Boca Raton office and has been practicing law for 17 years, first at a major defense firm and the last 9-1/2 at Robbins Geller.  Her practice focuses on complex class actions, including consumer fraud, RICO, public nuisance, data breach, pharmaceuticals, and antitrust litigation.

Antullis, along with other Robbins Geller attorneys, is currently leading the effort on behalf of cities and counties around the country in *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804 (N.D. Ohio).  She also serves as a primary counsel for named plaintiffs in the consolidated Third Party Payer class action in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), and is as a core member of the MDL Class Committee responsible for drafting, defending, and proving products liability, RICO, and consumer protection allegations on behalf of both TPPs and consumers nationwide.

Antullis has been an integral part of Robbins Geller's history of successful privacy and data breach class action cases.  She is currently serving as Interim Co-Lead Class Counsel in *In re Luxottica of America, Inc. Data Breach Litig.*, No. 1:20-cv-00908-MRB (S.D. Ohio).  Her heavy lifting at every stage of the litigation in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 5:16-md-02752-LHK (N.D. Cal.), helped to secure a $117.5 million recovery in the largest data breach in history.  Antullis successfully defeated two rounds of dispositive briefing, worked with leadership and computer privacy and damages experts to plan a winning strategy for the case, and drafted an innovative motion for class certification that immediately preceded a successful mediation with defendants in that litigation.  Antullis also provided meaningful "nuts-and-bolts" support in other data breach class actions, including *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-MCA-MAH (D.N.J.) (representing class of LabCorp customers), and *In re Solara Med. Supplies Customer Data Breach Litig.*, No. 3:19-cv-02284-H-KSC (S.D. Cal.) (representing victims of a protected health information data breach).

## Education
B.A., Rice University, 1999; J.D., Columbia Law School, 2003

## Honors / Awards
Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2023; National Merit Scholar, Rice University; Golden Key National Honor Society, Rice University; Nominated for *The Rice Undergraduate* academic journal, Rice University; Michael I. Sovern Scholar, Columbia Law School; Hague Appeal for Peace, Committee for a Just and Effective Response to 9/11, Columbia Law School; Columbia Mediation and Political Asylum Clinics, Columbia Law School; Harlem Tutorial Program, Columbia Law School; Journal of Eastern European Law, Columbia Law School; Columbia Law Women's Association, Columbia Law School

# Stephen R. Astley | Partner

Stephen Astley is a partner in the Firm's Boca Raton office. Astley devotes his practice to representing institutional and individual shareholders in their pursuit to recover investment losses caused by fraud. He has been lead counsel in numerous securities fraud class actions across the country, helping secure significant recoveries for his clients and investors. He was on the trial team that recovered $60 million on behalf of investors in *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.* Other notable representations include: *In re ADT Inc. S'holder Litig.* (Fla. Cir. Ct., 15th Jud. Cir.) ($30 million settlement); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.) ($20 million settlement); *Eshe Fund v. Fifth Third Bancorp* (S.D. Ohio) ($16 million); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.* (M.D. Fla.) ($14 million); and *In re Synovus Fin. Corp.* (N.D. Ga.) ($11.75 million).

Prior to joining the Firm, Astley was with the Miami office of Hunton & Williams, where he concentrated his practice on class action defense, including securities class actions and white collar criminal defense. Additionally, he represented numerous corporate clients accused of engaging in unfair and deceptive practices. Astley was also an active duty member of the United States Navy's Judge Advocate General's Corps where he was the Senior Defense Counsel for the Naval Legal Service Office Pearl Harbor Detachment. In that capacity, Astley oversaw trial operations for the Detachment and gained substantial first-chair trial experience as the lead defense counsel in over 75 courts-martial and administrative proceedings. Additionally, from 2002-2003, Astley clerked for the Honorable Peter T. Fay, U.S. Court of Appeals for the Eleventh Circuit.

## Education

B.S., Florida State University, 1992; M. Acc., University of Hawaii at Manoa, 2001; J.D., University of Miami School of Law, 1997

## Honors / Awards

J.D., *Cum Laude*, University of Miami School of Law, 1997; United States Navy Judge Advocate General's Corps., Lieutenant

# A. Rick Atwood, Jr. | Partner

Rick Atwood is a partner in the Firm's San Diego office. As a recipient of the *California Lawyer* Attorney of the Year ("CLAY") Award for his work on behalf of shareholders, he has successfully represented shareholders in securities class actions, merger-related class actions, and shareholder derivative suits in federal and state courts in more than 30 jurisdictions. Through his litigation efforts at both the trial and appellate levels, Atwood has helped recover billions of dollars for public shareholders, including the largest post-merger common fund recoveries on record. He is also part of the Firm's SPAC Task Force, which is dedicated to rooting out and prosecuting fraud on behalf of injured investors in special purpose acquisition companies. Most recently, in *In re Dole Food Co., Inc. S'holder Litig.*, which went to trial in the Delaware Court of Chancery on claims of breach of fiduciary duty on behalf of Dole Food Co., Inc. shareholders, Atwood helped obtain $148 million, the largest trial verdict ever in a class action challenging a merger transaction. He was also a key member of the litigation team in *In re Kinder Morgan, Inc. S'holders Litig.*, where he helped obtain an unprecedented $200 million common fund for former Kinder Morgan shareholders, the largest merger & acquisition class action recovery in history.

Atwood also led the litigation team that obtained an $89.4 million recovery for shareholders in *In re Del Monte Foods Co. S'holders Litig.*, after which the Delaware Court of Chancery stated that "it was only through the effective use of discovery that the plaintiffs were able to 'disturb[ ] the patina of normalcy surrounding the transaction.'" The court further commented that "Lead Counsel engaged in hard-nosed discovery to penetrate and expose problems with practices that Wall Street considered 'typical.'" One Wall Street banker even wrote in *The Wall Street Journal* that "'Everybody does it, but Barclays is the one that got caught with their hand in the cookie jar . . . . Now everybody has to rethink how we conduct ourselves in financing situations.'" Atwood's other significant opinions include *Brown v. Brewer* ($45 million recovery) and *In re Prime Hosp., Inc. S'holders Litig.* ($25 million recovery).

## Education

B.A., University of Tennessee, Knoxville, 1987; B.A., Katholieke Universiteit Leuven, Belgium, 1988; J.D., Vanderbilt School of Law, 1991

## Honors / Awards

Best Lawyer in America, *Best Lawyers®*, 2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Recommended Lawyer, *The Legal 500*, 2017-2019; M&A Litigation Attorney of the Year in California, *Corporate International*, 2015; Super Lawyer, *Super Lawyers Magazine*, 2014-2017; Attorney of the Year, *California Lawyer*, 2012; B.A., Great Distinction, Katholieke Universiteit Leuven, Belgium, 1988; B.A., Honors, University of Tennessee, Knoxville, 1987; Authorities Editor, *Vanderbilt Journal of Transnational Law*, 1991

# Aelish M. Baig | Partner

Aelish Marie Baig is a partner in the Firm's San Francisco office. She specializes in federal securities and consumer class actions. She focuses primarily on securities fraud litigation on behalf of individual and institutional investors, including state and municipal pension funds, Taft-Hartley funds, and private retirement and investment funds. Baig has litigated a number of cases through jury trial, resulting in multi-million dollar awards and settlements for her clients, and has prosecuted securities fraud, consumer, and derivative actions obtaining millions of dollars in recoveries against corporations such as Wells Fargo, Verizon, Celera, Pall, and Prudential.

Baig, along with co-counsel and a team of Robbins Geller attorneys, is currently leading the effort on behalf of cities and counties around the country in *In re National Prescription Opiate Litigation*. Earlier this year, Baig served as co-trial counsel in a federal bench trial in San Francisco in a case that had been selected as a bellwether in the multi-district litigation. The team achieved combined settlements of nearly $70 million for San Francisco and more than $5 billion nationally from multiple pharmaceutical companies who were defendants in the case. The Honorable Charles R. Breyer of the Northern District of California ruled that Walgreens, the only defendant remaining in the case, was liable for its role in the opioid crisis in San Francisco. An abatement trial for Walgreens will be held at a later date.

Baig has also been appointed to the Plaintiffs' Steering Committee in *In re Juul Labs, Inc., Marketing Sales Practices and Product Liability Litigation*, currently pending before the Honorable William H. Orrick in the Northern District of California. She serves on the expert and trial committees and represents, among others, one of the trial bellwethers. Baig and her team have recently completed discovery and are currently preparing for expert reports and trial. She has also been appointed by the Honorable Charles R. Breyer in the Northern District of California to the Plaintiffs' Steering Committee in *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*.

Additionally, Baig prosecuted an action against Wells Fargo's directors and officers accusing the giant of engaging in the robosigning of foreclosure papers so as to mass-process home foreclosures, a practice which contributed significantly to the 2008-2009 financial crisis. The resulting settlement was worth more than $67 million in cash, corporate preventative measures, and new lending initiatives for residents of cities devastated by Wells Fargo's alleged unlawful foreclosure practices. Baig and a team of Robbins Geller attorneys recently obtained a $62.5 million settlement in *Villella v. Chemical and Mining Company of Chile Inc.*, a securities class action against a Chilean mining company. The case alleged that Sociedad Química y Minera de Chile S.A. ("SQM") violated the Securities Exchange Act of 1934 by issuing materially false and misleading statements regarding the Company's failure to disclose that money from SQM was channeled illegally to electoral campaigns for Chilean politicians and political parties as far back as 2009. SQM had also filed millions of dollars' worth of fictitious tax receipts with Chilean authorities in order to conceal bribery payments from at least 2009 through fiscal 2014. Due to the company being based out of Chile and subject to Chilean law and rules, Baig and the Robbins Geller litigation team put together a multilingual litigation team with Chilean expertise. Baig was also part of the litigation and trial team in *White v. Cellco Partnership d/b/a Verizon Wireless*, which resulted in a $25 million settlement and Verizon's agreement to an injunction restricting its ability to impose early termination fees in future subscriber agreements. She was also part of the team that prosecuted dozens of stock option backdating actions, securing tens of millions of dollars in cash recoveries as well as the implementation of comprehensive corporate governance enhancements for numerous companies victimized by their directors' and officers' fraudulent stock option backdating practices. Additionally, Baig prosecuted an action against Prudential Insurance for its alleged failure to pay life insurance benefits to beneficiaries of policyholders it knew or had reason to know had died, resulting in a settlement in excess of $30 million.

## Education

B.A., Brown University, 1992; J.D., Washington College of Law at American University, 1998

## Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2023; Leading Lawyer in America, *Lawdragon*, 2020-2023; Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023;500 Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022; Plaintiffs' Lawyers Trailblazer, *The National Law Journal*, 2021; Best Lawyer in Northern California: One to Watch, *Best Lawyers®*, 2021; Featured in "Lawyer Limelight" series, *Lawdragon*, 2020; Litigation Trailblazer, *The National Law Journal*, 2019; California Trailblazer, *The Recorder*, 2019; Super Lawyer, *Super Lawyers Magazine*, 2012-2013; J.D., *Cum Laude*, Washington College of Law at American University, 1998; Senior Editor, *Administrative Law Review*, Washington College of Law at American University

# Randall J. Baron | Partner

Randy Baron is a partner in the Firm's San Diego office. He specializes in securities litigation, corporate takeover litigation, and breach of fiduciary duty actions. For almost two decades, Baron has headed up a team of lawyers whose accomplishments include obtaining instrumental rulings both at injunction and trial phases, and establishing liability of financial advisors and investment banks. With an in-depth understanding of merger and acquisition and breach of fiduciary duty law, an ability to work under extreme time pressures, and the experience and willingness to take a case through trial, he has been responsible for recovering more than a billion dollars for shareholders.

Notable achievements over the years include: *In re Kinder Morgan, Inc. S'holders Litig.* (Kan. Dist. Ct., Shawnee Cnty.), where Baron obtained an unprecedented $200 million common fund for former Kinder Morgan shareholders, the largest merger & acquisition class action recovery in history; *In re Dole Food Co., Inc. S'holder Litig.* (Del. Ch.), where he went to trial in the Delaware Court of Chancery on claims of breach of fiduciary duty on behalf of Dole Food Co., Inc. shareholders and obtained $148 million, the largest trial verdict ever in a class action challenging a merger transaction; and *In re Rural/Metro Corp. S'holders Litig.* (Del. Ch.), where Baron and co-counsel obtained nearly $110 million total recovery for shareholders against Royal Bank of Canada Capital Markets LLC. In *In re Del Monte Foods Co. S'holders Litig.* (Del. Ch.), he exposed the unseemly practice by investment bankers of participating on both sides of large merger and acquisition transactions and ultimately secured an $89 million settlement for shareholders of Del Monte. Baron was one of the lead attorneys representing about 75 public and private institutional investors that filed and settled individual actions in *In re WorldCom Sec. Litig.* (S.D.N.Y.), where more than $657 million was recovered, the largest opt-out (non-class) securities action in history. Most recently, Baron successfully obtained a partial settlement of $60 million in *In re Tesla Motors, Inc. S'holder Litig.*, a case that alleged that the members of the Tesla Board of Directors breached their fiduciary duties, unjustly enriched themselves, and wasted corporate assets in connection with their approval of Tesla's acquisition of SolarCity Corp. in 2016.

## Education
B.A., University of Colorado at Boulder, 1987; J.D., University of San Diego School of Law, 1990

## Honors / Awards
Fellow, Advisory Board, Litigation Counsel of America (LCA); Rated Distinguished by Martindale-Hubbell; Lawyer of the Year: Derivatives and Futures Law, *Best Lawyers®*, 2023; Best Lawyer in America, *Best Lawyers®*, 2019-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Hall of Fame, *The Legal 500*, 2020-2022; Leading Lawyer, *Chambers USA*, 2016-2022; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2022; Leading Lawyer in America, *Lawdragon*, 2011, 2017-2019, 2021-2022; Southern California Best Lawyer, *Best Lawyers®*, 2019-2021; Super Lawyer, *Super Lawyers Magazine*, 2014-2016, 2018-2020; National Practice Area Star, *Benchmark Litigation*, 2019-2020; Local Litigation Star, *Benchmark Litigation*, 2018, 2020; Leading Lawyer, *The Legal 500*, 2014-2019; Litigation Star, *Benchmark Litigation*, 2016-2019; California Star, *Benchmark Litigation*, 2019; State Litigation Star, *Benchmark Litigation*, 2019; Winning Litigator, *The National Law Journal*, 2018; Titan of the Industry, *The American Lawyer*, 2018; Recommended Lawyer, *The Legal 500*, 2017; Mergers & Acquisitions Trailblazer, *The National Law Journal*, 2015-2016; Litigator of the Week, *The American Lawyer*, October 16, 2014; Attorney of the Year, *California Lawyer*, 2012; Litigator of the Week, *The American Lawyer*, October 7, 2011; J.D., *Cum Laude*, University of San Diego School of Law, 1990

# James E. Barz | Partner

James Barz is a partner with the Firm and manages the Firm's Chicago office. He has tried 18 cases to verdict, conducted numerous evidentiary hearings, drafted many appeals, and argued 9 cases in the Seventh Circuit. Barz is a registered CPA, former federal prosecutor, and an adjunct professor at Northwestern University School of Law from 2008 to 2021, teaching courses on trial advocacy and class action litigation.

Barz has focused on representing investors in securities fraud class actions that have resulted in recoveries of over $2 billion. Most recently, Barz was lead counsel in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, and secured a $1.21 billion recovery for investors, a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations." This is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest securities class action settlement ever. Barz was recognized as a Litigator of the Week by *The American Lawyer* for his work in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*

Barz has also secured substantial recoveries for investors in *HCA* ($215 million, M.D. Tenn.); *Motorola* ($200 million, N.D. Ill.); *Sprint* ($131 million, D. Kan.); *Orbital ATK* ($108 million, E.D. Va.); *Walgreens* ($105 million, N.D. Ill.) *Psychiatric Solutions* ($65 million, M.D. Tenn.); *Dana Corp.* ($64 million, N.D. Ohio); *Hospira* ($60 million, N.D. Ill.); *Grubhub* ($42 million, N.D. Ill.); *Career Education* ($27.5 million, N.D. Ill.); *Accretive Health* ($14 million, N.D. Ill.); *LJM Funds Management, Ltd.* ($12.85 million, N.D. Ill.); and *Camping World* ($12.5 million). He has been lead trial counsel in several of these cases obtaining favorable settlements just days or weeks before trial and after obtaining denials of summary judgment. Barz also handles whistleblower cases, including successful settlements in *United States v. Signature Healthcare LLC* (M.D. Tenn.) ($30 million) and *Goodman v. Arriva Medical LLC* (M.D. Tenn.) ($160 million settlement with government and $28.5 million award to whistleblower). Barz also handles antitrust cases, including currently serving on the Plaintiffs' Steering Committee in *In re Dealer Management Systems Antitrust Litigation* (N.D. Ill.).

## Education
B.B.A., Loyola University Chicago, School of Business Administration, 1995; J.D., Northwestern University School of Law, 1998

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2018-2023; Best Lawyer in America: One to Watch, *Best Lawyers®*, 2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Midwest Trailblazer, *The American Lawyer*, 2022; Award for Excellence in Pro Bono Service, United States District Court for the Northern District of Illinois, 2021; Litigator of the Week, *The American Lawyer*, 2021; Leading Lawyer, Law Bulletin Media, 2018; B.B.A., *Summa Cum Laude*, Loyola University Chicago, School of Business Administration, 1995; J.D., *Cum Laude*, Northwestern University School of Law, 1998

# Lea Malani Bays | Partner

Lea Malani Bays is a partner in the Firm's San Diego office. She focuses on e-discovery issues, from preservation through production, and provides counsel to the Firm's multi-disciplinary e-discovery team consisting of attorneys, forensic analysts, and database professionals. Through her role as counsel to the e-discovery team, Bays is very familiar with the various stages of e-discovery, including identification of relevant electronically stored information, data culling, predictive coding protocols, privilege, and responsiveness reviews, as well as having experience in post-production discovery through trial preparation. Through speaking at various events, she is also a leader in shaping the broader dialogue on e-discovery issues.

Bays was recently part of the litigation team that earned the approval of a $131 million settlement in favor of plaintiffs in *Bennett v. Sprint Nextel Corp.* The settlement, which resolved claims arising from Sprint Corporation's ill-fated merger with Nextel Communications in 2005, represents a significant recovery for the plaintiff class, achieved after five years of tireless effort by the Firm. Prior to joining Robbins Geller, Bays was a Litigation Associate at Kaye Scholer LLP's New York office. She has experience in a wide range of litigation, including complex securities litigation, commercial contract disputes, business torts, antitrust, civil fraud, and trust and estate litigation.

## Education

B.A., University of California, Santa Cruz, 1997; J.D., New York Law School, 2007

## Honors / Awards

Leading Lawyer, *Chambers USA*, 2019-2022; J.D., *Magna Cum Laude*, New York Law School, 2007; Executive Editor, *New York Law School Law Review*; Legal Aid Society's Pro Bono Publico Award; NYSBA Empire State Counsel; Professor Stephen J. Ellmann Clinical Legal Education Prize; John Marshall Harlan Scholars Program, Justice Action Center

# Alexandra S. Bernay | Partner

Xan Bernay is a partner in the Firm's San Diego office, where she specializes in antitrust and unfair competition class-action litigation. She has also worked on some of the Firm's largest securities fraud class actions, including the *Enron* litigation, which recovered an unprecedented $7.2 billion for investors. Bernay currently serves as co-lead counsel in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, in which a settlement of $5.5 billion was approved in the Eastern District of New York. This case was brought on behalf of millions of U.S. merchants against Visa and MasterCard and various card-issuing banks, challenging the way these companies set and collect tens of billions of dollars annually in merchant fees. The settlement is believed to be the largest antitrust class action settlement of all time.

Additionally, Bernay is involved in *In re Remicade Antitrust Litig.* pending in the Eastern District of Pennsylvania – a large case involving anticompetitive conduct in the biosimilars market, where the Firm is sole lead counsel for the end-payor plaintiffs. She is also part of the litigation team in *In re Dealer Mgmt. Sys. Antitrust Litig.* (N.D. Ill.), which involves anticompetitive conduct related to dealer management systems on behalf of auto dealerships across the country. Another representative case is *Persian Gulf Inc. v. BP West Coast Prods. LLC* (S.D. Cal.), a massive case against the largest gas refiners in the world brought by gasoline station owners who allege they were overcharged for gasoline in California as a result of anticompetitive conduct.

## Education
B.A., Humboldt State University, 1997; J.D., University of San Diego School of Law, 2000

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Litigator of the Week, *Global Competition Review*, October 1, 2014

# Kenneth J. Black | Partner

Kenneth Black is a partner in the Firm's San Francisco office, where his practice focuses on complex securities litigation and shareholder derivative litigation. Before joining the Firm, Black was a Sanctions Investigator at the Office of Foreign Assets Control, U.S. Treasury Department, where he investigated and assembled the evidentiary cases against targets of U.S. financial sanctions, and tracked the finances and assets of those targets.

## Education
B.A., University of Michigan, 2004; M.A., American University, 2007; J.D., University of Michigan School of Law, 2013

## Honors / Awards
Comments Editor, *Michigan Journal of Private Equity & Venture Capital Law*, University of Michigan School of Law

## Erin W. Boardman | Partner

Erin Boardman is a partner in the Firm's Melville office, where her practice focuses on representing individual and institutional investors in class actions brought pursuant to the federal securities laws. She has been involved in the prosecution of numerous securities class actions that have resulted in millions of dollars in recoveries for defrauded investors, including: *Medoff v. CVS Caremark Corp.* (D.R.I.) ($48 million recovery); *Construction Laborers Pension Tr. of Greater St. Louis v. Autoliv Inc.* (S.D.N.Y.) ($22.5 million recovery); *In re Gildan Activewear Inc. Sec. Litig.* (S.D.N.Y.) (resolved as part of a $22.5 million global settlement); *In re L.G. Phillips LCD Co., Ltd., Sec. Litig.* (S.D.N.Y.) ($18 million recovery); *In re Giant Interactive Grp., Inc. Sec. Litig.* (S.D.N.Y.) ($13 million recovery); *In re Coventry HealthCare, Inc. Sec. Litig.* (D. Md.) ($10 million recovery); *Lenartz v. American Superconductor Corp.* (D. Mass.) ($10 million recovery); *Dudley v. Haub* (D.N.J.) ($9 million recovery); *Hildenbrand v. W Holding Co.* (D.P.R.) ($8.75 million recovery); *In re Doral Fin. Corp. Sec. Litig.* (D.P.R.) ($7 million recovery); and *Van Dongen v. CNinsure Inc.* (S.D.N.Y.) ($6.625 million recovery). During law school, Boardman served as Associate Managing Editor of *the Journal of Corporate, Financial and Commercial Law*, interned in the chambers of the Honorable Kiyo A. Matsumoto in the United States District Court for the Eastern District of New York, and represented individuals on a *pro bono* basis through the Workers' Rights Clinic.

## Education
B.A., State University of New York at Binghamton, 2003; J.D., Brooklyn Law School, 2007

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2022; Rising Star, *Super Lawyers Magazine*, 2015-2018; B.A., *Magna Cum Laude*, State University of New York at Binghamton, 2003

## Douglas R. Britton | Partner

Doug Britton is a partner in the Firm's San Diego office. His practice focuses on securities fraud and corporate governance. Britton has been involved in settlements exceeding $1 billion and has secured significant corporate governance enhancements to improve corporate functioning. Notable achievements include *In re WorldCom, Inc. Sec. & "ERISA" Litig.*, where he was one of the lead partners that represented a number of opt-out institutional investors and secured an unprecedented recovery of $651 million; *In re SureBeam Corp. Sec. Litig.*, where he was the lead trial counsel and secured an impressive recovery of $32.75 million; and *In re Amazon.com, Inc. Sec. Litig.*, where he was one of the lead attorneys securing a $27.5 million recovery for investors.

## Education
B.B.A., Washburn University, 1991; J.D., Pepperdine University School of Law, 1996

## Honors / Awards
J.D., *Cum Laude*, Pepperdine University School of Law, 1996

# Luke O. Brooks | Partner

Luke Brooks is a partner in the Firm's securities litigation practice group in the San Diego office. He focuses primarily on securities fraud litigation on behalf of individual and institutional investors, including state and municipal pension funds, Taft-Hartley funds, and private retirement and investment funds. Brooks served as trial counsel in *Jaffe v. Household International* in the Northern District of Illinois, a securities class action that obtained a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a verdict for plaintiffs. Other prominent cases recently prosecuted by Brooks include *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, in which plaintiffs recovered $388 million for investors in J.P. Morgan residential mortgage-backed securities, and a pair of cases – *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.* ("Cheyne") and *King County, Washington, et al. v. IKB Deutsche Industriebank AG* ("Rhinebridge") – in which plaintiffs obtained a settlement, on the eve of trial in Cheyne, from the major credit rating agencies and Morgan Stanley arising out of the fraudulent ratings of bonds issued by the Cheyne and Rhinebridge structured investment vehicles. *Reuters* described the settlement as a "landmark" deal and emphasized that it was the "first time S&P and Moody's have settled accusations that investors were misled by their ratings." An article published in *Rolling Stone* magazine entitled "The Last Mystery of the Financial Crisis" similarly credited Robbins Geller with uncovering "a mountain of evidence" detailing the credit rating agencies' fraud. Most recently, Brooks served as lead counsel in *Smilovits v. First Solar, Inc.*, and obtained a $350 million settlement on the eve of trial. The settlement is fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

## Education
B.A., University of Massachusetts at Amherst, 1997; J.D., University of San Francisco, 2000

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Local Litigation Star, *Benchmark Litigation*, 2017-2018, 2020; California Star, *Benchmark Litigation*, 2019; State Litigation Star, *Benchmark Litigation*, 2019; Recommended Lawyer, *The Legal 500*, 2017-2018; Member, *University of San Francisco Law Review*, University of San Francisco

# Spencer A. Burkholz | Partner

Spence Burkholz is a partner in the Firm's San Diego office and a member of the Firm's Management Committee. He has 25 years of experience in prosecuting securities class actions and private actions on behalf of large institutional investors. Burkholz was one of the lead trial attorneys in *Jaffe v. Household International* in the Northern District of Illinois, a securities class action that obtained a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a verdict for plaintiffs. Burkholz has also recovered billions of dollars for injured shareholders in cases such as *Enron* ($7.2 billion), *WorldCom* ($657 million), *Countrywide* ($500 million), and *Qwest* ($445 million).

## Education
B.A., Clark University, 1985; J.D., University of Virginia School of Law, 1989

## Honors / Awards
Rated AV Preeminent by Martindale-Hubbell; Leading Lawyer in America, *Lawdragon*, 2018-2023; Best Lawyer in America, *Best Lawyers®*, 2018-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2020, 2022; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2021; Southern California Best Lawyer, *Best Lawyers®*, 2018-2021; Super Lawyer, *Super Lawyers Magazine*, 2015-2016, 2020; Top 100 Trial Lawyer, *Benchmark Litigation*, 2018-2020; National Practice Area Star, *Benchmark Litigation*, 2020; Local Litigation Star, *Benchmark Litigation*, 2015-2018, 2020; Lawyer of the Year, *Best Lawyers®*, 2020; Recommended Lawyer, *The Legal 500*, 2017-2019; Top 20 Trial Lawyer in California, *Benchmark Litigation*, 2019; California Star, *Benchmark Litigation*, 2019; State Litigation Star, *Benchmark Litigation*, 2019; Plaintiff Attorney of the Year, *Benchmark Litigation*, 2018; B.A., *Cum Laude*, Clark University, 1985; *Phi Beta Kappa*, Clark University, 1985

# Michael G. Capeci | Partner

Michael Capeci is a partner in the Firm's Melville office. His practice focuses on prosecuting complex securities class action lawsuits in federal and state courts. Throughout his tenure with the Firm, Capeci has played an integral role in the teams prosecuting cases such as: *In re BHP Billiton Ltd. Sec. Litig.* ($50 million recovery); *Galestan v. OneMain Holdings, Inc.* ($9 million recovery); *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC* ($14 million recovery); *City of Pontiac General Emps.' Ret. Sys. v. Lockheed Martin Corp.* ($19.5 million recovery); and *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Tr. Fund v. Arbitron Inc.* ($7 million recovery). Capeci is currently prosecuting numerous cases in federal and state courts alleging violations of the Securities Exchange Act of 1934 and the Securities Act of 1933. Recently, Michael led the litigation team that achieved the first settlement of a 1933 Act claim in New York state court, *In re EverQuote, Inc. Sec. Litig.* ($4.75 million recovery), following the U.S. Supreme Court's landmark decision in *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund* in 2018.

## Education
B.S., Villanova University, 2007; J.D., Hofstra University School of Law, 2010

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2022; Rising Star, *Super Lawyers Magazine*, 2014-2021; J.D., *Cum Laude*, Hofstra University School of Law, 2010

# Jennifer N. Caringal | Partner

Jennifer Caringal is a partner in the Firm's San Diego office, where her practice focuses on complex securities litigation. She is also part of the Firm's SPAC Task Force, which is dedicated to rooting out and prosecuting fraud on behalf of injured investors in special purpose acquisition companies.

Caringal served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a case arising out of ARCP's manipulative accounting practices, and obtained a $1.025 billion recovery. For five years, she and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history.

## Education

B.A., University of Illinois, 2006; J.D., Washington University in St. Louis, School of Law, 2012

## Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023; They've Got Next: The 40 Under 40, *Bloomberg Law*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2022; Rising Star, *Super Lawyers Magazine*, 2021; Best Lawyer in Southern California: One to Watch, *Best Lawyers®*, 2021

# Brian E. Cochran | Partner

Brian Cochran is a partner in the Firm's San Diego office. He focuses his practice on complex securities, shareholder, consumer protection, and ERISA litigation. Cochran is also a member of Robbins Geller's SPAC Task Force. Cochran specializes in case investigation and initiation and lead plaintiff issues arising under the Private Securities Litigation Reform Act of 1995. He has developed dozens of cases under the federal securities laws and recovered hundreds of millions of dollars for injured investors and consumers. Several of Cochran's cases have pioneered new ground, such as cases on behalf of cryptocurrency investors, and sparked follow-on governmental investigations into corporate malfeasance. Cochran has spearheaded litigation on behalf of injured investors in blank check companies, developing one of the first securities class actions arising from the latest wave of blank check financing, *Alta Mesa Resources*. On March 31, 2021, the United States District Court for the Southern District of Texas denied defendants' motions to dismiss in their entirety.

Cochran was a member of the litigation team that achieved a $1.21 billion settlement in the *Valeant Pharmaceuticals* securities litigation. Cochran also developed the *Dynamic Ledger* securities litigation, one of the first cases to challenge a cryptocurrency issuer's failure to register under the federal securities laws, which settled for $25 million. In addition, Cochran was part of the team that secured a historic $25 million settlement on behalf of Trump University students, which Cochran prosecuted on a *pro bono* basis. Other notable recoveries include: *Micro Focus* ($107.5 million, subject to court approval); *Walgreens* ($105 million); *Scotts Miracle-Gro* (up to $85 million); *Psychiatric Solutions* ($65 million); *SQM Chemical & Mining Co. of Chile* ($62.5 million); *Grubhub* ($42 million); *Big Lots* ($38 million); *Credit Suisse* ($32.5 million, subject to court approval); *Reckitt Benckiser* ($19.6 million, subject to court approval); *DouYu* ($15 million); *REV Group* ($14.25 million); *Fifth Street Finance* ($14 million); *Third Avenue Management* ($14 million); *LJM* ($12.85 million); *Sealed Air* ($12.5 million); *Camping World* ($12.5 million); *FTS International* ($9.875 million); and *JPMorgan ERISA* ($9 million).

## Education
A.B., Princeton University, 2006; J.D., University of California at Berkeley School of Law, Boalt Hall, 2012

## Honors / Awards
Next Generation Partner, *The Legal 500*, 2020-2022; 40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2020-2021; Rising Star, *The Legal 500*, 2019; A.B., With Honors, Princeton University, 2006; J.D., Order of the Coif, University of California at Berkeley School of Law, Boalt Hall, 2012

# Sheri M. Coverman | Partner

Sheri Coverman is a partner in the Firm's Boca Raton office. Her practice focuses on complex class actions, including securities, corporate governance, and consumer fraud litigation.

Coverman is a member of the Firm's Institutional Outreach Team, which provides advice to the Firm's institutional clients, including numerous public pension systems and Taft-Hartley funds throughout the United States, on issues related to corporate fraud, shareholder litigation, and corporate governance issues. Coverman frequently addresses trustees regarding their options for seeking redress for losses due to violations of securities laws and assists in ongoing litigation involving many Firm clients. Coverman's institutional clients are also involved in other types of class actions, namely: *In re National Prescription Opiate Litigation*.

## Education
B.A., University of Florida, 2008; J.D., University of Florida Levin College of Law, 2011

# Desiree Cummings | Partner

Desiree Cummings is a partner with the Firm and is based in the Manhattan office. Cummings focuses her practice on complex securities litigation, consumer and privacy litigation, and breach of fiduciary duty actions.

Before joining Robbins Geller, Cummings spent several years prosecuting securities fraud as an Assistant Attorney General with the New York State Office of the Attorney General's Investor Protection Bureau. As an Assistant Attorney General, Cummings was instrumental in the office's investigation and prosecution of J.P. Morgan and Goldman Sachs in connection with the marketing, sale and issuance of residential mortgage-backed securities, resulting in recoveries worth over $1.6 billion for the State of New York. In connection with investigating and prosecuting securities fraud as part of a federal and state RMBS Working Group, Cummings was awarded the Louis J. Lefkowitz Award for Exceptional Service. Cummings began her career as a litigator at Paul, Weiss, Rifkind, Wharton & Garrison LLP where she spent several years representing major financial institutions, a pharmaceutical manufacturer, and public and private companies in connection with commercial litigations and state and federal regulatory investigations.

At Robbins Geller, Cummings represents institutional and individual investors in securities and breach of fiduciary duty cases. Cummings also represents consumers and serves on the Plaintiffs' Steering Committee in *In re Blackbaud Inc. Customer Data Security Breach Litigation*, a data breach multi-district litigation pending in the United States District Court for the District of South Carolina.

## Education
B.A., Binghamton University, 2001, *cum laude*; J.D., University of Michigan Law School, 2004

## Honors / Awards
Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2023; Leading Lawyer in America, *Lawdragon*, 2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2022; Louis J. Lefkowitz Award for Exceptional Service, New York State Office of the Attorney General, 2012

# Joseph D. Daley | Partner

Joseph Daley is a partner in the Firm's San Diego office, serves on the Firm's Securities Hiring Committee, and is a member of the Firm's Appellate Practice Group.  Precedents include: *City of Birmingham Ret. & Relief Sys. v. Davis*, 806 F. App'x 17 (2d Cir. 2020); *City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36 (2d Cir. 2017); *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935 (10th Cir. 2005); *Frank v. Dana Corp.* ("*Dana I*"), 547 F.3d 564 (6th Cir. 2008); *Frank v. Dana Corp.* ("*Dana II*"), 646 F.3d 954 (6th Cir. 2011)*; Freidus v. Barclays Bank PLC*, 734 F.3d 132 (2d Cir. 2013); *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248 (11th Cir. 2009)*; In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393 (3d Cir. 2007); *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130 (9th Cir. 2017); *In re Qwest Commc'ns Int'l*, 450 F.3d 1179 (10th Cir. 2006); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012); *Rosenbloom v. Pyott* ("*Allergan*"), 765 F.3d 1137 (9th Cir. 2014); *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956 (7th Cir. 2013); *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167 (9th Cir. 2009), *aff'd*, 563 U.S. 27 (2011); and *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353 (5th Cir. 2004).  Daley is admitted to practice before the U.S. Supreme Court, as well as before 12 U.S. Courts of Appeals around the nation.

## Education

B.S., Jacksonville University, 1981; J.D., University of San Diego School of Law, 1996

## Honors / Awards

Seven-time Super Lawyer, *Super Lawyers Magazine*; Appellate Moot Court Board, Order of the Barristers, University of San Diego School of Law; Best Advocate Award (Traynore Constitutional Law Moot Court Competition), First Place and Best Briefs (Alumni Torts Moot Court Competition and USD Jessup International Law Moot Court Competition)

# Stuart A. Davidson | Partner

Stuart Davidson is a partner in the Firm's Boca Raton office.  His practice focuses on complex consumer class actions, including cases involving deceptive and unfair trade practices, privacy and data breach issues, and antitrust violations.  He has served as class counsel in some of the nation's most significant privacy and consumer cases, including: *In re Facebook Biometric Information Privacy Litigation*, No. 3:15-cv-03747-JD (N.D. Cal.) ($650 million recovery in a cutting-edge class action concerning Facebook's alleged privacy violations through its collection of user's biometric identifiers without informed consent); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-md-02752-LHK (N.D. Cal.) ($117.5 million recovery in the largest data breach in history); *Kehoe v. Fidelity Federal Bank & Trust*, No. 9:03-cv-80593-DTKH (S.D. Fla.) ($50 million recovery in Driver's Privacy Protection Act case on behalf of half-a-million Florida drivers against a national bank); *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, No. 3:11-md-02258-AJB-MDD (S.D. Cal.) (settlement valued at $15 million concerning the massive data breach of Sony's PlayStation Network); and *In re Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-02284-H-KSC (S.D. Cal.) ($5 million all-cash settlement for victims of healthcare data breach).

Davidson currently serves as Plaintiffs' Co-Lead Counsel in *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, No. 2:19-md-02904-MCA-MAH (D.N.J.) (representing class of LabCorp customers), *Garner v. Amazon.com, Inc.*, No. 2:21-cv-00750-RSL (W.D. Wash.) (alleging Amazon's illegal wiretapping through Alexa-enabled devices), and *In re American Financial Resources, Inc. Data Breach*

*Litigation*, No. 2:22-cv-01757-MCA-JSA (D.N.J.), and on Plaintiffs' Executive Committee in *In re Lakeview Loan Servicing Data Breach Litigation*, No. 1:22-cv-20955-DPG (S.D. Fla.).

Davidson also spearheaded several aspects of *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, No. 2:17-md-02785-DDC-TJJ (D. Kan.) ($609 million total recovery achieved weeks prior to trial in certified class action alleging antitrust claims involving the illegal reverse payment settlement to delay the generic EpiPen, which allowed the prices of the life-saving EpiPen to rise over 600% in 9 years), and served as Plaintiffs' Co-Lead Counsel in *In re NHL Players' Concussion Injury Litigation*, No. 0:14-md-02551-SRN-BRT (D. Minn.) (representing retired National Hockey League players in multidistrict litigation suit against the NHL regarding injuries suffered due to repetitive head trauma and concussions), and in *In re Pet Food Products Liability Litigation*, No. 1:07-cv-02867-NLH-AMD (D.N.J.) ($24 million recovery in multidistrict consumer class action on behalf of thousands of aggrieved pet owners nationwide against some of the nation's largest pet food manufacturers, distributors, and retailers). He also served as Plaintiffs' Co-Lead Counsel in *In re UnitedGlobalCom, Inc. Shareholder Litigation*, C.A. No. 1012-VCS (Del. Ch.) ($25 million recovery weeks before trial); *In re Winn-Dixie Stores, Inc. Shareholder Litigation*, No. 16-2011-CA-010616 (Fla. Cir. Ct.) ($11.5 million recovery for former Winn-Dixie shareholders following the corporate buyout by BI-LO); and *In re AuthenTec, Inc. Shareholder Litigation*, No. 5-2012-CA-57589 (Fla. Cir. Ct.) ($10 million recovery for former AuthenTec shareholders following a merger with Apple). The latter two cases are the two largest merger and acquisition recoveries in Florida history.

Davidson is a former lead assistant public defender in the Felony Division of the Broward County, Florida Public Defender's Office. During his tenure at the Public Defender's Office, he tried over 30 jury trials and defended individuals charged with major crimes ranging from third-degree felonies to life and capital felonies.

## Education

B.A., State University of New York at Geneseo, 1993; J.D., Nova Southeastern University Shepard Broad College of Law, 1996

## Honors / Awards

Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2023; Leading Lawyer in America, *Lawdragon*, 2023; Outstanding Antitrust Litigation Achievement in Private Law Practice, American Antitrust Institute, 2022; Super Lawyer, *Super Lawyers Magazine*, 2021-2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2020-2022; One of "Florida's Most Effective Lawyers" in the Privacy category, American Law Media, 2020; J.D., *Summa Cum Laude*, Nova Southeastern University Shepard Broad College of Law, 1996; Associate Editor, *Nova Law Review*, Book Awards in Trial Advocacy, International Law, and Criminal Pretrial Practice

# Jason C. Davis | Partner

Jason Davis is a partner in the Firm's San Francisco office where he practices securities class actions and complex litigation involving equities, fixed-income, synthetic, and structured securities issued in public and private transactions.  Davis was on the trial team in *Jaffe v. Household Int'l, Inc.*, a securities class action that obtained a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a verdict for plaintiffs.  Most recently, he was part of the litigation team in *Luna v. Marvell Tech. Grp., Ltd.*, resulting in a $72.5 million settlement that represents approximately 24% to 50% of the best estimate of classwide damages suffered by investors.

Before joining the Firm, Davis focused on cross-border transactions, mergers and acquisitions at Cravath, Swaine and Moore LLP in New York.

## Education
B.A., Syracuse University, 1998; J.D., University of California at Berkeley, Boalt Hall School of Law, 2002

## Honors / Awards
B.A., *Summa Cum Laude*, Syracuse University, 1998; International Relations Scholar of the year, Syracuse University; Teaching fellow, examination awards, Moot court award, University of California at Berkeley, Boalt Hall School of Law

# Mark J. Dearman | Partner

Mark Dearman is a partner in the Firm's Boca Raton office, where his practice focuses on consumer fraud, securities fraud, mass torts, antitrust, and whistleblower litigation. Dearman, along with other Robbins Geller attorneys, is currently leading the effort on behalf of cities and counties around the country in *In re National Prescription Opiate Litig.* He was recently appointed to the Plaintiffs' Steering Committee in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, and as Chair of the Plaintiffs' Executive Committee in *In re Apple Inc. Device Performance Litig.*, Dearman obtained a $310 million settlement. His other recent representative cases include *In re FieldTurf Artificial Turf Mktg. Pracs. Litig.*, No. 3:17-md-02779 (D.N.J.); *In re NHL Players' Concussion Injury Litig.*, 2015 U.S. Dist. LEXIS 38755 (D. Minn. 2015); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942 (S.D. Cal. 2012); *In re Volkswagen "Clean Diesel" Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 1357 (N.D. Cal. 2016); *In re Ford Fusion & C-Max Fuel Econ. Litig.*, 2015 U.S. Dist. LEXIS 155383 (S.D.N.Y. 2015); *Looper v. FCA US LLC*, No. 5:14-cv-00700 (C.D. Cal.); *In re Aluminum Warehousing Antitrust Litig.*, 95 F. Supp. 3d 419 (S.D.N.Y. 2015), *aff'd*, 833 F.3d 151 (2d Cir. 2016); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J.); *In re Winn-Dixie Stores, Inc. S'holder Litig.*, No. 16-2011-CA-010616 (Fla. 4th Jud. Cir. Ct., Duval Cnty.); *Gemelas v. Dannon Co. Inc.*, No. 1:08-cv-00236 (N.D. Ohio); and *In re AuthenTec, Inc. S'holder Litig.*, No. 05-2012-CA-57589 (Fla. 18th Jud. Cir. Ct., Brevard Cnty.). Prior to joining the Firm, he founded Dearman & Gerson, where he defended Fortune 500 companies, with an emphasis on complex commercial litigation, consumer claims, and mass torts (products liability and personal injury), and has obtained extensive jury trial experience throughout the United States. Having represented defendants for so many years before joining the Firm, Dearman has a unique perspective that enables him to represent clients effectively.

## Education

B.A., University of Florida, 1990; J.D., Nova Southeastern University, 1993

## Honors / Awards

AV rated by Martindale-Hubbell; Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2023; Leading Lawyer in America, *Lawdragon*, 2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2020-2022; Super Lawyer, *Super Lawyers Magazine*, 2014-2020; In top 1.5% of Florida Civil Trial Lawyers in *Florida Trend*'s Florida Legal Elite, 2004, 2006

# Kathleen B. Douglas | Partner

Kathleen Douglas is a partner in the Firm's Boca Raton office. She focuses her practice on securities fraud class actions and consumer fraud. Most recently, Douglas and a team of Robbins Geller attorneys obtained a $1.21 billion settlement in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations." This is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

Douglas was also a key member of the litigation team in *In re UnitedHealth Grp. Inc. PSLRA Litig.*, in which she and team of Robbins Geller attorneys achieved a substantial $925 million recovery. In addition to the monetary recovery, UnitedHealth also made critical changes to a number of its corporate governance policies, including electing a shareholder-nominated member to the company's Board of Directors. Likewise, in *Nieman v. Duke Energy Corp.*, she and a team of attorneys obtained a $146.25 million recovery, which is the largest recovery in North Carolina for a case involving securities fraud and is one of the five largest recoveries in the Fourth Circuit. In addition, Douglas was a member of the team of attorneys that represented investors in *Knurr v. Orbital ATK, Inc.*, which recovered $108 million for shareholders and is believed to be the fourth-largest securities class action settlement in the history of the Eastern District of Virginia. Douglas has served as class counsel in several class actions brought on behalf of Florida emergency room physicians. These cases were against some of the nation's largest Health Maintenance Organizations and settled for substantial increases in reimbursement rates and millions of dollars in past damages for the class.

## Education

B.S., Georgetown University, 2004; J.D., University of Miami School of Law, 2007

## Honors / Awards

Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2023; 40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2012-2017; B.S., *Cum Laude*, Georgetown University, 2004

## Travis E. Downs III | Partner

Travis Downs is a partner in the Firm's San Diego office.  His areas of expertise include prosecution of shareholder and securities litigation, including complex shareholder derivative actions.  Downs led a team of lawyers who successfully prosecuted over 65 stock option backdating derivative actions in federal and state courts across the country, resulting in hundreds of millions in financial givebacks for the plaintiffs and extensive corporate governance enhancements, including annual directors elections, majority voting for directors, and shareholder nomination of directors.  Notable cases include: *In re Community Health Sys., Inc. S'holder Derivative Litig.* ($60 million in financial relief and unprecedented corporate governance reforms); *In re Marvell Tech. Grp. Ltd. Derivative Litig.* ($54 million in financial relief and extensive corporate governance enhancements); *In re McAfee, Inc. Derivative Litig.* ($30 million in financial relief and extensive corporate governance enhancements); *In re Affiliated Computer Servs. Derivative Litig.* ($30 million in financial relief and extensive corporate governance enhancements); *In re KB Home S'holder Derivative Litig.* ($30 million in financial relief and extensive corporate governance enhancements); *In re Juniper Networks Derivative Litig.* ($22.7 million in financial relief and extensive corporate governance enhancements); *In re Nvidia Corp. Derivative Litig.* ($15 million in financial relief and extensive corporate governance enhancements); and *City of Pontiac Gen. Emps.' Ret. Sys. v. Langone* (achieving landmark corporate governance reforms for investors).

Downs was also part of the litigation team that obtained a $67 million settlement in *City of Westland Police & Fire Ret. Sys. v. Stumpf*, a shareholder derivative action alleging that Wells Fargo participated in the mass-processing of home foreclosure documents by engaging in widespread robo-signing, and a $250 million settlement in *In re Google, Inc. Derivative Litig.*, an action alleging that Google facilitated in the improper advertising of prescription drugs.  Downs is a frequent speaker at conferences and seminars and has lectured on a variety of topics related to shareholder derivative and class action litigation.

## Education
B.A., Whitworth University, 1985; J.D., University of Washington School of Law, 1990

## Honors / Awards
Rated AV Preeminent by Martindale-Hubbell; Best Lawyer in America, *Best Lawyers®*, 2018-2023; Top 100 Leaders in Law Honoree, *San Diego Business Journal*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2021; Southern California Best Lawyer, *Best Lawyers®*, 2018-2021; Board of Trustees, Whitworth University; Super Lawyer, *Super Lawyers Magazine*, 2008; B.A., Honors, Whitworth University, 1985

## Daniel S. Drosman | Partner

Dan Drosman is a partner in the Firm's San Diego office and a member of the Firm's Management Committee.  He focuses his practice on securities fraud and other complex civil litigation and has obtained significant recoveries for investors in cases such as *Morgan Stanley*, *Cisco Systems*, *The Coca-Cola Company*, *Petco*, *PMI*, and *America West*.  Drosman served as lead trial counsel in *Jaffe v. Household International* in the Northern District of Illinois, a securities class action that obtained a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a verdict for plaintiffs.  Drosman also helped secure a $388 million recovery for investors in J.P. Morgan residential mortgage-backed securities in *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.* On a percentage basis, that settlement is the largest recovery ever achieved in an RMBS class action. Drosman also served as lead counsel in *Smilovits v. First Solar, Inc.*, and obtained a $350 million settlement

on the eve of trial.  The settlement is fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

Most recently, Drosman led a team of Robbins Geller attorneys to a record-breaking $809.5 million settlement in *In re Twitter, Inc. Sec. Litig.*, which settled the day before trial was set to commence.  The settlement is the largest securities fraud class action recovery in the Ninth Circuit in the last decade and one of the top 20 shareholder class action settlements of all time.  Drosman was part of the Robbins Geller litigation team in *Monroe County Employees' Retirement System v. The Southern Company* in which an $87.5 million settlement was reached after three years of litigation. The settlement resolved claims for violations of the Securities Exchange Act of 1934 stemming from defendants' issuance of materially misleading statements and omissions regarding the status of construction of a first-of-its-kind "clean coal" power plant that was designed to transform coal into synthetic gas that could then be used to fuel the power plant.  In another recent case, Drosman and the Robbins Geller litigation team obtained a $62.5 million settlement in *Villella v. Chemical and Mining Company of Chile Inc.*, which alleged that Sociedad Química y Minera de Chile S.A. ("SQM") violated the Securities Exchange Act of 1934 by issuing materially false and misleading statements regarding the Company's failure to disclose that money from SQM was channeled illegally to electoral campaigns for Chilean politicians and political parties as far back as 2009.  SQM had also filed millions of dollars' worth of fictitious tax receipts with Chilean authorities in order to conceal bribery payments from at least 2009 through fiscal year 2014.

In a pair of cases – *Abu Dhabi Commercial Bank, et al. v. Morgan Stanley & Co. Inc.* ("*Cheyne*" litigation) and *King County, Washington, et al. v. IKB Deutsche Industriebank AG* ("*Rhinebridge*" litigation) – Drosman led a group of attorneys prosecuting fraud claims against the credit rating agencies, where he is distinguished as one of the few plaintiffs' counsel to defeat the rating agencies' traditional First Amendment defense and their motions for summary judgment based on the mischaracterization of credit ratings as mere opinions not actionable in fraud.

Before joining the Firm, Drosman served as an Assistant District Attorney for the Manhattan District Attorney's Office, and an Assistant United States Attorney in the Southern District of California, where he investigated and prosecuted violations of the federal narcotics, immigration, and official corruption law.

## Education

B.A., Reed College, 1990; J.D., Harvard Law School, 1993

## Honors / Awards

Leading Lawyer in America, *Lawdragon*, 2018-2023; Best Lawyer in America, *Best Lawyers®*, 2019-2023; West Trailblazer, *The American Lawyer*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Top Plaintiff Lawyer, *Daily Journal*, 2022; Plaintiff Litigator of the Year, *Benchmark Litigation*, 2022; Lawyer of the Year, *Best Lawyers®*, 2022; Titan of the Plaintiffs Bar, *Law360*, 2022; Southern California Best Lawyers, *The Wall Street Journal*, 2021; Southern California Best Lawyer, *Best Lawyers®*, 2019-2021; Super Lawyer, *Super Lawyers Magazine*, 2017-2020; Recommended Lawyer, *The Legal 500*, 2017-2018; Top 100 Lawyer, *Daily Journal*, 2017; Department of Justice Special Achievement Award, Sustained Superior Performance of Duty; B.A., Honors, Reed College, 1990; *Phi Beta Kappa*, Reed College, 1990

# Eric S. Dwoskin | Partner

Eric Dwoskin is a partner in the Firm's Boca Raton office, where he practices consumer fraud, mass torts, whistleblower, and data breach litigation.

Before joining the Firm, Dwoskin focused on consumer financial services, employment, and other complex commercial litigation. In this capacity, he developed significant trial and appellate advocacy skills in state and federal courts around the United States. During law school, Dwoskin was a legal extern at the South African Human Rights Commission in Cape Town, South Africa and a summer law clerk for the Honorable Robert M. Gross of the Fourth District Court of Appeals in West Palm Beach, Florida. He was also an intern in the Office of the Prosecutor at the International Criminal Tribunal for the Former Yugoslavia in The Hague, Netherlands, after having received a Humanity in Action Fellowship.

## Education
B.A., Columbia University, 2008; J.D., University of Michigan Law School, 2012

# Thomas E. Egler | Partner

Thomas Egler is a partner in the Firm's San Diego office and focuses his practice on representing clients in major complex, multidistrict litigations, such as *Lehman Brothers*, *Countrywide Mortgage Backed Securities*, *WorldCom*, *AOL Time Warner*, and *Qwest*. He has represented institutional investors both as plaintiffs in individual actions and as lead plaintiffs in class actions.

Most recently, along with co-counsel and a team of Robbins Geller attorneys, Egler led the effort on behalf of cities and counties around the country in *In re National Prescription Opiate Litigation*. Earlier this year, Egler served on the team of counsel in a federal bench trial in San Francisco in a case that had been selected as a bellwether in the multidistrict litigation. The team achieved combined settlements of nearly $70 million for San Francisco and more than $5 billion nationally from multiple pharmaceutical companies who were defendants in the case. The Honorable Charles R. Breyer of the Northern District of California ruled that Walgreens, the only defendant remaining in the case, was liable for its role in the opioid crisis in San Francisco.

Egler also has been a Lawyer Representative to the Ninth Circuit Judicial Conference from the Southern District of California, is a member of the Hon. William B. Enright Inn of Court in San Diego, and in the past has served on the Executive Board of the San Diego chapter of the Association of Business Trial Lawyers. Before joining the Firm, Egler was a law clerk to the Honorable Donald E. Ziegler, Chief Judge, United States District Court, Western District of Pennsylvania.

## Education
B.A., Northwestern University, 1989; J.D., The Catholic University of America, Columbus School of Law, 1995

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2017-2018; Associate Editor, *Catholic University Law Review*

## Alan I. Ellman | Partner

Alan Ellman is a partner in the Firm's Melville office, where he concentrates his practice on prosecuting complex securities fraud cases on behalf of institutional investors. Most recently, Ellman was on the team of Robbins Geller attorneys who obtained a $34.5 million recovery in *Patel v. L-3 Communications Holdings, Inc.*, which represents a high percentage of damages that plaintiffs could reasonably expect to be recovered at trial and is more than eight times higher than the average settlement of cases with comparable investor losses. He was also on the team of attorneys who recovered in excess of $34 million for investors in *In re OSG Sec. Litig.*, which represented an outsized recovery of 93% of bond purchasers' damages and 28% of stock purchasers' damages. The creatively structured settlement included more than $15 million paid by a bankrupt entity.

Ellman was also on the team of Robbins Geller attorneys who achieved final approval in *Curran v. Freshpet, Inc.*, which provides for the payment of $10.1 million for the benefit of eligible settlement class members. Additionally, he was on the team of attorneys who obtained final approval of a $7.5 million recovery in *Plymouth County Retirement Association v. Advisory Board Company*. In 2006, Ellman received a Volunteer and Leadership Award from Housing Conservation Coordinators (HCC) for his *pro bono* service defending a client in Housing Court against a non-payment action, arguing an appeal before the Appellate Term, and staffing HCC's legal clinic. He also successfully appealed a *pro bono* client's criminal sentence before the Appellate Division.

## Education

B.S., B.A., State University of New York at Binghamton, 1999; J.D., Georgetown University Law Center, 2003

## Honors / Awards

Pro Bono Publico Award, *Casa Cornelia Law Center*, 2021-2022; Super Lawyer, *Super Lawyers Magazine*, 2017-2022; Rising Star, *Super Lawyers Magazine*, 2014-2015; B.S., B.A., *Cum Laude*, State University of New York at Binghamton, 1999

## Jason A. Forge | Partner

Jason Forge is a partner in the Firm's San Diego office. He specializes in complex investigations, litigation, and trials. As a federal prosecutor and private practitioner, Forge has conducted and supervised scores of jury and bench trials in federal and state courts, including the month-long trial of a defense contractor who conspired with Congressman Randy "Duke" Cunningham in the largest bribery scheme in congressional history. He recently obtained approval of a $160 million recovery in the first successful securities fraud case against Wal-Mart Stores, Inc. in *City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.* In addition, Forge was a member of the Firm's trial team in *Hsu v. Puma Biotechnology, Inc.*, a securities fraud class action that resulted in a verdict in favor of investors after a two-week jury trial.

After the trial victory over Puma Biotechnology and Alan Auerbach, Forge joined a Robbins Geller litigation team that had defeated 12 motions for summary judgment against 40 defendants and was about to depose 17 experts in the home stretch to trial. Forge and the team used these depositions to disprove a truth-on-the-market argument that nine defense experts had embraced. Soon after the last of these expert depositions, the Robbins Geller team secured a $1.025 billion settlement from American Realty Capital Properties and other defendants that included a record $237 million contribution from individual

defendants and represented more than twice the recovery rate obtained by several funds that had opted out of the class.

Forge was a key member of the litigation team that secured a historic recovery on behalf of Trump University students in two class actions against President Donald J. Trump.  The settlement refunds over 90% of the money thousands of students paid to "enroll" in Trump University.  He represented the class on a *pro bono* basis.  Forge has also successfully defeated motions to dismiss and obtained class certification against several prominent defendants, including the first federal RICO case against Scotts Miracle-Gro, which recently settled for up to $85 million.  He was a member of the litigation team that obtained a $125 million settlement in *In re LendingClub Securities Litigation*, a settlement that ranked among the top ten largest securities recoveries ever in the Northern District of California.

In a case against another prominent defendant, Pfizer Inc., Forge led an investigation that uncovered key documents that Pfizer had not produced in discovery.  Although fact discovery in the case had already closed, the district judge ruled that the documents had been improperly withheld and ordered that discovery be reopened, including reopening the depositions of Pfizer's former CEO, CFO, and General Counsel.  Less than six months after completing these depositions, Pfizer settled the case for $400 million.

## Education

B.B.A., The University of Michigan Ross School of Business, 1990; J.D., The University of Michigan Law School, 1993

## Honors / Awards

Leading Lawyer in America, *Lawdragon*, 2022-2023; Best Lawyer in America, *Best Lawyers®*, 2019-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Southern California Best Lawyer, *Best Lawyers®*, 2019-2021; Local Litigation Star, *Benchmark Litigation*, 2020; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2018; Top 100 Lawyer, *Daily Journal*, 2017; Litigator of the Year, *Our City San Diego*, 2017; Two-time recipient of one of Department of Justice's highest awards: Director's Award for Superior Performance by Litigation Team; numerous commendations from Federal Bureau of Investigation (including commendation from FBI Director Robert Mueller III), Internal Revenue Service, and Defense Criminal Investigative Service; J.D., *Magna Cum Laude*, Order of the Coif, The University of Michigan Law School, 1993; B.B.A., High Distinction, The University of Michigan Ross School of Business, 1990

# William J. Geddish | Partner

William Geddish is a partner with the Firm and is based in the Melville office, where his practice focuses on complex securities litigation.  Before joining the Firm, he was an associate in the New York office of a large international law firm, where his practice focused on complex commercial litigation.

Since joining the Firm, Geddish has played a significant role in the following litigations: *In re Barrick Gold Sec. Litig.* ($140 million recovery); *Scheufele v. Tableau Software, Inc.* ($95 million recovery); *Landmen Partners, Inc. v. The Blackstone Grp., L.P.* ($85 million recovery); *In re Jeld-Wen Holding, Inc. Sec. Litig.* ($40 million recovery); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.* ($33 million recovery); *City of Roseville Emps' Ret. Sys. v. EnergySolutions, Inc.* ($26 million recovery); *Beaver Cnty. Emps' Ret. Fund v. Tile Shop Holdings, Inc.* ($9.5 million recovery); and *Barbara Marciano v. Schell & Kampeter, Inc.* ($2 million recovery).

## Education
B.A., Sacred Heart University, 2006, J.D., Hofstra University School of Law, 2009

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2013-2022; J.D., *Magna Cum Laude*, Hofstra University School of Law, 2009; Gina Maria Escarce Memorial Award, Hofstra University School of Law

# Paul J. Geller | Partner

Paul Geller, managing partner of the Firm's Boca Raton, Florida office, is a founding partner of the Firm, a member of its Management Committee, and head of the Firm's Consumer Practice Group.  Geller's 29 years of litigation experience is broad, and he has handled cases in each of the Firm's practice areas.  Notably, before devoting his practice to the representation of consumers and investors, he defended companies in high-stakes class action and multi-district litigation, providing him with an invaluable perspective.  Geller has tried bench and jury trials on both the plaintiffs' and defendants' sides and has argued before numerous state, federal, and appellate courts throughout the country.

Geller was recently selected to serve in a leadership position on behalf of governmental entities and other plaintiffs in the sprawling litigation concerning the nationwide prescription opioid epidemic.  In reporting on the selection of the lawyers to lead the case, *The National Law Journal* reported that "[t]he team reads like a 'Who's Who' in mass torts."  Geller was also a critical member of the team that negotiated over $26 billion in settlements against certain opioid distributors and manufacturers.  Prior to the opioid litigation, Geller was a member of the leadership team representing consumers in the massive *Volkswagen "Clean Diesel"* emissions case.  The San Francisco legal newspaper *The Recorder* labeled the group that was appointed in that case, which settled for more than $17 billion, a "class action dream team."

Geller is currently serving as a Lead Counsel in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, a nationwide class action that alleges that pharmaceutical company Mylan N.V. and others engaged in anti-competitive and unfair business conduct in its sale and marketing of the EpiPen auto-injector device.  The case was recently settled for $609 million.

Some of Geller's other recent noteworthy successes include the largest privacy class action settlement in history – a $650 million recovery in a cutting-edge class action in *In re Facebook Biometric Info. Privacy Litig.*, concerning Facebook's use of biometric identifiers through its "tag" feature.  In addition to the monetary

recovery, Facebook recently disabled the tag feature altogether, deleting user facial profiles and discontinuing the use of facial recognition software.

## Education
B.S., University of Florida, 1990; J.D., Emory University School of Law, 1993

## Honors / Awards
Rated AV by Martindale-Hubbell; Fellow, Litigation Counsel of America (LCA) Proven Trial Lawyers; Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2023; Leading Lawyer in America, *Lawdragon*, 2006-2007, 2009-2023; Best Lawyer in America, *Best Lawyers®*, 2017-2023; Outstanding Antitrust Litigation Achievement in Private Law Practice, American Antitrust Institute, 2022; South Trailblazer, *The American Lawyer*, 2022; Class Action MVP, *Law360*, 2022; Super Lawyer, *Super Lawyers Magazine*, 2007-2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Leading Lawyer, *Chambers USA*, 2021-2022; Florida Best Lawyer in America, *Best Lawyers®*, 2017-2021; One of "Florida's Most Effective Lawyers" in the Privacy category, American Law Media, 2020; Legend, *Lawdragon*, 2020; Recommended Lawyer, *The Legal 500*, 2016, 2019; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2018; Lawyer of the Year, *Best Lawyers®*, 2018; Attorney of the Month, *Attorney At Law*, 2017; Featured in "Lawyer Limelight" series, *Lawdragon*, 2017; Top Rated Lawyer, South Florida's Legal Leaders, *Miami Herald*, 2015; Litigation Star, *Benchmark Litigation*, 2013; "Legal Elite," *Florida Trend Magazine*; One of "Florida's Most Effective Lawyers," American Law Media*;* One of Florida's top lawyers in *South Florida Business* Journal; One of the Nation's Top "40 Under 40," *The National Law Journal*; One of Florida's Top Lawyers, *Law & Politics*; Editor, *Emory Law Journal*; Order of the Coif, Emory University School of Law

## Robert D. Gerson  |  Partner

Robert Gerson is a partner in the Firm's Melville office, where he practices securities fraud litigation and other complex matters.  Before joining Robbins Geller, Gerson was associated with a prominent plaintiffs' class action firm, where he represented institutional investors in numerous securities fraud class actions, as well as "opt out" litigations.  Gerson is a member of the Committee on Securities Litigation of the Bar Association of the City of New York.  He is admitted to practice before the courts of the State of New York, as well as the United States Courts of Appeals for the Second and Eighth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York.

## Education
B.A., University of Maryland, 2006; J.D., New York Law School, 2009

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2021-2022; Rising Star, *Super Lawyers Magazine*, 2015-2020

# Jonah H. Goldstein  |  Partner

Jonah Goldstein is a partner in the Firm's San Diego office and is responsible for prosecuting complex securities cases and obtaining recoveries for investors.  He also represents corporate whistleblowers who report violations of the securities laws.  Goldstein has achieved significant settlements on behalf of investors including in *In re HealthSouth Sec. Litig.* (over $670 million recovered against HealthSouth, UBS and Ernst & Young), *In re Cisco Sec. Litig.* (approximately $100 million), and *Marcus v. J.C. Penney Company, Inc.* ($97.5 million recovery).  Goldstein also served on the Firm's trial team in *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.), which settled after two weeks of trial for $100 million, and aided in the $65 million recovery in *Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*, the fourth-largest securities recovery ever in the Middle District of Tennessee and one of the largest in more than a decade.  Most recently, he was part of the litigation team in *Luna v. Marvell Tech. Grp., Ltd.*, resulting in a $72.5 million settlement that represents approximately 24% to 50% of the best estimate of classwide damages suffered by investors.  Before joining the Firm, Goldstein served as a law clerk for the Honorable William H. Erickson on the Colorado Supreme Court and as an Assistant United States Attorney for the Southern District of California, where he tried numerous cases and briefed and argued appeals before the Ninth Circuit Court of Appeals.

## Education
B.A., Duke University, 1991; J.D., University of Denver College of Law, 1995

## Honors / Awards
Recommended Lawyer, *The Legal 500*, 2018-2019; Comments Editor, *University of Denver Law Review*, University of Denver College of Law

# Benny C. Goodman III | Partner

Benny Goodman is a partner in the Firm's San Diego office.  He primarily represents plaintiffs in shareholder actions on behalf of aggrieved corporations.  Goodman has recovered hundreds of millions of dollars in shareholder derivative actions pending in state and federal courts across the nation.  Most recently, he led a team of lawyers in litigation brought on behalf of Community Health Systems, Inc., resulting in a $60 million payment to the company, the largest recovery in a shareholder derivative action in Tennessee and the Sixth Circuit, as well as best-in-class value-enhancing corporate governance reforms that included two shareholder-nominated directors to the Community Health Board of Directors.

Similarly, Goodman recovered a $25 million payment to Lumber Liquidators and numerous corporate governance reforms, including a shareholder-nominated director, in *In re Lumber Liquidators Holdings, Inc. S'holder Derivative Litig.*  In *In re Google Inc. S'holder Derivative Litig.*, Goodman achieved groundbreaking corporate governance reforms designed to mitigate regulatory and legal compliance risk associated with online pharmaceutical advertising, including among other things, the creation of a $250 million fund to help combat rogue pharmacies from improperly selling drugs online.

## Education
B.S., Arizona State University, 1994; J.D., University of San Diego School of Law, 2000

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2021; Super Lawyer, *Super Lawyers Magazine*, 2018-2021; Recommended Lawyer, *The Legal 500*, 2017

# Elise J. Grace | Partner

Elise Grace is a partner in the San Diego office and counsels the Firm's institutional clients on options to secure premium recoveries in securities litigation both within the United States and internationally. Grace is a frequent lecturer and author on securities and accounting fraud, and develops annual MCLE and CPE accredited educational programs designed to train public fund representatives on practices to protect and maximize portfolio assets, create long-term portfolio value, and best fulfill fiduciary duties. Grace has routinely been named a Recommended Lawyer by *The Legal 500* and named a Leading Plaintiff Financial Lawyer by *Lawdragon*. Grace has prosecuted various significant securities fraud class actions, as well as the AOL Time Warner state and federal securities opt-out litigations, which resulted in a combined settlement of over $629 million for defrauded investors. Before joining the Firm, Grace practiced at Clifford Chance, where she defended numerous Fortune 500 companies in securities class actions and complex business litigation.

## Education

B.A., University of California, Los Angeles, 1993; J.D., Pepperdine School of Law, 1999

## Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Recommended Lawyer, *The Legal 500*, 2016-2017; J.D., *Magna Cum Laude*, Pepperdine School of Law, 1999; American Jurisprudence Bancroft-Whitney Award – Civil Procedure, Evidence, and Dalsimer Moot Court Oral Argument; Dean's Academic Scholarship Recipient, Pepperdine School of Law; B.A., *Summa Cum Laude*, University of California, Los Angeles, 1993; B.A., *Phi Beta Kappa*, University of California, Los Angeles, 1993

## Tor Gronborg | Partner

Tor Gronborg is a partner in the Firm's San Diego office and a member of the Firm's Management Committee.  He often lectures on topics such as the Federal Rules of Civil Procedure and electronic discovery.  Gronborg has served as lead or co-lead counsel in numerous securities fraud cases that have collectively recovered more than $4.4 billion for investors.  Most recently, Gronborg and a team of Robbins Geller attorneys obtained an $809 million settlement in *In re Twitter, Inc. Sec. Litig.*, a case that did not settle until the day before trial was set to commence.

In addition to *Twitter*, Gronborg's work has included significant recoveries against corporations such as Valeant Pharmaceuticals ($1.21 billion), Cardinal Health ($600 million), Motorola ($200 million), Duke Energy ($146.25 million), Sprint Nextel Corp. ($131 million), and Prison Realty ($104 million), to name a few.  Gronborg was also a member of the Firm's trial team in *Hsu v. Puma Biotechnology, Inc.*, No. SACV15-0865 (C.D. Cal.), a securities fraud class action that resulted in a verdict in favor of investors after a two-week jury trial and ultimately settled for 100% of the claimed damages plus prejudgment interest.

On three separate occasions, Gronborg's pleadings have been upheld by the federal Courts of Appeals (*Broudo v. Dura Pharms., Inc.*, 339 F.3d 933 (9th Cir. 2003), *rev'd on other grounds*, 544 U.S. 336 (2005); *In re Daou Sys.*, 411 F.3d 1006 (9th Cir. 2005); *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406 (2d Cir. 2008)).

## Education

B.A., University of California, Santa Barbara, 1991; Rotary International Scholar, University of Lancaster, U.K., 1992; J.D., University of California, Berkeley, 1995

## Honors / Awards

Leading Lawyer in America, *Lawdragon*, 2022-2023; Best Lawyer in America, *Best Lawyers®*, 2022-2023; West Trailblazer, *The American Lawyer*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Super Lawyer, *Super Lawyers Magazine,* 2013-2021; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2019; Moot Court Board Member, University of California, Berkeley; AFL-CIO history scholarship, University of California, Santa Barbara

# Ellen Gusikoff Stewart | Partner

Ellen Stewart is a partner in the Firm's San Diego office, and is a member of the Firm's Summer Associate Hiring Committee.  She currently practices in the Firm's settlement department, negotiating and documenting complex securities, merger, ERISA, and derivative action settlements.  Notable settlements include: *In re Facebook Biometric Info. Privacy Litig.* (N.D. Cal. 2021) ($650 million); *KBC Asset Management v. 3D Systems Corp.* (D.S.C. 2018) ($50 million); *Luna v. Marvell Tech. Grp.* (N.D. Cal. 2018) ($72.5 million); *Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.* (M.D. Tenn. 2015) ($65 million); and *City of Sterling Heights Gen. Emps.' Ret. Sys v. Hospira, Inc.* (N.D. Ill. 2014) ($60 million).

Stewart has served on the Federal Bar Association Ad Hoc Committee for the revisions to the Settlement Guidelines for the Northern District of California and was a contributor to the Guidelines and Best Practices – Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions manual of the Bolch Judicial Institute at the Duke University School of Law.

## Education
B.A., Muhlenberg College, 1986; J.D., Case Western Reserve University, 1989

## Honors / Awards
Rated Distinguished by Martindale-Hubbell

# Robert Henssler | Partner

Bobby Henssler is a partner in the Firm's San Diego office, where he focuses his practice on securities fraud and other complex civil litigation. He has obtained significant recoveries for investors in cases such as *Enron*, *Blackstone*, and *CIT Group*. Henssler is currently a key member of the team of attorneys prosecuting fraud claims against Goldman Sachs stemming from Goldman's conduct in subprime mortgage transactions (including "Abacus").

Most recently, Henssler and a team of Robbins Geller attorneys a $1.21 billion settlement in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations." This is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

Henssler was also lead counsel in *Schuh v. HCA Holdings, Inc.*, which resulted in a $215 million recovery for shareholders, the largest securities class action recovery ever in Tennessee. The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action. Henssler also led the litigation teams in *Marcus v. J.C. Penney Company, Inc.* ($97.5 million recovery), *Landmen Partners Inc. v. The Blackstone Group L.P.* ($85 million recovery), *In re Novatel Wireless Sec. Litig.* ($16 million recovery), *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC* ($14 million settlement), and *Kmiec v. Powerwave Technologies, Inc.* ($8.2 million settlement), to name a few.

## Education
B.A., University of New Hampshire, 1997; J.D., University of San Diego School of Law, 2001

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2020-2022; California Lawyer of the Year, *Daily Journal*, 2022; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2020; Recommended Lawyer, *The Legal 500*, 2018-2019

## Steven F. Hubachek  |  Partner

Steve Hubachek is a partner in the Firm's San Diego office.  He is a member of the Firm's appellate group, where his practice concentrates on federal appeals.  He has more than 25 years of appellate experience, has argued over 100 federal appeals, including 3 cases before the United States Supreme Court and 7 cases before en banc panels of the Ninth Circuit Court of Appeals.  Prior to his work with the Firm, Hubachek joined Perkins Coie in Seattle, Washington, as an associate.  He was admitted to the Washington State Bar in 1987 and was admitted to the California State Bar in 1990, practicing for many years with Federal Defenders of San Diego, Inc.  He also had an active trial practice, including over 30 jury trials, and was Chief Appellate Attorney for Federal Defenders.

### Education

B.A., University of California, Berkeley, 1983; J.D., Hastings College of the Law, 1987

### Honors / Awards

AV rated by Martindale-Hubbell; Top Lawyer in San Diego, *San Diego Magazine*, 2014-2021; Super Lawyer, *Super Lawyers Magazine*, 2007-2009, 2019-2021; Assistant Federal Public Defender of the Year, National Federal Public Defenders Association, 2011; Appellate Attorney of the Year, San Diego Criminal Defense Bar Association, 2011 (co-recipient); President's Award for Outstanding Volunteer Service, Mid City Little League, San Diego, 2011; E. Stanley Conant Award for exceptional and unselfish devotion to protecting the rights of the indigent accused, 2009 (joint recipient); *The Daily Transcript* Top Attorneys, 2007; J.D., *Cum Laude*, Order of the Coif, Thurston Honor Society, Hastings College of Law, 1987

## James I. Jaconette  |  Partner

James Jaconette is one of the founding partners of the Firm and is located in its San Diego office.  He manages cases in the Firm's  securities class action and shareholder derivative litigation practices.  He has served as one of the lead counsel in securities cases with recoveries to individual and institutional investors totaling over $8 billion.  He also advises institutional investors, including hedge funds, pension funds, and financial institutions.  Landmark securities actions in which he contributed in a primary litigating role include *In re Informix Corp. Sec. Litig.*, and *In re Dynegy Inc. Sec. Litig.* and *In re Enron Corp. Sec. Litig.*, where he represented lead plaintiff The Regents of the University of California.  Most recently, Jaconette was part of the trial team in *Schuh v. HCA Holdings, Inc.*, which resulted in a $215 million recovery for shareholders, the largest securities class action recovery ever in Tennessee.  The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action.

### Education

B.A., San Diego State University, 1989; M.B.A., San Diego State University, 1992; J.D., University of California Hastings College of the Law, 1995

### Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; J.D., *Cum Laude*, University of California Hastings College of the Law, 1995; Associate Articles Editor, *Hastings Law Journal*, University of California Hastings College of the Law; B.A., with Honors and Distinction, San Diego State University, 1989

## J. Marco Janoski Gray | Partner

Marco Janoski is a partner in the Firm's San Diego office, where his practice focuses on complex securities litigation. He was part of the litigation team for *Schuh v. HCA Holdings, Inc.*, which resulted in a $215 million recovery for shareholders, the largest securities class action recovery ever in Tennessee. The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action. He was also a member of the Firm's trial team in *Hsu v. Puma Biotechnology, Inc.*, a securities fraud class action that resulted in a verdict in favor of investors after a two-week jury trial.  Janoski also obtained a $350 million settlement on the eve of trial in *Smilovits v. First Solar, Inc.*, the fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.  Most recently, Janoski and a team of Robbins Geller attorneys obtained an $809.5 million settlement in *In re Twitter, Inc. Securities Litigation*, a case that did not settle until the day before trial was set to commence. The settlement is the largest securities fraud class action recovery in the Ninth Circuit in the last decade.

## Education

Universidad Complutense de Madrid, 2010-2011; B.A., University of California, Santa Barbara, 2011; J.D., University of California, Hastings College of the Law, 2015

## Honors / Awards

J.D., *Magna Cum Laude,* University of California, Hastings College of the Law, 2015

## Rachel L. Jensen | Partner

Rachel Jensen is a partner in the Firm's San Diego office who specializes in securities fraud, consumer fraud, RICO, and antitrust actions.  Jensen has developed a 20-year track record of success in crafting impactful business reforms and helping to recover billions of dollars on behalf of working families, businesses, and government entities.

Jensen was one of the lead attorneys representing Trump University students nationwide in high-profile litigation that yielded nearly 100% of the "tuition" students paid, and did so on a *pro bono* basis.  As court-appointed Plaintiffs' Steering Committee member in the Fiat Chrysler EcoDiesel litigation, Jensen helped obtain an $840 million global settlement for concealed defeat devices in over 100,000 vehicles.  Jensen also represented drivers against Volkswagen in one of the most brazen corporate frauds in recent history, helping recover $17 billion for emissions cheating in "clean" diesel vehicles.

As reported in *The Washington Post*, Jensen recently served as co-lead trial counsel in a *qui tam* case against a bus manufacturer to enforce a "good jobs" U.S. employment plan in a $500 million procurement contract with LA Metro.  The settlement included a historic multi-state community benefits agreement with workforce development programs, fair hiring, and equity measures in Ontario, California and Anniston, Alabama.    A  video  about  the  case  can  be  viewed  here: https://yearinreview.rgrdlaw.com/protecting-workers/.  In another landmark case, Jensen's efforts on behalf of California passengers to stop Greyhound from subjecting them to discriminatory immigration raids paid off as Greyhound no longer allows border patrol aboard without a warrant.

Among other recoveries, Jensen has played significant roles in *In re LendingClub Sec. Litig.* (N.D. Cal.) ($125 million securities fraud settlement ranked among top 10 in N.D. Cal.); *Negrete v. Allianz Life Ins. Co. of N. Am.* (C.D. Cal.) ($250 million to senior citizens targeted for deferred annuities that would not mature in their lifetimes); *In re Morning Song Bird Food Litig.* (S.D. Cal.) ($85 million in refunds to bird lovers for

wild bird food treated with pesticides hazardous to birds); *City of Westland Police & Fire Ret. Sys. v. Stumpf* (N.D. Cal.) ($67 million in homeowner down-payment assistance and credit counseling for cities hit by foreclosure crisis and computer integration for mortgage servicing in "robo-signing" case); *In re Mattel, Inc., Toy Lead Paint Prods. Liab. Litig.* (C.D. Cal.) ($50 million in refunds and quality assurance reforms for toys made in China with lead and magnets); and *In re Checking Account Overdraft Litig.* (S.D. Fla.) ($500 million in settlements with major banks for manipulating debit transactions to maximize overdraft fees).

Before joining the practice, Jensen clerked for the late Honorable Warren J. Ferguson on the Ninth Circuit Court of Appeals; associated with Morrison & Foerster LLP in San Francisco; and worked abroad in Arusha, Tanzania as a law clerk in the Office of the Prosecutor at the International Criminal Tribunal for Rwanda ("ICTR") and the International Criminal Tribunal for the Former Yugoslavia ("ICTY"), located in The Hague, Netherlands.

## Education

B.A., Florida State University, 1997; University of Oxford, International Human Rights Law Program at New College, Summer 1998; J.D., Georgetown University Law School, 2000

## Honors / Awards

Leading Plaintiff Consumer Lawyer, *Lawdragon*, 2022-2023; Leading Lawyer in America, *Lawdragon*, 2017-2023; Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Super Lawyer, *Super Lawyers Magazine*, 2016-2021; Best Lawyer in Southern California: One to Watch, *Best Lawyers®*, 2021; Top Woman Lawyer, *Daily Journal*, 2017, 2020; California Trailblazer, *The Recorder*, 2019; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2018; Rising Star, *Super Lawyers Magazine*, 2015; Nominated for 2011 Woman of the Year, *San Diego Magazine*; Editor-in-Chief, *First Annual Review of Gender and Sexuality Law*, Georgetown University Law School; Dean's List 1998-1999; B.A., *Cum Laude*, Florida State University's Honors Program, 1997; *Phi Beta Kappa*

# Steven M. Jodlowski | Partner

Steven Jodlowski is a partner in the Firm's San Diego office. His practice focuses on high-stakes complex litigation, often involving antitrust, securities, and consumer claims. In recent years, he has specialized in representing investors in a series of antitrust actions involving the manipulation of benchmark rates, including the *ISDAfix Benchmark* litigation, which to date resulted in the recovery of $504.5 million on behalf of investors, and *In re SSA Bonds Antitrust Litig.*, which resulted in the recovery of $95.5 million on behalf of investors. He is currently serving as interim co-lead class counsel in *Thompson v. 1-800 Contacts, Inc.*, where the court has granted preliminary approval of $24.9 million in settlements. Jodlowski was also part of the trial team in an antitrust monopolization case against a multinational computer and software company.

Jodlowski has successfully prosecuted numerous antitrust and RICO cases. These cases resulted in the recovery of more than $1 billion for investors and policyholders. Jodlowski has also represented institutional and individual shareholders in corporate takeover actions in state and federal court. He has handled pre- and post-merger litigation stemming from the acquisition of publicly listed companies in the biotechnology, oil and gas, information technology, specialty retail, electrical, banking, finance, and real estate industries, among others.

## Education

B.B.A., University of Central Oklahoma, 2002; J.D., California Western School of Law, 2005

## Honors / Awards

Rising Star, *Super Lawyers Magazine*, 2015-2019; Outstanding Antitrust Litigation Achievement in Private Law Practice, American Antitrust Institute, 2018; CAOC Consumer Attorney of the Year Award Finalist, 2015; J.D., *Cum Laude*, California Western School of Law, 2005

## Chad Johnson | Partner

Chad Johnson, a former Deputy Attorney General for the State of New York, is the Managing Partner of the Firm's Manhattan office.  Johnson has been litigating complex securities cases and breach of fiduciary duty actions for over 30 years.  Johnson's background includes decades as a plaintiffs' lawyer, a securities-fraud prosecutor, and as a defense lawyer. Johnson's cases in the private sector have to date recovered more than $9 billion for investors.

Johnson previously was the head of New York's securities fraud unit and served as Deputy Attorney General for the State of New York.  In that role, Johnson helped recover billions of dollars and make new law favorable to investors.  As a senior member of the Attorney General's Office for the State of New York, Johnson pursued cases against Wall Street fraudsters for making false statements to the investing public.

In the private sector, Johnson represents institutional and individual investors in securities and breach of fiduciary duty cases, including representing investors in direct or "opt-out" actions and in class actions. Johnson represents some of the world's largest and most sophisticated asset managers, public pension funds, and sovereign wealth funds. Johnson also represents and works with whistleblowers.

Johnson's cases have resulted in some of the largest recoveries for shareholders on record.  This includes $1 billion recently recovered for shareholders in the Dell Class V litigation, which is nearly four times the next-largest comparable recovery in the Delaware Court of Chancery.  This recovery of $1 billion is also the largest securities class action or derivative recovery in history in any state court in the nation.  This historic recovery was reached on the eve of trial and is subject to court approval.  Johnson also helped lead other securities cases that resulted in massive recoveries for shareholders, including in: *WorldCom* (more than $6 billion recovered for shareholders); *Wachovia* ($627 million recovered for shareholders); *Williams* ($311 million recovered for shareholders); and *Washington Mutual* ($208 million recovered for shareholders).

While a Deputy Attorney General for the State of New York and Chief of the New York Investor Protection Bureau, Johnson helped recover $16.65 billion from Bank of America and $13 billion from JP Morgan Chase for the toxic residential mortgage-backed securities (RMBS) devised and sold by those banks.

Johnson has successfully tried cases in federal and state courts, in the Delaware Court of Chancery, and in arbitration tribunals in the United States and overseas.  Johnson also advises institutional and other investors about how best to enforce their rights as shareholders in the United States and abroad.

## Education
B.A., University of Michigan, 1989; J.D., Harvard Law School, 1993

## Honors / Awards
J.D., *Cum Laude*, Harvard Law School, 1993; B.A., High Distinction, University of Michigan, 1989

## Evan J. Kaufman | Partner

Evan Kaufman is a partner in the Firm's Melville office. He focuses his practice in the area of complex litigation, including securities, ERISA, corporate fiduciary duty, derivative, and consumer fraud class actions. Kaufman has served as lead counsel or played a significant role in numerous actions, including: *In re TD Banknorth S'holders Litig.* ($50 million recovery); *In re Gen. Elec. Co. ERISA Litig.* ($40 million cost to GE, including significant improvements to GE's employee retirement plan, and benefits to GE plan participants valued in excess of $100 million); *EnergySolutions, Inc. Sec. Litig.* ($26 million recovery); *Lockheed Martin Corp. Sec. Litig.* ($19.5 million recovery); *In re Warner Chilcott Ltd. Sec. Litig.* ($16.5 million recovery); *In re Third Avenue Mgmt. Sec. Litig.* ($14.25 million recovery); *In re Giant Interactive Grp., Inc. Sec. Litig.* ($13 million recovery); *In re Royal Grp. Tech. Sec. Litig.* ($9 million recovery); *Fidelity Ultra Short Bond Fund Litig.* ($7.5 million recovery); *In re Audiovox Derivative Litig.* ($6.75 million recovery and corporate governance reforms); *State Street Yield Plus Fund Litig.* ($6.25 million recovery); *In re Merrill Lynch & Co., Inc., Internet Strategies Sec. Litig.* (resolved as part of a $39 million global settlement); and *In re MONY Grp., Inc. S'holder Litig.* (obtained preliminary injunction requiring disclosures in proxy statement).

## Education
B.A., University of Michigan, 1992; J.D., Fordham University School of Law, 1995

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2013-2015, 2017-20120; Member, *Fordham International Law Journal*, Fordham University School of Law

## Ashley M. Kelly | Partner

Ashley Kelly is a partner in the Firm's San Diego office, where she represents large institutional and individual investors as a member of the Firm's antitrust and securities fraud practices. Her work is primarily federal and state class actions involving the federal antitrust and securities laws, common law fraud, breach of contract, and accounting violations. Kelly's case work has been in the financial services, oil & gas, e-commerce, and technology industries. In addition to being an attorney, she is a Certified Public Accountant. Kelly was an important member of the litigation team that obtained a $500 million settlement on behalf of investors in *Luther v. Countrywide Fin. Corp.*, which was the largest residential mortgage-backed securities purchaser class action recovery in history.

## Education
B.S., Pennsylvania State University, 2005; J.D., Rutgers University-Camden, 2011

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2016, 2018-2021

# David A. Knotts | Partner

David Knotts is a partner in the Firm's San Diego office and, in addition to ongoing litigation work, teaches a full-semester course on M&A litigation at the University of California Berkeley School of Law. He focuses his practice on securities class action litigation in the context of mergers and acquisitions, representing both individual shareholders and institutional investors.  Knotts has been counsel of record for shareholders on a number of significant recoveries in courts and throughout the country, including *In re Rural/Metro Corp. S'holders Litig.* (nearly $110 million total recovery, affirmed by the Delaware Supreme Court in *RBC v. Jervis*), *In re Del Monte Foods Co. S'holders Litig.* ($89.4 million), *Websense* ($40 million), *In re Onyx S'holders Litig.* ($30 million), and *Joy Global* ($20 million).  *Websense* and *Onyx* are both believed to be the largest post-merger class settlements in California state court history.  When Knotts recently presented the settlement as lead counsel for the stockholders in *Joy Global*, the United States District Court for the Eastern District of Wisconsin noted that "this is a pretty extraordinary settlement, recovery on behalf of the members of the class. . . .  [I]t's always a pleasure to work with people who are experienced and who know what they are doing."

Before joining Robbins Geller, Knotts was an associate at one of the largest law firms in the world and represented corporate clients in various aspects of state and federal litigation, including major antitrust matters, trade secret disputes, and unfair competition claims.

## Education

B.S., University of Pittsburgh, 2001; J.D., Cornell Law School, 2004

## Honors / Awards

40 & Under Hot List, *Benchmark Litigation*, 2018, 2020-2021; Next Generation Partner, *The Legal 500*, 2019-2021; Recommended Lawyer, *The Legal 500*, 2017-2019; Wiley W. Manuel Award for Pro Bono Legal Services, State Bar of California; Casa Cornelia Inns of Court; J.D., *Cum Laude*, Cornell Law School, 2004

# Laurie L. Largent | Partner

Laurie Largent is a partner in the Firm's San Diego, California office. Her practice focuses on securities class action and shareholder derivative litigation and she has helped recover millions of dollars for injured shareholders. Largent was part of the litigation team that obtained a $265 million recovery in *In re Massey Energy Co. Sec. Litig.*, in which Massey was found accountable for a tragic explosion at the Upper Big Branch mine in Raleigh County, West Virginia. She also helped obtain $67.5 million for Wyeth shareholders in *City of Livonia Emps.' Ret. Sys. v. Wyeth*, settling claims that the defendants misled investors about the safety and commercial viability of one of the company's leading drug candidates. Most recently, Largent was on the team that secured a $64 million recovery for Dana Corp. shareholders in *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, in which the Firm's Appellate Practice Group successfully appealed to the Sixth Circuit Court of Appeals twice, reversing the district court's dismissal of the action. Some of Largent's other cases include: *In re Sanofi-Aventis Sec. Litig.* (S.D.N.Y.) ($40 million); *In re Bridgepoint Educ., Inc. Sec. Litig.* (S.D. Cal.) ($15.5 million); *Ross v. Abercrombie & Fitch Co.* (S.D. Ohio) ($12 million); *Maiman v. Talbott* (C.D. Cal.) ($8.25 million); *In re Cafepress Inc. S'holder Litig.* (Cal. Super. Ct., San Mateo Cnty.) ($8 million); and *Krystek v. Ruby Tuesday, Inc.* (M.D. Tenn.) ($5 million). Largent's current cases include securities fraud cases against Dell, Inc. (W.D. Tex.) and Banc of California (C.D. Cal.).

Largent is a past board member on the San Diego County Bar Foundation and the San Diego Volunteer Lawyer Program. She has also served as an Adjunct Business Law Professor at Southwestern College in Chula Vista, California.

## Education
B.B.A., University of Oklahoma, 1985; J.D., University of Tulsa, 1988

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Board Member, San Diego County Bar Foundation, 2013-2017; Board Member, San Diego Volunteer Lawyer Program, 2014-2017

# Kevin A. Lavelle | Partner

Kevin Lavelle is a partner in the Firm's San Diego office, where his practice focuses on complex securities litigation.

Lavelle has served on numerous litigation teams and helped obtain over $500 million for investors. His work includes several significant recoveries against corporations, including HCA Holdings, Inc. ($215 million); Altria Group and JUUL Labs ($90 million); Endo Pharmaceuticals ($63 million); and Intercept Pharmaceuticals ($55 million), among others.

## Education
B.A., College of the Holy Cross, 2008; J.D., Brooklyn Law School, 2013

## Honors / Awards
J.D., *Cum Laude*, Brooklyn Law School, 2013; B.A., *Cum Laude*, College of the Holy Cross, 2008

## Nathan R. Lindell | Partner

Nate Lindell is a partner in the Firm's San Diego office, where his practice focuses on representing aggrieved investors in complex civil litigation. He has helped achieve numerous significant recoveries for investors, including:*In re Enron Corp. Sec. Litig.* ($7.2 billion recovery); *In re HealthSouth Corp. Sec. Litig.* ($671 million recovery); *Luther v. Countrywide Fin. Corp.* ($500 million recovery); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.* ($388 million recovery); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* ($272 million recovery); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.* ($95 million recovery); *Massachusetts Bricklayers & Masons Tr. Funds v. Deutsche Alt-A Sec., Inc.* ($32.5 million recovery); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.* ($24.9 million recovery); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.* ($21.2 million recovery); and *Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg., Inc.* ($11.25 million recovery). In October 2016, Lindell successfully argued in front of the New York Supreme Court, Appellate Division, First Judicial Department, for the reversal of an earlier order granting defendants' motion to dismiss in *Phoenix Light SF Limited v. Morgan Stanley*.

Lindell was also a member of the litigation team responsible for securing a landmark victory from the Second Circuit Court of Appeals in its precedent-setting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* decision, which dramatically expanded the scope of permissible class actions asserting claims under the Securities Act of 1933 on behalf of mortgage-backed securities investors, and ultimately resulted in a $272 million recovery for investors.

### Education
B.S., Princeton University, 2003; J.D., University of San Diego School of Law, 2006

### Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2015-2017; Charles W. Caldwell Alumni Scholarship, University of San Diego School of Law; CALI/AmJur Award in Sports and the Law

## Ryan Llorens | Partner

Ryan Llorens is a partner in the Firm's San Diego office. Llorens' practice focuses on litigating complex securities fraud cases. He has worked on a number of securities cases that have resulted in significant recoveries for investors, including: *In re HealthSouth Corp. Sec. Litig.* ($670 million); *AOL Time Warner* ($629 million); *In re AT&T Corp. Sec. Litig.* ($100 million); *In re Fleming Cos. Sec. Litig.* ($95 million); and *In re Cooper Cos., Inc. Sec Litig.* ($27 million).

### Education
B.A., Pitzer College, 1997; J.D., University of San Diego School of Law, 2002

### Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2015

# Andrew S. Love | Partner

Andrew Love is a partner in the Firm's San Francisco office. His practice focuses primarily on appeals of securities fraud class action cases. Love has briefed and argued cases on behalf of defrauded investors and consumers in several U.S. Courts of Appeal, as well as in the California appellate courts. Prior to joining the Firm, Love represented inmates on California's death row in appellate and habeas corpus proceedings, successfully arguing capital cases in both the California Supreme Court and the Ninth Circuit. During his many years as a death penalty lawyer, he co-chaired the Capital Case Defense Seminar (2004-2013), recognized as the largest conference for death penalty practitioners in the country. He regularly presented at the seminar and at other conferences on a wide variety of topics geared towards effective appellate practice. Additionally, he was on the faculty of the National Institute for Trial Advocacy's Post-Conviction Skills Seminar. Love has also written several articles on appellate advocacy and capital punishment that have appeared in *The Daily Journal*, *CACJ Forum*, *American Constitution Society*, and other publications.

## Education

University of Vermont, 1981; J.D., University of San Francisco School of Law, 1985

## Honors / Awards

J.D., *Cum Laude*, University of San Francisco School of Law, 1985; McAuliffe Honor Society, University of San Francisco School of Law, 1982-1985

# Erik W. Luedeke | Partner

Erik Luedeke is a partner in the Firm's San Diego office, where he represents individual and institutional investors in shareholder derivative and securities litigation. As corporate fiduciaries, directors and officers are duty-bound to act in the best interest of the corporation and its shareholders. When they fail to do so they breach their fiduciary duty and may be held liable for harm caused to the corporation. Luedeke's shareholder derivative practice focuses on litigating breach of fiduciary duty and related claims on behalf of corporations and shareholders injured by wayward corporate fiduciaries. Notable shareholder derivative actions in which he recently participated and the recoveries he helped to achieve include *In re Community Health Sys., Inc. S'holder Derivative Litig.* ($60 million in financial relief and unprecedented corporate governance reforms), *In re Lumber Liquidators Holdings, Inc. S'holder Derivative Litig.* ($26 million in financial relief plus substantial governance), and *In re Google Inc. S'holder Derivative Litig.* ($250 million in financial relief to fund substantial governance).

Luedeke's practice also includes the prosecution of complex securities class action cases on behalf of aggrieved investors. Luedeke was a member of the litigation team in *Jaffe v. Household Int'l, Inc.*, No. 02-C-5893 (N.D. Ill.), that resulted in a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial ending in a plaintiffs' verdict. He was also a member of the litigation teams in *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.) ($925 million recovery), and *In re Questcor Pharms., Inc. Sec. Litig.*, No. 8:12-cv-01623 (C.D. Cal.) ($38 million recovery).

## Education

B.S./B.A., University of California Santa Barbara, 2001; J.D., University of San Diego School of Law, 2006

## Honors / Awards

Rising Star, *Super Lawyers Magazine*, 2015-2017; Student Comment Editor, *San Diego International Law Journal*, University of San Diego School of Law

# Christopher H. Lyons | Partner

Christopher Lyons is a partner in the Firm's Nashville office. He focuses his practice on representing institutional and individual investors in merger-related class action litigation and in complex securities litigation. Lyons has been a significant part of litigation teams that have achieved substantial recoveries for investors. Notable cases include *CoreCivic* (*Grae v. Corrections Corporation of America*) ($56 million recovered), *Good Technology* ($52 million recovered for investors in a privately held technology company), *Nissan* ($36 million recovered), *Blackhawk Network Holdings* ($29.5 million recovered), and *The Fresh Market* (*Morrison v. Berry*) ($27.5 million recovered). His *pro bono* work includes representing individuals who are appealing denial of necessary medical benefits by TennCare (Tennessee's Medicaid program), through the Tennessee Justice Center.

Before joining Robbins Geller, Lyons practiced at a prominent Delaware law firm, where he mostly represented corporate officers and directors defending against breach of fiduciary duty claims in the Delaware Court of Chancery and in the Delaware Supreme Court. Before that, he clerked for Vice Chancellor J. Travis Laster of the Delaware Court of Chancery. Lyons now applies the expertise he gained from those experiences to help investors uncover wrongful conduct and recover the money and other remedies to which they are rightfully entitled.

## Education
B.A., Colorado College, 2006; J.D., Vanderbilt University Law School, 2010

## Honors / Awards
Best Lawyer in America: One to Watch, *Best Lawyers®*, 2022-2023; 40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2018-2020; B.A., Distinction in International Political Economy, Colorado College, 2006; J.D., Law & Business Certificate, Vanderbilt University Law School, 2010

# Noam Mandel | Partner

Noam Mandel is a partner in the Firm's Manhattan office. Mandel has extensive experience in all aspects of litigation on behalf of investors, including securities law claims, corporate derivative actions, fiduciary breach class actions, and appraisal litigation. Mandel has represented investors in federal and state courts throughout the United States and has significant experience advising investors concerning their interests in litigation and investigating and prosecuting claims on their behalf.

Mandel has served as counsel in numerous outstanding securities litigation recoveries, including in *In re Nortel Networks Corporation Securities Litigation* ($1.07 billion shareholder recovery), *Ohio Public Employees Retirement System v. Freddie Mac* ($410 million shareholder recovery), and *In re Satyam Computer Services, Ltd. Securities Litigation* ($150 million shareholder recovery). Mandel has also served as counsel in notable fiduciary breach class and derivative actions, particularly before the Court of Chancery of the State of Delaware. These actions include the groundbreaking fiduciary duty litigation challenging the CVS/Caremark merger (*Louisiana Municipal Police Employees' Retirement System v. Crawford*), which resulted in more than $3.3 billion in additional consideration for Caremark shareholders. Mandel currently serves as counsel in *In re Dell Technologies Inc. Class V Stockholders Litigation*, which is presently before the Court of Chancery of the State of Delaware.

## Education
B.S., Georgetown University, School of Foreign Service, 1998; J.D., Boston University School of Law, 2002

## Honors / Awards
J.D., *Cum Laude*, Boston University School of Law, 2002; Member, *Boston University Law Review*, Boston University School of Law

# Mark T. Millkey | Partner

Mark Millkey is a partner in the Firm's Melville office. He has significant experience in the areas of securities and consumer litigation, as well as in federal and state court appeals.

During his career, Millkey has worked on a major consumer litigation against MetLife that resulted in a benefit to the class of approximately $1.7 billion, as well as a securities class action against Royal Dutch/Shell that settled for a minimum cash benefit to the class of $130 million and a contingent value of more than $180 million. Since joining Robbins Geller, he has worked on securities class actions that have resulted in more than $1.5 billion in settlements.

## Education
B.A., Yale University, 1981; M.A., University of Virginia, 1983; J.D., University of Virginia, 1987

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2013-2022

# David W. Mitchell | Partner

David Mitchell is a partner in the Firm's San Diego office and focuses his practice on antitrust and securities fraud litigation. He is a former federal prosecutor who has tried nearly 20 jury trials. As head of the Firm's Antitrust and Competition Law Practice Group, he has served as lead or co-lead counsel in numerous cases and has helped achieve substantial settlements for shareholders. His most notable antitrust cases include *Dahl v. Bain Cap. Partners, LLC*, obtaining more than $590 million for shareholders, and *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, in which a settlement of $5.5 billion was approved in the Eastern District of New York. This case was brought on behalf of millions of U.S. merchants against Visa and MasterCard and various card-issuing banks, challenging the way these companies set and collect tens of billions of dollars annually in merchant fees. The settlement is believed to be the largest antitrust class action settlement of all time.

Additionally, Mitchell served as co-lead counsel in the ISDAfix Benchmark action against 14 major banks and broker ICAP plc, obtaining $504.5 million for plaintiffs. Currently, Mitchell serves as court-appointed lead counsel in *In re Aluminum Warehousing Antitrust Litig.*, *City of Providence, Rhode Island v. BATS Global Markets Inc.*, *In re SSA Bonds Antitrust Litig.*, *In re Remicade Antitrust Litig.*, and *In re 1-800 Contacts Antitrust Litig.*

## Education
B.A., University of Richmond, 1995; J.D., University of San Diego School of Law, 1998

## Honors / Awards
Member, Enright Inn of Court; Leading Lawyer in America, *Lawdragon*, 2020-2023; Best Lawyer in America, *Best Lawyers®*, 2018-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Top 50 Lawyers in San Diego, *Super Lawyers Magazine*, 2021; Southern California Best Lawyer, *Best Lawyers®*, 2018-2021; Super Lawyer, *Super Lawyers Magazine*, 2016-2021; Honoree, Outstanding Antitrust Litigation Achievement in Private Law Practice, American Antitrust Institute, 2018; Antitrust Trailblazer, *The National Law Journal*, 2015; "Best of the Bar," *San Diego Business Journal*, 2014

# Danielle S. Myers | Partner

Danielle Myers is a partner in the Firm's San Diego office and focuses her practice on complex securities litigation. Myers is one of the partners who oversees the Portfolio Monitoring Program® and provides legal recommendations to the Firm's institutional investor clients on their options to maximize recoveries in securities litigation, both within the United States and internationally, from inception to settlement.

Myers advises the Firm's clients in connection with lead plaintiff applications and has helped secure appointment of the Firm's clients as lead plaintiff and the Firm's appointment as lead counsel in hundreds of securities class actions, which cases have yielded more than $4 billion for investors, including 2018-2021 recoveries in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J.) ($1.2 billion); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion); *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555 (D. Ariz.) ($350 million); *City of Pontiac Gen. Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-5162 (W.D. Ark.) ($160 million); *Evellard v. LendingClub Corp.*, No. 3:16-cv-02627 (N.D. Cal.) ($125 million); *Knurr v. Orbital ATK, Inc.*, No. 1:16-cv-01031 (E.D. Va.) ($108 million); and *Marcus v. J.C. Penney Co., Inc.*, No. 6:13-cv-00736 (E.D. Tex.) ($97.5 million). Myers is also a frequent presenter on securities fraud and corporate governance reform at conferences and events around the world.

## Education
B.A., University of California at San Diego, 1997; J.D., University of San Diego, 2008

## Honors / Awards
Leading Lawyer in America, *Lawdragon*, 2022-2023; Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023; Top 100 Leaders in Law Honoree, *San Diego Business Journal*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2022; Leading Lawyer, *The Legal 500*, 2020-2022; Best Lawyer in Southern California: One to Watch, *Best Lawyers®*, 2021; Future Star, *Benchmark Litigation*, 2019-2020; Next Generation Lawyer, *The Legal 500*, 2017-2019; Recommended Lawyer, *The Legal 500*, 2019; Rising Star, *Super Lawyers Magazine*, 2015-2018; One of the "Five Associates to Watch in 2012," *Daily Journal*; Member, *San Diego Law Review*; CALI Excellence Award in Statutory Interpretation

## Eric I. Niehaus | Partner

Eric Niehaus is a partner in the Firm's San Diego office, where his practice focuses on complex securities and derivative litigation. His efforts have resulted in numerous multi-million dollar recoveries to shareholders and extensive corporate governance changes. Notable examples include: *In re NYSE Specialists Sec. Litig.* (S.D.N.Y.); *In re Novatel Wireless Sec. Litig.* (S.D. Cal.); *Batwin v. Occam Networks, Inc.* (C.D. Cal.); *Commc'ns Workers of Am. Plan for Employees' Pensions and Death Benefits v. CSK Auto Corp.* (D. Ariz.); *Marie Raymond Revocable Trust v. Mat Five* (Del. Ch.); and *Kelleher v. ADVO, Inc.* (D. Conn.). He most recently prosecuted a case against Stamps.com in the Central District of California that resulted in a $100 million settlement for shareholders of the company's stock. Before joining the Firm, Niehaus worked as a Market Maker on the American Stock Exchange in New York and the Pacific Stock Exchange in San Francisco.

### Education

B.S., University of Southern California, 1999; J.D., California Western School of Law, 2005

### Honors / Awards

Rising Star, *Super Lawyers Magazine*, 2015-2016; J.D., *Cum Laude*, California Western School of Law, 2005; Member, *California Western Law Review*

## Erika Oliver | Partner

Erika Oliver is a partner in the Firm's San Diego office. Before joining the Firm, Erika served as a judicial law clerk to the Honorable Anthony J. Battaglia of the Southern District of California. At the Firm, her practice focuses on complex securities litigation. Most recently, Erika and Luke Brooks defeated defendants' motion to dismiss securities fraud claims arising from purchases on Israel's Tel Aviv Stock Exchange in *In re Teva Sec. Litig.* (D. Conn.). Erika was also a member of the litigation teams of Robbins Geller attorneys that successfully recovered hundreds of millions of dollars for investors in securities class actions, including *In re Novo Nordisk Sec. Litig.* (D.N.J.) ($100 million recovery), *Fleming v. Impax Labs. Inc.* (N.D. Cal.) ($33 million recovery), and *In re Banc of California Sec. Litig.* (C.D. Cal.) ($19.75 million recovery).

### Education

B.S., San Diego State University, 2009; J.D., University of San Diego School of Law, 2015

### Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers*®, 2021-2023; Best Lawyer in Southern California: One to Watch, *Best Lawyers*®, 2021; J.D., *Magna Cum Laude*, University of San Diego School of Law, 2015; B.S., *Cum Laude*, San Diego State University, 2009

# Lucas F. Olts | Partner

Luke Olts is a partner in the Firm's San Diego office, where his practice focuses on securities litigation on behalf of individual and institutional investors. Olts recently served as lead counsel in *In re Facebook Biometric Info. Privacy Litig.*, a cutting-edge class action concerning Facebook's alleged privacy violations through its collection of users' biometric identifiers without informed consent that resulted in a $650 million settlement. Olts has focused on litigation related to residential mortgage-backed securities, and has served as lead counsel or co-lead counsel in some of the largest recoveries arising from the collapse of the mortgage market. For example, he was a member of the team that recovered $388 million for investors in J.P. Morgan residential mortgage-backed securities in *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, and a member of the litigation team responsible for securing a $272 million settlement on behalf of mortgage-backed securities investors in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* Olts also served as co-lead counsel in *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, which recovered $627 million under the Securities Act of 1933. He also served as lead counsel in *Siracusano v. Matrixx Initiatives, Inc.*, in which the U.S. Supreme Court unanimously affirmed the decision of the Ninth Circuit that plaintiffs stated a claim for securities fraud under §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Olts also served on the litigation team in *In re Deutsche Bank AG Sec. Litig.*, in which the Firm obtained *a* $18.5 million settlement in a case against Deutsche Bank and certain of its officers alleging violations of the Securities Act of 1933. Before joining the Firm, Olts served as a Deputy District Attorney for the County of Sacramento, where he tried numerous cases to verdict, including crimes of domestic violence, child abuse, and sexual assault.

## Education
B.A., University of California, Santa Barbara, 2001; J.D., University of San Diego School of Law, 2004

## Honors / Awards
Future Star, *Benchmark Litigation*, 2018-2020; Next Generation Lawyer, *The Legal 500*, 2017; Top Litigator Under 40, *Benchmark Litigation*, 2017; Under 40 Hotlist, *Benchmark Litigation*, 2016

## Steven W. Pepich | Partner

Steve Pepich is a partner in the Firm's San Diego office. His practice has focused primarily on securities class action litigation, but has also included a wide variety of complex civil cases, including representing plaintiffs in mass tort, royalty, civil rights, human rights, ERISA, and employment law actions. Pepich has participated in the successful prosecution of numerous securities class actions, including: *Carpenters Health & Welfare Fund v. Coca-Cola Co.* ($137.5 million recovery); *In re Fleming Cos. Inc. Sec. & Derivative Litig.* ($95 million recovered); *In re Boeing Sec. Litig.* ($92 million recovery); *In re Louisiana-Pacific Corp. Sec. Litig.* ($65 million recovery); *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.* ($43 million recovery); *In re Advanced Micro Devices Sec. Litig.* ($34 million recovery); and *Gohler v. Wood*, ($17.2 million recovery). Pepich was a member of the plaintiffs' trial team in *Mynaf v. Taco Bell Corp.*, which settled after two months of trial on terms favorable to two plaintiff classes of restaurant workers for recovery of unpaid wages. He was also a member of the plaintiffs' trial team in *Newman v. Stringfellow* where, after a nine-month trial in Riverside, California, all claims for exposure to toxic chemicals were ultimately resolved for $109 million.

## Education

B.S., Utah State University, 1980; J.D., DePaul University, 1983

## Daniel J. Pfefferbaum | Partner

Daniel Pfefferbaum is a partner in the Firm's San Francisco office, where his practice focuses on complex securities litigation. He has been a member of litigation teams that have recovered more than $250 million for investors, including: *City of Westland Police & Fire Ret. Sys. v. Metlife Inc.* ($84 million recovery); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.* ($65 million recovery*); In re PMI Grp., Inc. Sec. Litig.* ($31.25 million recovery); *Xiang v. Inovalon Holdings, Inc.* ($17 million recovery); *Cunha v. Hansen Natural Corp.* ($16.25 million recovery); *In re Accuray Inc. Sec. Litig.* ($13.5 million recovery); *Twinde v. Threshold Pharms., Inc.* ($10 million recovery); *In re Impax Labs. Inc. Sec. Litig.* ($9 million recovery); and *In re Ubiquiti Networks, Inc.* ($6.8 million recovery). Pfefferbaum was a member of the litigation team that secured a historic recovery on behalf of Trump University students in two class actions against President Donald J. Trump. The settlement provides $25 million to approximately 7,000 consumers. This result means individual class members are eligible for upwards of $35,000 in restitution. He represented the class on a *pro bono* basis.

## Education

B.A., Pomona College, 2002; J.D., University of San Francisco School of Law, 2006; LL.M. in Taxation, New York University School of Law, 2007

## Honors / Awards

40 & Under Hot List, *Benchmark Litigation*, 2016-2020; Future Star, *Benchmark Litigation*, 2018-2020; Top 40 Under 40, *Daily Journal*, 2017; Rising Star, *Super Lawyers Magazine*, 2013-2017

# Theodore J. Pintar | Partner

Ted Pintar is a partner in the Firm's San Diego office.  Pintar has over 20 years of experience prosecuting securities fraud actions and derivative actions and over 15 years of experience prosecuting insurance-related consumer class actions, with recoveries in excess of $1 billion.  He was part of the litigation team in the AOL Time Warner state and federal court securities opt-out actions, which arose from the 2001 merger of America Online and Time Warner.  These cases resulted in a global settlement of $618 million.  Pintar was also on the trial team in *Knapp v. Gomez*, which resulted in a plaintiff's verdict.  Pintar has successfully prosecuted several RICO cases involving the deceptive sale of deferred annuities, including cases against Allianz Life Insurance Company of North America ($250 million), American Equity Investment Life Insurance Company ($129 million), Midland National Life Insurance Company ($80 million), and Fidelity & Guarantee Life Insurance Company ($53 million).  He has participated in the successful prosecution of numerous other insurance and consumer class actions, including: (i) actions against major life insurance companies such as Manufacturer's Life ($555 million initial estimated settlement value) and Principal Mutual Life Insurance Company ($380+ million), involving the deceptive sale of life insurance; (ii) actions against major homeowners insurance companies such as Allstate ($50 million) and Prudential Property and Casualty Co. ($7 million); (iii) actions against automobile insurance companies such as the Auto Club and GEICO; and (iv) actions against Columbia House ($55 million) and BMG Direct, direct marketers of CDs and cassettes.  Pintar and co-counsel recently settled a securities class action for $32.8 million against Snap, Inc. in *Snap Inc. Securities Cases,* a case alleging violations of the Securities Act of 1933.  Additionally, Pintar has served as a panelist for numerous Continuing Legal Education seminars on federal and state court practice and procedure.

## Education

B.A., University of California, Berkeley, 1984; J.D., University of Utah College of Law, 1987

## Honors / Awards

Rated AV Preeminent by Martindale-Hubbell; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2021; Super Lawyer, *Super Lawyers Magazine*, 2014-2017; CAOC Consumer Attorney of the Year Award Finalist, 2015; Note and Comment Editor, *Journal of Contemporary Law*, University of Utah College of Law; Note and Comment Editor, *Journal of Energy Law and Policy*, University of Utah College of Law

## Ashley M. Price | Partner

Ashley Price is a partner in the Firm's San Diego office. Her practice focuses on complex securities litigation. Price served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a case arising out of ARCP's manipulative accounting practices, and obtained a $1.025 billion recovery. For five years, she and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history.

Most recently, Price was a key member of the Robbins Geller litigation team in *Monroe County Employees' Retirement System v. The Southern Company* in which an $87.5 settlement was reached after three years of litigation. The settlement resolved claims for violations of the Securities Exchange Act of 1934 stemming from defendants' issuance of materially misleading statements and omissions regarding the status of construction of a first-of-its-kind "clean coal" power plant that was designed to transform coal into synthetic gas that could then be used to fuel the power plant.

### Education

B.A., Duke University, 2006; J.D., Washington University in St. Louis, School of Law, 2011

### Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2023; 40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2016-2021

## Willow E. Radcliffe | Partner

Willow Radcliffe is a partner in the Firm's San Francisco office, where she concentrates her practice in securities class action litigation in federal court. She has been significantly involved in the prosecution of numerous securities fraud claims, including actions filed against Pfizer, Inc. ($400 million recovery), CoreCivic (*Grae v. Corrections Corporation of America*) ($56 million recovery), Flowserve Corp. ($55 million recovery), Santander Consumer USA Holdings Inc. ($47 million), NorthWestern Corp. ($40 million recovery), Ashworth, Inc. ($15.25 million recovery), and Allscripts Healthcare Solutions, Inc. ($9.75 million recovery). Additionally, Radcliffe has represented plaintiffs in other complex actions, including a class action against a major bank regarding the adequacy of disclosures made to consumers in California related to access checks. Before joining the Firm, she clerked for the Honorable Maria-Elena James, Magistrate Judge for the United States District Court for the Northern District of California.

### Education

B.A., University of California, Los Angeles 1994; J.D., Seton Hall University School of Law, 1998

### Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2021-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Best Lawyer in Northern California: One to Watch, *Best Lawyers®*, 2021; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2020; J.D., *Cum Laude*, Seton Hall University School of Law, 1998; Most Outstanding Clinician Award; Constitutional Law Scholar Award

# Frank A. Richter | Partner

Frank Richter is a partner in the Firm's Chicago office, where he focuses on shareholder, antitrust, and class action litigation.

Richter was an integral member of the Robbins Geller team that secured a $1.21 billion settlement in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.* (D.N.J.), which is the ninth-largest securities class action settlement in history and the largest ever against a pharmaceutical manufacturer.  In addition to *Valeant*, Richter has been a member of litigation teams that have secured hundreds of millions of dollars in securities class action settlements throughout the country, including in *HCA* ($215 million, E.D. Tenn.), *Sprint* ($131 million, D. Kan.), *Orbital ATK* ($108 million, E.D. Va.), *Dana Corp.* ($64 million, N.D. Ohio), *Diplomat* ($15.5 million, N.D. Ill.), *LJM Funds* ($12.85 million, N.D. Ill.), and *Camping World* ($12.5 million, N.D. Ill.).

Richter also works on antitrust matters, including serving on the Plaintiffs' Steering Committee in *In re Dealer Mgmt. Sys. Antitrust Litig.* (N.D. Ill.), and he represents plaintiffs as local counsel in class action and derivative shareholder litigation in Illinois state and federal courts.

## Education
B.A., Truman State University, 2007; M.M., DePaul University School of Music, 2009; J.D., DePaul University College of Law, 2012

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2017-2022; 40 & Under Hot List, *Benchmark Litigation*, 2021; J.D., *Summa Cum Laude*, Order of the Coif, CALI Award for highest grade in seven courses, DePaul University College of Law, 2012

# Darren J. Robbins | Partner

Darren Robbins is a founding partner of Robbins Geller Rudman & Dowd LLP. Over the last two decades, Robbins has served as lead counsel in more than 100 securities class actions and has recovered billions of dollars for investors. Robbins recently served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a securities class action arising out of improper accounting practices, recovering more than $1 billion for class members. The *American Realty* settlement represents the largest recovery as a percentage of damages of any major class action brought pursuant to the Private Securities Litigation Reform Act of 1995 and resolved prior to trial. The $1+ billion settlement included the largest personal contributions ($237.5 million) ever made by individual defendants to a securities class action settlement.

Robbins also led Robbins Geller's prosecution of wrongdoing related to the sale of residential mortgage-backed securities (RMBS) prior to the global financial crisis, including an RMBS securities class action against Goldman Sachs that yielded a $272 million recovery for investors. Robbins served as co-lead counsel in connection with a $627 million recovery for investors in *In re Wachovia Preferred Securities & Bond/Notes Litig.*, one of the largest securities class action settlements ever involving claims brought solely under the Securities Act of 1933.

One of the hallmarks of Robbins' practice has been his focus on corporate governance reform. In *UnitedHealth*, a securities fraud class action arising out of an options backdating scandal, Robbins represented lead plaintiff CalPERS and obtained the cancellation of more than 3.6 million stock options held by the company's former CEO and secured a record $925 million cash recovery for shareholders. He also negotiated sweeping corporate governance reforms, including the election of a shareholder-nominated director to the company's board of directors, a mandatory holding period for shares acquired via option exercise, and compensation reforms that tied executive pay to performance. Recently, Robbins led a shareholder derivative action brought by several pension funds on behalf of Community Health Systems, Inc. that yielded a $60 million payment to Community Health as well as corporate governance reforms that included two shareholder-nominated directors, the creation and appointment of a Healthcare Law Compliance Coordinator, the implementation of an executive compensation clawback in the event of a restatement, the establishment of an insider trading controls committee, and the adoption of a political expenditure disclosure policy.

## Education

B.S., University of Southern California, 1990; M.A., University of Southern California, 1990; J.D., Vanderbilt Law School, 1993

## Honors / Awards

Lawyer of the Year: Litigation – Securities, *Best Lawyers®*, 2023; Best Lawyer in America, *Best Lawyers®*, 2010-2023; Leading Lawyer, *The Legal 500*, 2020-2022; Leading Lawyer, *Chambers USA*, 2014-2022; California Lawyer of the Year, *Daily Journal*, 2022; Top 50 Lawyers in San Diego, *Super Lawyers Magazine*, 2015, 2021; Litigator of the Week, *The American Lawyer*, 2021; Southern California Best Lawyer, *Best Lawyers®*, 2012-2021; Local Litigation Star, *Benchmark Litigation*, 2013-2018, 2020; Recommended Lawyer, *The Legal 500*, 2011, 2017, 2019; Benchmark California Star, *Benchmark Litigation*, 2019; State Litigation Star, *Benchmark Litigation*, 2019; Lawyer of the Year, *Best Lawyers®*, 2017; Influential Business Leader, *San Diego Business Journal*, 2017; Litigator of the Year, *Our City San Diego*, 2017; One of the Top 100 Lawyers Shaping the Future, *Daily Journal*; One of the "Young Litigators 45 and Under," *The American Lawyer*; Attorney of the Year, *California Lawyer*; Managing Editor, *Vanderbilt Journal of Transnational Law*, Vanderbilt Law School

# Robert J. Robbins | Partner

Robert Robbins is a partner in the Firm's Boca Raton office. He focuses his practice on investigating securities fraud, initiating securities class actions, and helping institutional and individual shareholders litigate their claims to recover investment losses caused by fraud. Representing shareholders in all aspects of class actions brought pursuant to the federal securities laws, Robbins provides counsel in numerous securities fraud class actions across the country, helping secure significant recoveries for investors.

Recently, Robbins was a key member of the Robbins Geller litigation team that secured a $1.21 billion settlement in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations." This is the ninth largest securities class action settlement ever and the largest against a pharmaceutical manufacturer. Robbins has also been a member of Robbins Geller litigation teams responsible for securing hundreds of millions of dollars in securities class action settlements, including: *Hospira* ($60 million recovery); *3D Systems* ($50 million); *CVS Caremark* ($48 million recovery); *Baxter International* ($42.5 million recovery); *Grubhub* ($42 million); *R.H. Donnelley* ($25 million recovery); *Spiegel* ($17.5 million recovery); *TECO Energy* ($17.35 million recovery); *AFC Enterprises* ($17.2 million recovery); *Accretive Health* ($14 million recovery); *Lender Processing Services* ($14 million recovery); *Lexmark Int'l* ($12 million); *Imperial Holdings* ($12 million recovery); *Mannatech* ($11.5 million recovery); *Newpark Resources* ($9.24 million recovery); *CURO Group* ($8.98 million); *Gilead Sciences* ($8.25 million recovery); *TCP International* ($7.175 million recovery); *Cryo Cell International* ($7 million recovery); *Gainsco* ($4 million recovery); and *Body Central* ($3.425 million recovery).

## Education

B.S., University of Florida, 1999; J.D., University of Florida College of Law, 2002

## Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Rising Star, *Super Lawyers Magazine*, 2015-2017; J.D., High Honors, University of Florida College of Law, 2002; Member, *Journal of Law and Public Policy*, University of Florida College of Law; Member, *Phi Delta Phi*, University of Florida College of Law; *Pro bono* certificate, Circuit Court of the Eighth Judicial Circuit of Florida; Order of the Coif

# David A. Rosenfeld | Partner

David Rosenfeld, a partner in the Firm's Melville office, has focused his legal practice for more than 20 years in the area of securities litigation.  He has argued in courts throughout the country, has been appointed lead counsel in dozens of securities fraud lawsuits, and has successfully recovered hundreds of millions of dollars for defrauded shareholders.

Rosenfeld works on all stages of litigation, including drafting pleadings, arguing motions, and negotiating settlements.  Most recently, he led the teams of Robbins Geller attorneys in recovering $95 million for shareholders of Tableau Software, Inc., $90 million for shareholders of Altria Group, Inc., $40 million for shareholders of BRF S.A, $20 million for shareholders of Grana y Montero (where shareholders recovered more than 90% of their losses), and $34.5 million for shareholders of L-3 Communications Holdings, Inc.

Rosenfeld also led the Robbins Geller team in recovering in excess of $34 million for investors in Overseas Shipholding Group, which represented an outsized recovery of 93% of bond purchasers' damages and 28% of stock purchasers' damages.  The creatively structured settlement included more than $15 million paid by a bankrupt entity.  Rosenfeld also led the effort that resulted in the recovery of nearly 90% of losses for investors in Austin Capital, a sub-feeder fund of Bernard Madoff.  In connection with this lawsuit, Rosenfeld met with and interviewed Madoff in federal prison in Butner, North Carolina.

Rosenfeld has also achieved remarkable recoveries against companies in the financial industry.  In addition to being appointed lead counsel in the securities fraud lawsuit against First BanCorp ($74.25 million recovery), he recovered $70 million for investors in Credit Suisse Group and $14 million for Barclays investors.

## Education
B.S., Yeshiva University, 1996; J.D., Benjamin N. Cardozo School of Law, 1999

## Honors / Awards
Super Lawyer, *Super Lawyers Magazine*, 2014-2022; Future Star, *Benchmark Litigation*, 2016-2020; Recommended Lawyer, *The Legal 500*, 2018; Rising Star, *Super Lawyers Magazine*, 2011-2013

# Robert M. Rothman | Partner

Robert Rothman is a partner in the Firm's Melville office and a member of the Firm's Management Committee. He has recovered well in excess of $1 billion on behalf of victims of investment fraud, consumer fraud, and antitrust violations.

Recently, Rothman served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.* where he obtained a $1.025 billion cash recovery on behalf of investors. Rothman and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages ever obtained in a major PSLRA case before trial and includes the largest personal contributions by individual defendants in history. Additionally, Rothman has recovered hundreds of millions of dollars for investors in cases against First Bancorp, Doral Financial, Popular, iStar, Autoliv, CVS Caremark, Fresh Pet, The Great Atlantic & Pacific Tea Company (A&P), NBTY, Spiegel, American Superconductor, Iconix Brand Group, Black Box, OSI Pharmaceuticals, Gravity, Caminus, Central European Distribution Corp., OneMain Holdings, The Children's Place, CNinsure, Covisint, FleetBoston Financial, Interstate Bakeries, Hibernia Foods, Jakks Pacific, Jarden, Portal Software, Ply Gem Holdings, Orion Energy, Tommy Hilfiger, TD Banknorth, Teletech, Unitek, Vicuron, Xerium, W Holding, and dozens of others.

Rothman also represents shareholders in connection with going-private transactions and tender offers. For example, in connection with a tender offer made by Citigroup, Rothman secured an increase of more than $38 million over what was originally offered to shareholders. He also actively litigates consumer fraud cases, including a case alleging false advertising where the defendant agreed to a settlement valued in excess of $67 million.

## Education
B.A., State University of New York at Binghamton, 1990; J.D., Hofstra University School of Law, 1993

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2022; Northeast Trailblazer, *The American Lawyer*, 2022; Super Lawyer, *Super Lawyers Magazine*, 2011, 2013-2022; New York Trailblazer, *New York Law Journal*, 2020; Dean's Academic Scholarship Award, Hofstra University School of Law; J.D., with Distinction, Hofstra University School of Law, 1993; Member, *Hofstra Law Review*, Hofstra University School of Law

# Samuel H. Rudman | Partner

Sam Rudman is a founding member of the Firm, a member of the Firm's Management Committee, and manages the Firm's New York offices.  His 26-year securities practice focuses on recognizing and investigating securities fraud, and initiating securities and shareholder class actions to vindicate shareholder rights and recover shareholder losses.  Rudman is also part of the Firm's SPAC Task Force, which is dedicated to rooting out and prosecuting fraud on behalf of injured investors in special purpose acquisition companies.  A former attorney with the SEC, Rudman has recovered hundreds of millions of dollars for shareholders, including a $200 million recovery in *Motorola*, a $129 million recovery in *Doral Financial*, an $85 million recovery in *Blackstone*, a $74 million recovery in *First BanCorp*, a $65 million recovery in *Forest Labs*, a $62.5 million recovery in *SQM*, a $50 million recovery in *TD Banknorth*, a $48 million recovery in *CVS Caremark*, a $34.5 million recovery in *L-3 Communications Holdings*, a $32.8 million recovery in *Snap, Inc.*, and a $18.5 million recovery in *Deutsche Bank*.

## Education

B.A., Binghamton University, 1989; J.D., Brooklyn Law School, 1992

## Honors / Awards

Super Lawyer, *Super Lawyers Magazine*, 2007-2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Leading Lawyer, *Chambers USA*, 2014-2022; Leading Lawyer in America, *Lawdragon*, 2016-2022; New York Trailblazer, *New York Law Journal*, 2020; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2020; National Practice Area Star, *Benchmark Litigation*, 2019-2020; Local Litigation Star, *Benchmark Litigation*, 2013-2020; Recommended Lawyer, *The Legal 500*, 2018-2019; Litigation Star, *Benchmark Litigation*, 2013, 2017-2019; Dean's Merit Scholar, Brooklyn Law School; Moot Court Honor Society, Brooklyn Law School; Member, *Brooklyn Journal of International Law*, Brooklyn Law School

# Joseph Russello | Partner

Joseph Russello is a partner in the Firm's Melville office. He began his career as a defense lawyer and now represents investors in securities class actions at the trial and appellate levels.

Rusello spearheaded the team that recovered $85 million in litigation against The Blackstone Group, LLC, a case that yielded a landmark decision from the Second Circuit Court of Appeals on "materiality" in securities actions. *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706 (2d Cir. 2011). He also led the team responsible for partially defeating dismissal and achieving a $50 million settlement in litigation against BHP Billiton, an Australia-based mining company accused of concealing safety issues at a Brazilian iron-ore dam. *In re BHP Billiton Ltd. Sec. Litig.*, 276 F. Supp. 3d 65 (S.D.N.Y. 2017).

Recently, Rusello was co-counsel in a lawsuit against Allied Nevada Gold Corporation, recovering $14.5 million for investors after the Ninth Circuit Court of Appeals reversed two dismissal decisions. *In re Allied Nev. Gold Corp. Sec. Litig.*, 743 F. App'x 887 (9th Cir. 2018). He was also instrumental in obtaining a settlement and favorable appellate decision in litigation against SAIC, Inc., a defense contractor embroiled in a decade-long overbilling fraud against the City of New York. *Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85 (2d Cir. 2016). Other notable recent decisions include: *In re Qudian Sec. Litig.*, 189 A.D. 3d 449 (N.Y. App. Div., 1st Dep't 2020); *Kazi v. XP Inc.*, 2020 WL 4581569 (N.Y. Sup. Ct. Aug. 5, 2020); *In re Dentsply Sirona, Inc. S'holders Litig.*, 2019 WL 3526142 (N.Y. Sup. Ct. Aug. 2, 2019); and *Matter of PPDAI Grp. Sec. Litig.*, 64 Misc. 3d 1208(A), 2019 WL 2751278 (N.Y. Sup. Ct. 2019). Other notable settlements include: *NBTY, Inc.* ($16 million); *LaBranche & Co., Inc.* ($13 million); *The Children's Place Retail Stores, Inc.* ($12 million); and *Prestige Brands Holdings, Inc.* ($11 million).

## Education
B.A., Gettysburg College, 1998; J.D., Hofstra University School of Law, 2001

## Honors / Awards
Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; *Law360* Securities Editorial Advisory Board, 2017-2022; Super Lawyer, *Super Lawyers Magazine*, 2014-2020

## Scott H. Saham | Partner

Scott Saham is a partner in the Firm's San Diego office, where his practice focuses on complex securities litigation. He is licensed to practice law in both California and Michigan. Most recently, Saham was a member of the litigation team that obtained a $125 million settlement in *In re LendingClub Sec. Litig.*, a settlement that ranked among the top ten largest securities recoveries ever in the Northern District of California. He was also part of the litigation teams in *Schuh v. HCA Holdings, Inc.*, which resulted in a $215 million recovery for shareholders, the largest securities class action recovery ever in Tennessee, and *Luna v. Marvell Tech. Grp., Ltd.*, which resulted in a $72.5 million settlement that represents approximately 24% to 50% of the best estimate of classwide damages suffered by investors. He also served as lead counsel prosecuting the *Pharmacia* securities litigation in the District of New Jersey, which resulted in a $164 million recovery. Additionally, Saham was lead counsel in the *In re Coca-Cola Sec. Litig.* in the Northern District of Georgia, which resulted in a $137.5 million recovery after nearly eight years of litigation. He also obtained reversal from the California Court of Appeal of the trial court's initial dismissal of the landmark *Countrywide* mortgage-backed securities action. This decision is reported as *Luther v. Countrywide Fin. Corp.*, 195 Cal. App. 4th 789 (2011), and following this ruling that revived the action the case settled for $500 million.

## Education

B.A., University of Michigan, 1992; J.D., University of Michigan Law School, 1995

## Honors / Awards

Distinguished Pro Bono Attorney of the Year, *Casa Cornelia Law Center*, 2022; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022

## Juan Carlos Sanchez | Partner

Juan Carlos Sanchez is a partner in the Firm's San Diego office, where his practice focuses on complex securities litigation. Sanchez was a member of the litigation team that secured a $60 million settlement – the largest shareholder derivative recovery ever in Tennessee and the Sixth Circuit – and unprecedented corporate governance reforms in *In re Community Health Sys., Inc. S'holder Derivative Litig.* More recently, Sanchez's representation of California passengers in a landmark consumer and civil rights case against Greyhound Lines, Inc. led to a ruling recognizing that transit passengers do not check their rights and dignity at the bus door.

In addition to actively litigating cases, Sanchez is also a member of the Firm's Lead Plaintiff Advisory Team, which evaluates clients' exposure to securities fraud, advises them on lead plaintiff motions, and helps them secure appointment as lead plaintiff. Sanchez's efforts have assisted institutional and retail clients secure lead plaintiff appointments in more than 40 securities class actions.

Sanchez is also part of Robbins Geller's SPAC Task Force, which is dedicated to rooting out and prosecuting fraud on behalf of injured investors in special purpose acquisition companies. The rise in "blank check" financing poses unique risks to investors, and this group – comprised of experienced litigators, investigators, and forensic accountants – represents the vanguard of ensuring integrity, honesty, and justice in this rapidly developing investment arena.

## Education

B.S., University of California, Davis, 2005; J.D., University of California, Berkeley School of Law (Boalt Hall), 2014

# Vincent M. Serra | Partner

Vincent Serra is a partner in the Firm's Melville office and focuses his practice on complex securities, antitrust, consumer, and employment litigation. His efforts have contributed to the recovery of over a billion dollars on behalf of aggrieved plaintiffs and class members.  Notably, Serra has contributed to several significant recoveries, including *Dahl v. Bain Cap. Partners, LLC* ($590.5 million recovery), an antitrust action against the world's largest private equity firms alleging collusive practices in multi-billion dollar leveraged buyouts, and *Samit v. CBS Corp.* ($14.75 million recovery, pending final approval), a securities action alleging that defendants made false and misleading statements about their knowledge of former CEO Leslie Moonves's exposure to the #MeToo movement.

Additionally, Serra was a member of the litigation team that obtained a $22.75 million settlement fund on behalf of route drivers in an action asserting violations of federal and state overtime laws against Cintas Corp.  He was also part of the successful trial team in *Lebrilla v. Farmers Grp., Inc.*, which involved Farmers' practice of using inferior imitation parts when repairing insureds' vehicles.  Other notable cases include *Alaska Elec. Pension Fund v. Pharmacia Corp.* ($164 million recovery), *In re Priceline.com Sec. Litig.* ($80 million recovery), and *In re DouYu Int'l Holdings Ltd. Sec. Litig* ($15 million recovery pending final approval).  Serra is currently litigating several actions against manufacturers and retailers for the improper marketing and sale of purportedly "flushable" wipes products.  In *Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System) v. Costco Wholesale Corp.*, Serra serves as court-appointed class counsel in connection with a settlement that secured an unprecedented commitment of Kimberly-Clark to meet the national municipal wastewater standard for flushability.

## Education
B.A., University of Delaware, 2001; J.D., California Western School of Law, 2005

## Honors / Awards
Wiley W. Manuel Award for Pro Bono Legal Services, State Bar of California

# Jessica T. Shinnefield | Partner

Jessica Shinnefield is a partner in the Firm's San Diego office. Currently, her practice focuses on initiating, investigating, and prosecuting securities fraud class actions. Shinnefield served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a case arising out of ARCP's manipulative accounting practices, and obtained a $1.025 billion recovery. For five years, she and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history. Shinnefield also served as lead counsel in *Smilovits v. First Solar, Inc.,* and obtained a $350 million settlement on the eve of trial. The settlement is fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

Shinnefield was also a member of the litigation team prosecuting actions against investment banks and leading national credit rating agencies for their roles in structuring and rating structured investment vehicles backed by toxic assets in *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Incorporated* and *King County, Washington v. IKB Deutsche Industriebank AG*. These cases were among the first to successfully allege fraud against the rating agencies, whose ratings have traditionally been protected by the First Amendment. Shinnefield also litigated individual opt-out actions against AOL Time Warner – *Regents of the Univ. of Cal. v. Parsons* and *Ohio Pub. Emps. Ret. Sys. v. Parsons* (recovery more than $600 million). Additionally, she litigated an action against Omnicare, in which she helped obtain a favorable ruling for plaintiffs from the United States Supreme Court. Shinnefield has also successfully appealed lower court decisions in the Second, Seventh, and Ninth Circuit Courts of Appeals.

## Education

B.A., University of California at Santa Barbara, 2001; J.D., University of San Diego School of Law, 2004

## Honors / Awards

Best Lawyer in America: One to Watch, *Best Lawyers®*, 2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Plaintiffs' Lawyers Trailblazer, *The National Law Journal*, 2021; Litigator of the Week, *The American Lawyer*, 2020; Rising Star, *Super Lawyers Magazine*, 2015-2019; 40 & Under Hot List, *Benchmark Litigation*, 2018-2019; B.A., *Phi Beta Kappa*, University of California at Santa Barbara, 2001

## Elizabeth A. Shonson | Partner

Elizabeth Shonson is a partner in the Firm's Boca Raton office. She concentrates her practice on representing investors in class actions brought pursuant to the federal securities laws. Shonson has litigated numerous securities fraud class actions nationwide, helping achieve significant recoveries for aggrieved investors. She was a member of the litigation teams responsible for recouping millions of dollars for defrauded investors, including: *In re Massey Energy Co. Sec. Litig.* (S.D. W.Va.) ($265 million); *Nieman v. Duke Energy Corp.* (W.D.N.C.) ($146.25 million recovery); *In re ADT Inc. S'holder Litig.* (Fla. Cir. Ct., 15th Jud. Cir.) ($30 million settlement); *Eshe Fund v. Fifth Third Bancorp* (S.D. Ohio) ($16 million); *City of St. Clair Shores Gen. Emps. Ret. Sys. v. Lender Processing Servs., Inc.* (M.D. Fla.) ($14 million); and *In re Synovus Fin. Corp.* (N.D. Ga.) ($11.75 million).

## Education

B.A., Syracuse University, 2001; J.D., University of Florida Levin College of Law, 2005

## Honors / Awards

Rising Star, *Super Lawyers Magazine*, 2016-2019; J.D., *Cum Laude*, University of Florida Levin College of Law, 2005; Editor-in-Chief, *Journal of Technology Law & Policy*; Phi Delta Phi; B.A., with Honors, *Summa Cum Laude*, Syracuse University, 2001; Phi Beta Kappa

## Trig Smith | Partner

Trig Smith is a partner in the Firm's San Diego office where he focuses his practice on complex securities litigation. He has been involved in the prosecution of numerous securities class actions that have resulted in over a billion dollars in recoveries for investors. His cases have included: *In re Cardinal Health, Inc. Sec. Litig.* ($600 million recovery); *Jones v. Pfizer Inc.* ($400 million recovery); *Silverman v. Motorola, Inc.* ($200 million recovery); and *City of Livonia Emps.' Ret. Sys. v. Wyeth* ($67.5 million). Most recently, he was a member of the Firm's trial team in *Hsu v. Puma Biotechnology, Inc.*, a securities fraud class action that resulted in a verdict in favor of investors after a two-week jury trial.

## Education

B.S., University of Colorado, Denver, 1995; M.S., University of Colorado, Denver, 1997; J.D., Brooklyn Law School, 2000

## Honors / Awards

Member, *Brooklyn Journal of International Law*, Brooklyn Law School; CALI Excellence Award in Legal Writing, Brooklyn Law School

## Mark Solomon | Partner

Mark Solomon is a founding and managing partner of the Firm and leads its international litigation practice. Over the last 29 years, he has regularly represented United States and United Kingdom-based pension funds and asset managers in class and non-class securities litigation in federal and state courts throughout the United States. He was first admitted to the Bar of England and Wales as a Barrister (he is non-active) and is an active member of the Bars of Ohio, California, and various United States federal district and appellate courts.

Since 1993, Solomon has spearheaded the prosecution of many significant securities fraud cases.  He has obtained multi-hundred million-dollar recoveries for plaintiffs in pre-trial settlements and significant corporate governance reforms designed to limit recidivism and promote appropriate standards.  Prior to the most recent financial crisis, he was instrumental in obtaining some of the first mega-recoveries in the field in California and Texas, serving in the late 1990s and early 2000s as class counsel in *In re Informix Corp. Sec. Litig.* in the federal district court for the Northern District of California, and recovering $131 million for Informix investors; and serving as class counsel in *Schwartz v. TXU Corp.* in the federal district court for the Northern District of Texas, where he helped obtain a recovery of over $149 million for a class of purchasers of TXU securities as well as securing important governance reforms.  He litigated and tried the securities class action *In re Helionetics, Inc. Sec. Litig.*, where he won a $15.4 million federal jury verdict in the federal district court for the Central District of California.

Solomon is currently counsel to a number of pension funds serving as lead plaintiffs in cases throughout the United States.  He represents the UK's Norfolk Pension Fund in *Hsu v. Puma Biotechnology, Inc.* where, in the federal district court for the Central District of California, after three weeks of trial, the Fund obtained a jury verdict valued at over $54 million in favor of the class against the company and its CEO.  Solomon also represents Norfolk Pension Fund in separate class actions currently pending against Apple Inc. and Apple executives in the federal district court for the Northern District of California and against Anadarko Petroleum Corporation and former Anadarko executives in the federal district court for the Southern District of Texas.  He represented the British Coal Staff Superannuation Scheme and the Mineworkers' Pension Scheme in *Smilovits v. First Solar, Inc.* in the federal district court for the District of Arizona, in which the class recently recovered $350 million on the eve of trial.  That settlement is the fifth-largest recovered in the Ninth Circuit since the advent in 1995 of statutory reforms to securities litigation that established the current legal regime.  Solomon also represents the same coal industry funds in the recently filed class action against Citrix Inc. and Citrix executives in the federal district court for the Southern District of Florida, and he represents North East Scotland Pension Fund in a class action pending against Under Armour and Under Armour executives in the federal district court for the District of Maryland.  In addition, he is currently representing Los Angeles County Employees Retirement Association in a class action pending against FirstEnergy and FirstEnergy executives in the federal district court for the Southern District of Ohio and he is representing Strathclyde Pension Fund in a class action pending against Bank OZK and its CEO in the federal district court for the Eastern District of Arkansas.

## Education

B.A., Trinity College, Cambridge University, England, 1985; L.L.M., Harvard Law School, 1986; Inns of Court School of Law, Degree of Utter Barrister, England, 1987

## Honors / Awards

Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Super Lawyer, *Super Lawyers Magazine*, 2017-2018; Recommended Lawyer, *The Legal 500*, 2016-2017; Lizette Bentwich Law Prize, Trinity College, 1983 and 1984; Hollond Travelling Studentship, 1985; Harvard Law School Fellowship, 1985-1986; Member and Hardwicke Scholar of the Honourable Society of Lincoln's Inn

# Hillary B. Stakem | Partner

Hillary Stakem is a partner in the Firm's San Diego office, where her practice focuses on complex securities litigation. Stakem was a member of the litigation team in *Jaffe v. Household Int'l, Inc.*, a securities class action that obtained a record-breaking $1.575 billion settlement after 14 years of litigation, including a six-week jury trial in 2009 that resulted in a verdict for plaintiffs. She was also part of the litigation teams that secured a $388 million recovery for investors in J.P. Morgan residential mortgage-backed securities in *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.* and a $131 million recovery in favor of plaintiffs in *Bennett v. Sprint Nextel Corp.* Additionally, Stakem helped to obtain a landmark settlement, on the eve of trial, from the major credit rating agencies and Morgan Stanley arising out of the fraudulent ratings of bonds issued by the structured investment vehicles in *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.* Stakem also obtained a $350 million settlement on the eve of trial in *Smilovits v. First Solar, Inc.*, the fifth-largest PSLRA settlement ever recovered in the Ninth Circuit, and was on the team of Robbins Geller attorneys who obtained a $97.5 million recovery in *Marcus v. J.C. Penney Company, Inc.*

Most recently, Stakem was a member of the Robbins Geller litigation team in *Monroe County Employees' Retirement System v. The Southern Company* in which an $87.5 settlement was reached after three years of litigation. The settlement resolved claims for violations of the Securities Exchange Act of 1934 stemming from defendants' issuance of materially misleading statements and omissions regarding the status of construction of a first-of-its-kind "clean coal" power plant that was designed to transform coal into synthetic gas that could then be used to fuel the power plant.

## Education
B.A., College of William and Mary, 2009; J.D., UCLA School of Law, 2012

## Honors / Awards
40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2021; B.A., *Magna Cum Laude*, College of William and Mary, 2009

# Jeffrey J. Stein | Partner

Jeffrey Stein is a partner in the Firm's San Diego office, where he practices securities fraud litigation and other complex matters. He was a member of the litigation team that secured a historic recovery on behalf of Trump University students in two class actions against President Donald J. Trump. The settlement provides $25 million to approximately 7,000 consumers. This result means individual class members are eligible for upwards of $35,000 in restitution. Stein represented the class on a *pro bono* basis.

Before joining the Firm, Stein focused on civil rights litigation, with special emphasis on the First, Fourth, and Eighth Amendments. In this capacity, he helped his clients secure successful outcomes before the United States Supreme Court and the Ninth Circuit Court of Appeals.

## Education
B.S., University of Washington, 2005; J.D., University of San Diego School of Law, 2009

# Christopher D. Stewart | Partner

Christopher Stewart is a partner in the Firm's San Diego office. His practice focuses on complex securities and shareholder derivative litigation. Stewart served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a case arising out of ARCP's manipulative accounting practices, and obtained a $1.025 billion recovery. For five years, he and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history. Most recently, Stewart served as lead counsel in *Smilovits v. First Solar, Inc.*, and obtained a $350 million settlement on the eve of trial. The settlement is fifth-largest PSLRA settlement ever recovered in the Ninth Circuit.

He was also part of the litigation team that obtained a $67 million settlement in *City of Westland Police & Fire Ret. Sys. v. Stumpf*, a shareholder derivative action alleging that Wells Fargo participated in the mass-processing of home foreclosure documents by engaging in widespread robo-signing. Stewart also served on the litigation team in *In re Deutsche Bank AG Sec. Litig.*, in which the Firm obtained a $18.5 million settlement in a case against Deutsche Bank and certain of its officers alleging violations of the Securities Act of 1933.

## Education
B.S., Santa Clara University, 2004; M.B.A., University of San Diego School of Business Administration, 2009; J.D., University of San Diego School of Law, 2009

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2015-2020; J.D., *Magna Cum Laude*, Order of the Coif, University of San Diego School of Law, 2009; Member, *San Diego Law Review*

## Sabrina E. Tirabassi | Partner

Sabrina Tirabassi is a partner in the Firm's Boca Raton office, where her practice focuses on complex securities litigation, including the Firm's lead plaintiff motion practice. In this role, Tirabassi remains at the forefront of litigation trends and issues arising under the Private Securities Litigation Reform Act of 1995. Further, Tirabassi has been an integral member of the litigation teams responsible for securing significant monetary recoveries on behalf of shareholders, including: *Villella v. Chemical and Mining Company of Chile Inc.*, No. 1:15-cv-02106 (S.D.N.Y.); *In re ADT Inc. S'holder Litig.*, No. 502018CA003494XXXXMB-AG (Fla. Cir. Ct., 15th Jud. Cir.); *KBC Asset Mgmt. NV v. Aegerion Pharms., Inc.*, No. 1:14-cv-10105-MLW (D. Mass.); *Sohal v. Yan*, No. 1:15-cv-00393-DAP (N.D. Ohio); *McGee v. Constant Contact, Inc.*, No. 1:15-cv-13114-MLW (D. Mass.); and *Schwartz v. Urban Outfitters, Inc.*, No. 2:13-cv-05978-MAK (E.D. Pa.).

## Education
B.A., University of Florida, 2000; J.D., Nova Southeastern University Shepard Broad College of Law, 2006, *Magna Cum Laude*

## Honors / Awards
Rising Star, *Super Lawyers Magazine*, 2010, 2015-2018; J.D., *Magna Cum Laude*, Nova Southeastern University Shepard Broad College of Law, 2006

## Douglas Wilens | Partner

Douglas Wilens is a partner in the Firm's Boca Raton office. Wilens is a member of the Firm's Appellate Practice Group, participating in numerous appeals in federal and state courts across the country. Most notably, Wilens handled successful and precedent-setting appeals in *Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85 (2d Cir. 2016) (addressing duty to disclose under SEC Regulation Item 303 in §10(b) case), *Mass. Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229 (1st Cir. 2013) (addressing pleading of loss causation in §10(b) case), and *Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) (addressing pleading of falsity, scienter, and loss causation in §10(b) case).

Before joining the Firm, Wilens was an associate at a nationally recognized firm, where he litigated complex actions on behalf of numerous professional sports leagues, including the National Basketball Association, the National Hockey League, and Major League Soccer. He has also served as an adjunct professor at Florida Atlantic University and Nova Southeastern University, where he taught undergraduate and graduate-level business law classes.

## Education
B.S., University of Florida, 1992; J.D., University of Florida College of Law, 1995

## Honors / Awards
Book Award for Legal Drafting, University of Florida College of Law; J.D., with Honors, University of Florida College of Law, 1995

# Shawn A. Williams | Partner

Shawn Williams, a founding partner of the Firm, is the managing partner of the Firm's San Francisco office and a member of the Firm's Management Committee. Williams specializes in complex commercial litigation focusing on securities litigation, and has served as lead counsel in a range of actions resulting in more than a billion dollars in recoveries. For example, Williams was among lead counsel in *In re Facebook Biometric Info. Privacy Litig.*, charging Facebook with violations of the Illinois Biometric Information Privacy Act, resulting in a $650 million recovery for injured Facebook users, the largest ever privacy class action.

Williams led the team of Robbins Geller attorneys in the investigation and drafting of comprehensive securities fraud claims in *Hefler v. Wells Fargo & Co.*, alleging widespread opening of unauthorized and undisclosed customer accounts. The *Hefler* action resulted in the recovery of $480 million for Wells Fargo investors. In *City of Westland Police & Fire Ret. Sys. v. Metlife, Inc.*, Williams led the Firm's team of lawyers alleging MetLife's failure to disclose and account for the scope of its use and non-use of the Social Security Administration Death Master File and its impact on MetLife's financial statements. The *Metlife* action resulted in a recovery of $84 million. Williams also served as lead counsel in the following actions resulting in significant recoveries: *Chicago Laborers Pension Fund v. Alibaba Grp. Holding Ltd.* ($75 million recovery); *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.* ($75 million recovery); *In re Medtronic, Inc. Sec. Litig.* ($43 million recovery); *In re Cadence Design Sys., Inc. Sec. Litig.* ($38 million recovery); and *City of Sterling Heights Gen. Emps'. Ret. Sys. v. Prudential Fin., Inc* ($33 million recovery).

Williams is also a member of the Firm's Shareholder Derivative Practice Group which has secured tens of millions of dollars in cash recoveries and comprehensive corporate governance reforms in a number of high-profile cases including: *In re McAfee, Inc. Derivative Litig.*; *In re Marvell Tech. Grp. Ltd. Derivative Litig.*; *In re KLA-Tencor Corp. S'holder Derivative Litig.*; *The Home Depot, Inc. Derivative Litig.*; and *City of Westland Police & Fire Ret. Sys. v. Stumpf (Wells Fargo & Co.)*.

Williams led multiple shareholder actions in which the Firm obtained favorable appellate rulings, including: *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 845 F.3d 384 (8th Cir. 2016); *Knollenberg v. Harmonic, Inc.*, 152 F. App'x 674 (9th Cir. 2005); *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226 (9th Cir. 2004); *Lynch v. Rawls*, 429 F. App'x 641 (9th Cir. 2011); and *Barrie v. Intervoice-Brite, Inc.*, 409 F.3d 653 (5th Cir. 2005).

Before joining the Firm in 2000, Williams served for 5 years as an Assistant District Attorney in the Manhattan District Attorney's Office, where he tried over 20 cases to New York City juries.

## Education

B.A., The State of University of New York at Albany, 1991; J.D., University of Illinois, 1995

## Honors / Awards

Leading Lawyer in America, *Lawdragon*, 2018-2023; Best Lawyer in America, *Best Lawyers®*, 2022-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Top Plaintiff Lawyer, *Daily Journal*, 2022; Most Influential Black Lawyers, *Savoy*, 2022; Top 100 Lawyer, *Daily Journal*, 2019, 2021; Super Lawyer, *Super Lawyers Magazine*, 2014-2017, 2020-2021; California Trailblazer, *The Recorder*, 2019; Titan of the Plaintiffs Bar, *Law360*, 2019; Plaintiffs' Lawyer Trailblazer, *The National Law Journal*, 2019; Board Member, California Bar Foundation, 2012-2014

## Christopher M. Wood | Partner

Christopher Wood is the partner in charge of Robbins Geller Rudman & Dowd LLP's Nashville office, where his practice focuses on complex securities litigation. He has been a member of the litigation teams responsible for recovering hundreds of millions of dollars for investors, including: *In re Massey Energy Co. Sec. Litig.* ($265 million recovery); *In re VeriFone Holdings, Inc. Sec. Litig.* ($95 million recovery); *Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.* ($65 million recovery); *Grae v. Corrections Corporation of America* ($56 million recovery); *In re Micron Tech., Inc. Sec. Litig.* ($42 million recovery); *Jackson Cnty. Emps.' Ret. Sys. v. Ghosn* ($36 million recovery); and *Winslow v. BancorpSouth, Inc.* ($29.5 million recovery).

Working together with the ACLU of Tennessee and Public Funds Public Schools (a national campaign founded by the Southern Poverty Law Center and Education Law Center), Wood is litigating an action challenging Tennessee's school voucher program, which diverts critically needed funds from public school students in Nashville and Memphis. Wood has also provided *pro bono* legal services through Tennessee Justice for Our Neighbors, Volunteer Lawyers & Professionals for the Arts, the Ninth Circuit's Pro Bono Program, and the San Francisco Bar Association's Volunteer Legal Services Program.

## Education
B.A., Vanderbilt University, 2003; J.D., University of San Francisco School of Law, 2006

## Honors / Awards
Best Lawyer in America: One to Watch, *Best Lawyers®*, 2023; 40 & Under Hot List, *Benchmark Litigation*, 2021; Rising Star, *Super Lawyers Magazine*, 2011-2013, 2015-2020

# Debra J. Wyman | Partner

Debra Wyman is a partner in the Firm's San Diego office. She specializes in securities litigation and has litigated numerous cases against public companies in state and federal courts that have resulted in over $2 billion in securities fraud recoveries. Wyman served as lead counsel in *In re Am. Realty Cap. Props., Inc. Litig.*, a case arising out of ARCP's manipulative accounting practices, and obtained a $1.025 billion recovery. For five years, she and the litigation team prosecuted nine different claims for violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, involving seven different stock or debt offerings and two mergers. The recovery represents the highest percentage of damages of any major PSLRA case prior to trial and includes the largest personal contributions by individual defendants in history. Most recently, Wyman was part of the litigation team in *Monroe County Employees' Retirement System v. The Southern Company* in which an $87.5 settlement was reached after three years of litigation. The settlement resolved claims for violations of the Securities Exchange Act of 1934 stemming from defendants' issuance of materially misleading statements and omissions regarding the status of construction of a first-of-its-kind "clean coal" power plant that was designed to transform coal into synthetic gas that could then be used to fuel the power plant.

Wyman was also a member of the trial team in *Schuh v. HCA Holdings, Inc.*, which resulted in a $215 million recovery for shareholders, the largest securities class action recovery ever in Tennessee. The recovery achieved represents more than 30% of the aggregate classwide damages, far exceeding the typical recovery in a securities class action. Wyman prosecuted the complex securities and accounting fraud case *In re HealthSouth Corp. Sec. Litig.*, one of the largest and longest-running corporate frauds in history, in which $671 million was recovered for defrauded HealthSouth investors. She was also part of the trial team that litigated *In re AT&T Corp. Sec. Litig.*, which was tried in the United States District Court, District of New Jersey, and settled after only two weeks of trial for $100 million. Wyman was also part of the litigation team that secured a $64 million recovery for Dana Corp. shareholders in *Plumbers & Pipefitters National Pension Fund v. Burns*, in which the Firm's Appellate Practice Group successfully appealed to the Sixth Circuit Court of Appeals twice, reversing the district court's dismissal of the action.

## Education

B.A., University of California Irvine, 1990; J.D., University of San Diego School of Law, 1997

## Honors / Awards

Leading Lawyer in America, *Lawdragon*, 2020-2023; Leading Plaintiff Financial Lawyer, *Lawdragon*, 2019-2022; Top 250 Women in Litigation, *Benchmark Litigation*, 2021; San Diego Litigator of the Year, *Benchmark Litigation*, 2021; Plaintiff Litigator of the Year, *Benchmark Litigation*, 2021; Top Woman Lawyer, *Daily Journal*, 2017, 2020; MVP, *Law360*, 2020; Litigator of the Week, *The American Lawyer*, 2020; Litigator of the Year, *Our City San Diego*, 2017; Super Lawyer, *Super Lawyers Magazine*, 2016-2017

# Jonathan Zweig | Partner

Jonathan Zweig is a partner with the Firm and is based in the Manhattan office. Zweig's practice focuses primarily on complex securities litigation, corporate control cases, and breach of fiduciary duty actions on behalf of investors.

Before joining Robbins Geller, Zweig served for over six years as an Assistant Attorney General with the New York State Office of the Attorney General's Investor Protection Bureau, where he prosecuted civil securities fraud actions and tried two major cases on behalf of the State. In *New York v. Exxon Mobil Corporation*, a high-profile securities fraud case concerning climate risk disclosures, Zweig examined numerous witnesses and delivered the State's closing argument at trial. In *New York v. Laurence Allen et al.*, Zweig and his colleagues achieved a total victory at trial for defrauded investors in a private equity fund, and established for the first time the retroactive application of the Martin Act's expanded statute of limitations. Zweig also conducted data-intensive investigations of Credit Suisse concerning its alternative trading system and its wholesale market making business, resulting in joint settlements with the SEC totaling $70 million from Credit Suisse. On three occasions, Zweig was awarded the Louis J. Lefkowitz Award for Exceptional Service.

Zweig was previously a litigator at Davis Polk & Wardwell LLP, where he represented clients in securities litigation, mass tort, and other matters. Zweig also clerked for Judge Jacques L. Wiener, Jr. of the U.S. Court of Appeals for the Fifth Circuit, and Judge Sarah S. Vance of the U.S. District Court for the Eastern District of Louisiana.

## Education
B.A., Yale University, 2007; J.D., Harvard Law School, 2010

## Honors / Awards
Louis J. Lefkowitz Award for Exceptional Service, New York State Office of the Attorney General, 2015, 2020, 2021; J.D., *Magna Cum Laude*, Harvard Law School, 2010; B.A., *Summa Cum Laude*, Yale University, 2007

**JF** JOHNSON FISTEL

# FIRM RESUME

SAN DIEGO, CALIFORNIA  •  NEW YORK, NEW YORK  •  MARIETTA, GEORGIA

WWW.JOHNSONFISTEL.COM

**TABLE OF CONTENTS**

SELECT JUDICIAL ACCOLADES.................................................................................1

INTRODUCTION .........................................................................................................2

OUR ATTORNEYS .......................................................................................................3

   *PARTNERS* .............................................................................................................3

      FRANK J. JOHNSON..........................................................................................3

      MICHAEL I. FISTEL, JR. ...................................................................................7

      BRETT M. MIDDLETON.....................................................................................8

      MARY ELLEN CONNER....................................................................................10

      KRISTEN O'CONNOR ........................................................................................12

   *ASSOCIATES* .......................................................................................................14

      ENOCH P. HICKS ..............................................................................................14

      ANTHONY E. MANCE .......................................................................................15

      JONATHAN M. SCOTT ......................................................................................15

      WILLIAM W. STONE ........................................................................................16

      OLIVER S. TUM SUDEN....................................................................................18

   *SPECIAL COUNSEL & TRIAL ATTORNEY*.......................................................20

      TIFFANY R. JOHNSON .....................................................................................20

   *OF COUNSEL* ......................................................................................................20

      JEFFREY A. BERENS .......................................................................................20

      RICHARD A. NERVIG.......................................................................................22

      SETH SCHECHTER.............................................................................................23

      RALPH M. STONE ............................................................................................24

SELECTED EXAMPLES OF REPRESENTATIVE MATTERS.....................................28

      Business and Commercial Litigation.................................................................28

      Trials & Arbitrations .......................................................................................29

      Shareholder Derivative Actions ........................................................................30

      Corporate Takeover Litigation .........................................................................36

      Securities Class Actions ....................................................................................37

      Consumer Class Actions....................................................................................40

      Employment and Labor Cases...........................................................................42

NOTEWORTHY SUCCESS STORIES .........................................................................43

      A Happy Client Following Trial........................................................................43

      Record Setting Class Action Settlement in Washington ....................................43

      Recovering Cash for and Reforming Practices at a Global Social Media Company43

      One of the Largest Recoveries in a Derivative Case in Tennessee ....................44

      Helped Secure $24 million for the Company......................................................44

      Helped Secure $29 Million for Shareholders ...................................................45

      Keeping Corporate America Accountable.........................................................45

      Creating Shareholder Value Through Innovative Corporate Reforms...................45

      Helped Investors Harmed In Connection with Public Offerings ..........................46

TESTIMONIALS .........................................................................................................47

 **SELECT JUDICIAL ACCOLADES**

**Hon. Yvonne Gonzalez Rogers**
U.S. District Court Judge
Northern District of California.

*"The Court rarely comments on counsel's performance.  Here, such commentary is appropriate… Counsel performed excellent work…for the benefit of the shareholders."*

**Hon. Ed Kinkeade**
U.S. District Court Judge
Northern District of Texas

*"…articulate, high quality, and successful pleadings…excellent efforts in this case…"*

**Hon. Mark H. Cohen**
U.S. District Court Judge
Northern District of Georgia

*"Skilled, and experienced counsel … nationally recognized leaders in shareholder litigation."*

**Hon. Laura S. Taylor**
U.S. Bankruptcy Court Judge
Southern District of California

*"I want to compliment on the successful recovery…outstanding work…"*

**Hon. Edward M. Chen**
U.S. District Court Judge
Northern District of California

*"…they are qualified and experienced and are capable of acting as lead counsel…The Court is favorably impressed…"*

*For the full text of these testimonials, and others, please see the Testimonials page.

# **INTRODUCTION**

Johnson Fistel is a law firm built on the following five core values: Professionalism, Respect, Integrity, Determination, and Excellence in everything we do. These core values are more than words on a piece of paper; every attorney and staff member at Johnson Fistel embraces them and has PRIDE in everything they do. All of the firm's members affirmatively agree to these core values on an annual basis and have a plaque in their workspace describing what they mean to them, as stated below.

Professionalism

At Johnson Fistel, we believe professionalism—through trust, transparency, and reliability—is critical to developing long-lasting and successful relationships. Not only must our clients trust us to provide excellent legal services in a professional manner, but we must also trust each other to always do the right thing and to zealously advance our clients' interests. Moreover, we share a collective mission to act professional and build trust with judges, juries, and our adversaries so that our professional reputation remains synonymous with our core values.

Respect

We strive to demonstrate high regard for our clients, one another, partners within the legal community, and our ethical obligations as advocates. We value the ideas and beliefs of each of our team members. This principle includes valuing differing opinions and allowing others to express themselves to work together toward common goals.

Integrity

There's never a wrong time to do the right thing. At Johnson Fistel, we consistently do the right thing, in the right way, for the right reasons. We take pride in our reputation for having integrity when zealously advocating for our clients. By always acting with integrity, we build trust and confidence with our clients, colleagues, and juries, and respect with judges and adversaries.

Determination

Determination is key to our success. At Johnson Fistel, we do not give up when faced with well-financed opponents or difficult arguments; instead, we rise to the challenge and meet it head on by relentlessly pursuing innovative and persuasive solutions to advance the best interests of our clients. It is our determination—our will to succeed and never give up—that separates us from most lawyers. To succeed, we know that we must exercise the strength of mind and the willingness to exceed client and industry expectations and provide exceptional advocacy, every time.

Excellence

Simply put, we hold ourselves to a higher standard. Average is easy. Excellence is hard. Perfection is always the goal. Whether it's writing persuasive legal arguments, maintaining a strong and prompt communication line with our clients, or vigorously

advocating in a courtroom on their behalf, we wholly reject mediocrity and strive for a competitive edge by delivering excellence in everything we do.

We believe we are only as good as our people, and Johnson Fistel recruits only the best and brightest and most determined candidates possible. Our lawyers include those who started their training by working for esteemed judges in both state and federal courts and have also worked at the largest law firms in the world. We pride ourselves on providing the same level of service with a greater level of efficiency. As a result, we have developed the reputation for delivering big-firm results with the efficiency and personal touch one would expect at a small law firm.

## OUR ATTORNEYS

## PARTNERS

### FRANK J. JOHNSON

Mr. Johnson is one of the founding partners of Johnson Fistel and has more than twenty-seven years of experience as a trial attorney focusing on complex civil litigation. Prior to starting his own law firm in 2004, Mr. Johnson was a partner in the law firm Sheppard, Mullin, Richter & Hampton, LLP, a full-service Global 100 law firm with over 1,000 attorneys in 15 offices located around the world.

While at Sheppard Mullin, Mr. Johnson represented some of the largest companies in the country in complex business disputes conducting trials in state and federal court. He brings this "Big Law" experience to his current practice where he can offer the efficiency and personal touch of a smaller law firm. With the trust and confidence of his colleagues and clients over the past 18 years, the law firm that Mr. Johnson started with just one lawyer has now grown to a full-service law firm with 15 lawyers and offices in California, Georgia, and New York.

Representative Matters: Mr. Johnson's experience representing publicly traded companies at Sheppard Mullin has carried over to his current practice. Mr. Johnson has been and continues to be retained by private and publicly-traded companies. For example, in 2013 the court appointed U.S. Chapter 7 Trustee overseeing the bankruptcy of Powerwave Technologies, Inc. retained Mr. Johnson as lead counsel to pursue claims for breach of fiduciary duty against the company's wayward officers and directors. Mr. Johnson helped the Trustee recover $5.5 million for the estate. *In re Powerwave Technologies, Inc.*, (Bankr. D. Del.). Mr. Johnson obtained a similar result in *In re Artes Medical, Inc.*, (Bankr. S.D. Cal.) when the U.S. Chapter 7 Trustee of Artes Medical, Inc. retained Mr. Johnson as lead counsel. Mr. Johnson helped the estate recover a multi-million-dollar settlement. In finding that "[t]here's no question in my mind that this settlement is in the best interest of this Estate," the Honorable Laura S. Taylor stated, "I want to compliment Mr. Johnson, and I want to compliment

on the successful recovery for the Estate. The creditors thank you, and I thank you." *See also International Real Estate PLC v. Oaktree Capital Management, LLC*, (Cal. Super. Ct. Los Angeles Cnty.) (a public company with shares listed on the London Stock Exchange retained Mr. Johnson as lead counsel to pursue claims for breach of fiduciary duty against former directors of a joint venture company for damages in excess approximately $20 million; the case ultimately settled on favorable terms to International Real Estate) (*See* testimonial from the firm's client under Testimonials).

Mr. Johnson has also continued to represent individual clients and small companies through jury verdicts in complex civil litigation. By way of example, in *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.* (San Diego Superior Court), Mr. Johnson helped his client recover a seven-figure verdict following a week-long jury trial. *See* testimonial from the firm's client below. Similarly, in *DCI Solutions v. Urban Outfitters* (S.D. Cal), Mr. Johnson served as lead trial counsel for a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost. Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety.

In addition to his complex civil litigation practice, Mr. Johnson has served as lead or co-lead counsel in scores of representative matters (class actions and derivative actions) throughout the country, including: *In re Motorola, Inc. Derivative Litigation*, (Ill. Cir. Ct. Cook County) (derivative action settled after six years of litigation on terms that required the implementation of comprehensive corporate therapeutic changes valued by one expert at over $1 billion); *In re the Titan Corp. Derivative Litigation*, (San Diego Superior Court) (derivative action resulting in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition); *Bagot v. Bracken, et al.*, (Tenn. 6th Cir.) (derivative action resulting in a payment of $19 million to the company, believed to be among the largest recoveries in a derivative case in the State of Tennessee, and implementation of significant corporate therapeutics); *Englehart v. Brown, et al.* (Wash. Super. Ct. King Cnty) (shareholder class action resulting in what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, $12.75 million additional consideration for class members); and *Baker v. Visa International Corp.*, (San Diego Superior Court) (consumer class action against Visa for wrongfully assessing undisclosed fees by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries and ultimately coordinated with *In re Currency Conversion Fee Antitrust Litigation* which resulted $336 million for the class members).

Areas of Practice: Mr. Johnson's practice focuses on complex litigation. Mr. Johnson has extensive experience in all aspects of trial practice, mediation, trial preparation, and non-jury and jury trials in state and federal court. In addition to his

general trial practice, Mr. Johnson has both prosecuted and defended a number of cases involving securities fraud in class actions and derivative cases.

Professional Qualifications and Activities: Mr. Johnson was admitted to the State Bar of California in 1994. He is currently admitted in good standing with the following courts:

- The Supreme Court of the United States of America
- All courts in the State of California
- The United States Courts of Appeals for the Third and Ninth Circuits
- The United States District Courts for the Southern, Central, Eastern, and Northern Districts of California
- The United States Court of Federal Claims
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Colorado

Mr. Johnson is currently, or has been previously, a member of the following professional organizations:

- The San Diego County Bar Association
- The Federal Bar Association
- The Litigation Section of the State Bar of California
- SD Regional Chamber of Commerce, Vice Chair Tech Comm. (2002-03, 2003-04, 2004-05)
- Association of Business Trial Lawyers, Member of the Board of Governors (2018-2020)

Mr. Johnson completed the following trial advocacy programs:

- San Diego County District Attorney one-month misdemeanor jury trial program
- Louis M. Welsh American Inn of Court, one-year program
- San Diego Inn of Court College of Advocacy, multi-week trial course
- San Diego Inn of Court College of Advocacy, multi-week evidence course

Following graduation from law school in 1994, Mr. Johnson served as a judicial law clerk for one year for the Honorable John S. Rhoades, a federal trial judge in the United States District Court for the Southern District of California.

Awards and Peer Recognition:

- *Martindale-Hubbell*: Martindale-Hubbell Peer Review Ratings, the gold standard in attorney ratings, have recognized lawyers for their strong legal ability and high ethical standards for more than a century. Mr. Johnson has received an AV rating for more than 18 consecutive years, awarded to only those lawyers with the highest ethical standards and professional ability, as established by confidential opinions from members of the Bar.

- *Super Lawyers*: Mr. Johnson is recognized as a Super Lawyer in Business and Securities Litigation. Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

- *San Diego Magazine Top Lawyers*: In its March 2022 edition, San Diego Magazine included Mr. Johnson as one of the 2022 Top Lawyers in business litigation in San Diego. This year is the ninth consecutive year that the publication recognized Mr. Johnson as a Top Lawyer.

- *America's Most Honored Lawyers Top 1%*: In 2022, The American Registry honored Frank J. Johnson with this award. Each year, The American Registry certifies qualifying public recognitions of excellence including significant mentions in the press, honors by recognized trade groups, and acclaimed recognitions by peers or clients. It reserves this award for only the Top 1% of American Lawyers.

Education: Mr. Johnson completed Yale School of Management's Certified Private Wealth Advisor® (CPWA®) curriculum  and obtained the CPWA® certification administered by Investments & Wealth Institute® in 2021. The program includes a series of advanced financial advisor courses presented by leading Yale faculty and industry experts covering the most advanced knowledge and techniques to address the sophisticated needs of high-net-worth clients with a minimum net worth of $5 million. Mr. Johnson received his Juris Doctor degree from Washington University School of Law in 1994, where he was in the top 10% of his class while in attendance. At both Washington University School of Law and the University of San Diego School of Law (where Mr. Johnson was a visiting student in his third year), Mr. Johnson won first place awards in each school's Moot Court Competition. He received his Bachelor of Science degree in Business Administration with an emphasis in Finance from San Diego State University in 1990, where he graduated second in his class major, with honors and *summa cum laude*.

Community and Volunteer Activities: Mr. Johnson serves on the Board of Governors for the San Diego Chapter of the Association of Business Trial Lawyers. For the past several years, Mr. Johnson has spearheaded his firm's efforts to be the leading fund raiser for Feeding San Diego's annual challenge to help fight summer hunger throughout San Diego County. Mr. Johnson also donated time with several members from the firm to organize food for distribution to the needy. Also, for several years, Mr. Johnson served as a volunteer at Voices for Children, where he acted as a CASA (Court Appointed Special Advocate) meeting several times each month with a foster child and attending court hearings to advocate for the child's best interests.

## MICHAEL I. FISTEL, JR.

Mr. Fistel is one of the founding partners of Johnson Fistel and manages the firm's Georgia office.  He has spent his entire career specifically dedicated to protecting investor rights in shareholder class action and derivative litigation around the country.

Prior to joining as one of the founding partners of Johnson Fistel, Mr. Fistel was a partner at an Atlanta-based boutique litigation firm that represented individuals and businesses in shareholder and other complex litigation in federal and state courts throughout the country.  In that role, Mr. Fistel served as partner-in-charge of the firm's active case inventory, and obtained millions of dollars on behalf of injured shareholders, consumers, and businesses.  Mr. Fistel was also instrumental in securing sweeping corporate governance reforms at numerous publicly-traded companies.

Representative Matters:  Mr. Fistel's success in protecting investor rights in shareholder class action and derivative litigation is exemplified in several cases, including without limitation the following: In *In re: Twitter, Inc. Shareholder Derivative Litigation,* C.A. No. 18-062 (D. Del.), Johnson Fistel serving as co-lead counsel and Mr. Fistel serving as one of the chief negotiators, secured a $38 million payment to Twitter and successfully negotiated robust corporate reforms tailored to address alleged disclosure deficiencies concerning the company's user growth and user engagement prospects.  Similarly, in *Alex v. McCullough, et al.*, No. 1:12-cv-08834 (N.D. Ill.), Mr. Fistel helped secure a $20 million recovery and sweeping management and board-level corporate governance reforms for Career Education Corporation.  Mr. Fistel has had similar success in the securities class action arena as well.  Specifically, in *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.),a securities class action lawsuit where Johnson Fistel served as co-lead counsel, Mr. Fistel helped secure an $18.75 million class-wide settlement, and *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.), another securities class action where Johnson Fistel served as lead counsel, Mr. Fistel was instrumental in securing a $21 million class settlement.

Areas of Practice:  Mr. Fistel devotes his practice to representing individuals, institutions, and businesses in shareholder and other complex litigation.  Specifically, a substantial portion of Mr. Fistel's practice is focused on representing shareholders in securities fraud class action litigation and shareholder derivative litigation.  In addition to shareholder litigation, Mr. Fistel also represents aggrieved consumers and businesses in other complex litigation arising out of financial and consumer fraud.

Professional Qualifications:  Mr. Fistel was admitted to the State Bar of Georgia in 2001, and is currently admitted in good standing with the following courts:

- All courts in the State of Georgia
- The Supreme Court of the United States of America
- The United States Courts of Appeals for the First, Second, Fourth, Tenth, and Eleventh Circuits

- The United States District Courts for the Northern and Middle Districts of Georgia
- The United States District Court for the District of Colorado
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Maryland

Mr. Fistel has also been invited to speak at the Georgia State University School of Law in the area of corporate governance and shareholder rights and has served as an invited panelist for the Securities and Corporate Litigation Sub-Section of the Atlanta Bar Association.

Awards and Peer Recognition: In 2011, 2013, 2014, 2015, and 2016, Mr. Fistel was recognized as a Georgia Super Lawyer—Rising Star by Atlanta Magazine, an honor bestowed on just 2.5% of the attorneys in the State of Georgia. Additionally, Mr. Fistel has an AV rating with Martindale-Hubbell, which indicates very high to preeminent legal ability and very high ethical standards as established by confidential opinions from members of the Bar.

Education: Mr. Fistel attended New England Law in Boston, Massachusetts, earning his Juris Doctor degree in 2001. While at New England Law, Mr. Fistel was repeatedly named to the Dean's List and received the CALI Award for Excellence in Trial Practice and Sports Law. Prior to attending New England Law, Mr. Fistel attended Florida State University as a Florida Undergraduate Scholar, and graduated with a Bachelor of Arts degree in English.

Community and Volunteer Activities: Mr. Fistel is an active member of his local Hickory Flat, Georgia community, having served as an Executive Board Member and as Secretary of the Board of Directors of East Cherokee Baseball, a total volunteer youth sports organization where approximately 500 boys and girls ages 3-17 are provided a safe, fun, and educational baseball experience. Mr. Fistel and his family are members of St. Peter Chanel Catholic Church in Roswell, Georgia.

## BRETT M. MIDDLETON

Brett M. Middleton is a partner in Johnson Fistel LLP's San Diego office. He has over two decades of experience representing institutional and individual investors in securities fraud class action litigation, corporate governance derivative litigation, and merger-related class action litigation. Working with the firm's shareholder clients, he strives to hold management of publicly traded companies accountable by achieving significant financial recoveries and meaningful corporate governance reforms.

Representative Matters: Mr. Middleton has served as lead or co-lead counsel in a wide variety of high-profile class action cases that have achieved substantial recoveries for investors. Notable cases include: *Lehman Brothers Securities Litigation* (S.D.N.Y.) (recovered $615 million for investors from multiple defendants arising from the alleged accounting fraud that prolonged the historic bankruptcy),

*Williams Securities Litigation* (N.D. Okla.) ($311 million combined settlement for alleged accounting fraud, which was the largest settlement at the time without a company restatement), *Lumber Liquidators Securities Litigation* (E.D. Va.) (obtained over $40 million for class members arising from alleged scheme to inflate margins by importing cheap and illegal flooring products as exposed by the CBS news show *60 Minutes*), *Accredo Health Securities Litigation* (W.D. Tenn.) ($33 million for investors arising from accounting fraud claims), *The Fresh Market (Morrison v. Berry)* ($27.5 million recovered post-closing of merger), *Accredited Home Lenders Securities Litigation* (S.D. Cal.) ($22 million recovered for investors for fraud claims relating to mortgage lending practices), *FTSI Securities Litigation (Glock v. FTS International, Inc.)* ($10 million recovered for investors for alleged violations of Sections 11 and 15 of the Securities Act of 1933), and *Clarent Corp. Securities Litigation* (N.D. Cal.) (after a four-week jury trial, obtained rare jury verdict in favor of plaintiffs and against the company's former CEO).

He also has extensive experience representing individual shareholders in derivative litigation where he helped to improve corporate governance practices and enforce the fiduciary obligations of corporate boards and officers. Among others, he successfully prosecuted and settled shareholder derivative actions on behalf of Applied Opto Electronics, Activision, Apollo, News Corporation, and the Ryland Group.

Moreover, Mr. Middleton has contributed significantly to successful mergers and acquisitions ("M&A") transactional litigation efforts to challenge the improper use of defensive measures and deal protections for management's benefit, including M&A transactional litigation actions involving Alberto-Culver and Unilever, Caremark and CVS, Emulex and Broadcom, Long Drugs and CVS, Medco and Express Scripts, Ticketmaster and Live Nation, and Yahoo! and Microsoft.

Before joining Johnson Fistel, Mr. Middleton was with Bernstein Litowitz Berger & Grossmann LLP for 15 years, where he was instrumental in the prosecution of securities fraud class actions, shareholder derivative litigation, and M&A transactional actions.

Recognition: For his professional achievements, Mr. Middleton has received multiple industry and national recognitions, including "San Diego Super Lawyer" by Super Lawyers, "Best of the Bar" by the San Diego Business Journal, and "Recommended Lawyer in M&A Related Shareholder Litigation" by Legal 500 USA Guide.

Professional Qualifications and Associations: Mr. Middleton was admitted to the State Bar of California on December 8, 1998, and is admitted in good standing with all courts in the State of California. He is also admitted in good standing with the United States District Courts for the Central, Northern, and Southern Districts of California.

Mr. Middleton is a member of the following professional associations:

- Association of Business Trial Lawyers
- California Lawyers Association, Litigation and Business Law
- San Diego County Bar Association
- UCLA Alumni Association, San Diego Network
- University of San Diego School of Law Alumni Association

Education:  On June 18, 1993, Mr. Middleton graduated from the University of California, Los Angeles (UCLA) where he majored in History with an emphasis in Business Administration.  He earned his Juris Doctor Degree from the University of San Diego School of Law on May 23, 1998.

## MARY ELLEN CONNER

Ms. Conner is a partner in the Atlanta office of Johnson Fistel.  Ms. Conner has extensive experience in securities fraud litigation and fiduciary duty litigation.

Prior to joining Johnson Fistel, Ms. Conner practiced law at Jones Day, a full-service law firm with more than 2,500 lawyers and 43 offices around the world, representing *Fortune 500* companies in complex commercial and securities litigation. Additionally, Ms. Conner has since served on the faculty of Atlanta's John Marshall Law School teaching Civil Procedure I and II; Legal Research, Writing, and Analysis I; and Legal Communications and Process.  She also served as the Faculty Adviser to the Moot Court and co-directed the school's Oral Advocacy Competition.

Representative Matters:  Ms. Conner's experience in securities fraud litigation is exemplified by her active role in recouping $38 million and negotiating robust corporate governance reforms for Twitter arising out of certain Twitter directors' and officers' alleged breaches of fiduciary duties by issuing materially false and misleading statements about Twitter's user growth and user engagement metrics.  In addition, Ms. Conner was instrumental in securing an $18.75 million settlement on behalf of a proposed class of investors alleging the biopharmaceutical company Chiasma, Inc. misled investors in its 2015 initial public offering about the prospects for regulatory approval of the company's drug candidate, Mycapssa, in violation of §§ 11 and 15 of the Securities Act of 1933.

Ms. Conner's fiduciary duty litigation experience is further highlighted by her instrumental work in negotiating a favorable settlement for her client in the In re International Textile Group Merger Litigation, brought by Safety Components International ("SCI") minority shareholders against WL Ross & Co., certain current and former officers and directors of International Textile Group ("ITG"), and others, arising out of the merger of ITG and SCI in which minority shareholders alleged breach of fiduciary duties by controlling shareholders.

Ms. Conner also previously represented numerous businesses, healthcare providers (including hospitals, physician groups, laboratories, Durable Medical Equipment supply companies, and ambulatory surgery centers), and individuals in government investigations and litigation brought by the Department of Justice and Office of Inspector General for alleged violations of the False Claims Act, federal securities and commodities fraud statutes, and insider trading laws.

Areas of Practice:  Ms. Conner concentrates her practice on securities litigation and complex commercial disputes, representing businesses and individuals who have been wronged by corporate fraud in shareholder litigation, including in direct and derivative actions.

Professional Qualifications: Ms. Conner was admitted to the State Bar of Georgia in 2011 and is admitted to practice and in good standing with the following courts:

- All courts in the State of Georgia
- The United States District Court for the Northern District of Georgia
- The United States Court of Appeals for the Eleventh Circuit

Education and Awards:  Ms. Conner graduated from the University of North Carolina at Chapel Hill as a Public Service Scholar with Bachelor of Arts degrees in English and Psychology.  She received her Juris Doctor degree from the University of North Carolina School of Law with Honors in 2011, where she served on the editorial board for The North Carolina Law Review and received the Gressman-Pollitt Award for Excellence in Oral Advocacy from the Holderness Moot Court.  While in law school, Ms. Conner also served as a summer clerk to The Honorable Judge Robert J. Conrad, Jr., Chief Judge for the Western District of North Carolina.

Awards and Peer Recognition:  For her professional achievements, Ms. Conner has received multiple industry and national recognitions, including "2022 Georgia Rising Star" status by *Super Lawyers*, as well as the Martindale-Hubbell AV Preeminent peer rating—the highest possible rating in both legal ability and ethical standards based upon peer reviews—for 2019, 2020, 2021, and 2022.  Ms. Conner was also recognized as a member of the General Litigation Department of the Year, awarded by *The Daily Report*, for the years 2013 and 2014.  She also received the Safe Haven Award for Excellence in Pro Bono Representation in 2012.

Publications and Speaking Engagements:

"The 'Advice-of-Counsel' Defense: Cautionary Tales for Counsel in False Claims Act Cases," American Health Lawyers Association.

"Buyers Beware: The Drug Supply Chain Security Act and the False Claims Act," American Health Lawyers Association Fraud & Abuse, April 2017.

Speaker, "Responding to Governmental Civil Investigative Demands and Government Subpoenas," Clear Law Institute, February 21, 2017.

Community and Volunteer Activities:  Ms. Conner remains active in legal education.  She has served as an instructor at Emory University's School of Law Keissler Eidson Trial Techniques Program and volunteers as an instructor for Empire Mock Trial.

## KRISTEN O'CONNOR

Ms. O'Connor is a partner in the San Diego office of Johnson Fistel.  Prior to joining the firm, she served as Managing Counsel at a life sciences contract research organization (CRO), where she negotiated clinical trial agreements with preeminent research institutions and provided market clearance submission development and support for global medtech and pharmaceutical industry clients.

Representative Matters: Among prominent representations, Ms. O'Connor played an active role in securing an $18.75 million settlement on behalf of a proposed class of investors alleging the biopharmaceutical company, Chiasma, Inc., misled investors in its 2015 initial public offering about the prospects for regulatory approval of the company's drug candidate, Mycapssa, in violation of §§ 11 and 15 of the Securities Act of 1933.  She also acted as the lead attorney in procuring an $875k settlement against a grocery chain owned by a global investment firm on behalf of six plaintiff workers alleging sexual harassment and related claims.

Areas of Practice: Ms. O'Connor has spent her litigation career representing individuals in shareholder and complex litigation, as well as a diverse clientele in federal and state employment civil rights actions for harassment and discrimination. She is an experienced first-chair trial attorney and is deeply committed to serving as a principled and aggressive advocate for workers' rights.  Ms. O'Connor has handled high-stakes civil matters at all stages, from prelitigation investigations and discovery through trial.

Professional Qualifications and Activities: Ms. O'Connor was admitted to the State Bar of California in 2015, and is currently admitted in good standing with the following courts:

- All courts in the State of California
- The United States District Courts for the Northern, Southern, and Central Districts of California

Ms. O'Connor is also a member of the following professional organizations:

- American Bar Association
- San Diego County Bar Association,
- American Inns of Court—J. Clifford Wallace Chapter
- Lawyers Club of San Diego

Awards and Peer Recognition: Ms. O'Connor was named by Thomson Reuters' Super Lawyers as a leading San Diego, California lawyer in 2020 and 2021. She was also selected by the organization as a 2020 and 2021 Rising Star, a designation awarded to no more than 2.5% of attorneys in each state.

Publications and Speaking Engagements:

Speaker, "Elimination of Bias," The Association of Business Trial Lawyers, February 2017

Mock Trial Presenter, Mini-Annual Seminar on Trial Presentation, The Association of Business Trial Lawyers, January 2019

Going Solo: Harmonizing Judicial Treatment of the Work-for-Hire Preclusion to Music Copyright Termination (2014) 36 T. Jefferson L. Rev. 373

*Developments in Political Spending Disclosures*, THE MONITOR (Johnson Fistel, LLP, San Diego, Cal.), Sept. 2017, at 1

*Equifax Executives Made $1.77 Million from Stock Sales While Your Data Was Stolen*, THE MONITOR (Johnson Fistel, LLP, San Diego, Cal.), Dec. 2017, at 1

*AT&T-Time Warner: Will This Open the Merger Floodgates?* THE MONITOR (Johnson Fistel, LLP, San Diego, Cal.), September 2018, at 3

*No-Rehire Provisions Given the Pink Slip in California,* THE MONITOR (Johnson Fistel, LLP, San Diego, Cal.), March 2020, at 1

*Assembly Bill 9: Sexual Harassment and Discrimination Litigation in California,* THE MONITOR (Johnson Fistel, LLP, San Diego, Cal.), Nov. 2020, at 1

*Same-Sex Harassment Under Title VII: Broadly Actionable Under Developing Jurisprudence*, THE ABTL REPORT (The Association of Business Trial Lawyers), October 2021, at 12

Education: Ms. O'Connor holds an LL.M. degree in Securities and Financial Regulation from Georgetown University Law Center. She received her Juris Doctor degree from the Thomas Jefferson School of Law, where she graduated *summa cum laude* and third in her class, received the CALI Award for Excellence in Legal Writing I, Legal Writing II, Civil Practice, Contracts I, Property II, Entertainment Law Transactions, and Wills and Trusts, and received the Jefferson Medal for Mediation and Negotiation. During law school, she had the distinct honor of serving as both a faculty teaching and research assistant. She also served as an editor for the Thomas Jefferson Law Review, where her work in intellectual property was published.

Ms. O'Connor received a Bachelor of Arts degree from California Lutheran University, where she received academic scholarships. During her senior year, she studied Eastern European history and the Czech language as a visiting student at Charles University in Prague, Czech Republic.

Community and Volunteer Activities: Ms. O'Connor is a proud Partner in Hope at St. Jude Children's Research Hospital, part of a special group of monthly donors committed to saving children with cancer and other life-threatening diseases.

## ASSOCIATES

### ENOCH P. HICKS

Mr. Hicks is an associate in the Marietta office of Johnson Fistel. Mr. Hicks has experience in all aspects of trial preparation and presentation including factual investigation, drafting and responding to pleadings and discovery, expert discovery, depositions, motion practice, and jury trials.

Areas of Practice: Mr. Hicks focuses his practice on complex commercial litigation with an emphasis on securities class actions and shareholder derivative actions. Mr. Hicks has been successful in bringing about corporate reforms related to accounting, oversight, and disclosures at publicly-traded companies.

Professional Qualifications: Mr. Hicks is a member in good standing with the State Bar of Georgia and is admitted to practice in the following courts:

- The United States District Courts for the Northern, Middle, and Southern Districts of Georgia
- The Georgia Supreme Court
- The Georgia Court of Appeals
- All State and Superior Courts of Georgia

Experience: Prior to joining Johnson Fistel, Mr. Hicks served as an Assistant Attorney General in the Georgia Office of the Attorney General. As an Assistant Attorney General, Mr. Hicks represented numerous state government entities as lead counsel in defending against lawsuits brought under the Georgia Tort Claims Act seeking millions of dollars in government funds. Additionally, Mr. Hicks leverages his wide-ranging experience from working as an associate at a regional law firm, as law clerk, and as a prosecutor to assist clients in reaching their goals.

Education and Awards: Mr. Hicks obtained his Juris Doctor degree from the University of South Carolina School of Law. During law school, Mr. Hicks was a competing member of the Mock Trial Bar with a first-place victory at the Carolinas Competition. Mr. Hicks also developed a passion for giving back by serving as a Student Board Member of the Pro Bono Program and providing his time to causes such as the My Wills program, the Ask-a-Lawyer program, and acting as the eFile Administrator for the Volunteer Income Tax Assistance program.

Additionally, Mr. Hicks is a graduate of the University of Georgia Terry College of Business where he earned a Bachelor of Business Administration degree in Risk Management and Insurance.

**ANTHONY E. MANCE**

Mr. Mance is an associate in the Atlanta office of Johnson Fistel.  Mr. Mance has been an attorney for 14 years.  He has over a decade of experience working on complex discovery and trial preparation matters on multiple high-profile shareholder derivative and securities class action cases.

Areas of Practice: Mr. Mance focuses his practice on shareholder derivative suits and securities class actions.

Professional Qualifications: Mr. Mance was admitted to the State Bar of California in 2009.  He is currently admitted in good standing to practice in the following courts:

- All courts in the State of California

Education and Awards: In 2009, Mr. Mance received his Juris Doctor from California Western School of Law. While attending California Western, Mr. Mance was repeatedly named to the Dean's List and received two American Jurisprudence Awards in Professional Responsibility and Wrongful Conviction Seminar. He also served as a law and philosophy research assistant, was a member of the International Law Society, and completed professional training in cross-cultural alternative dispute resolution.

Prior to completing his legal studies, Mr. Mance attended Purdue University where he earned a Bachelor of Arts degree in Political Science with dual minors in English and History.


**JONATHAN M. SCOTT**

Mr. Scott is an associate in the San Diego office of Johnson Fistel. During law school, Mr. Scott took an interest in business and securities law, interning at the California Department of Business Oversight, Enforcement Division and one of the largest plaintiff's firms in the United States specializing in securities litigation.  Prior to attending law school, Mr. Scott worked for a large financial institution in Montana where he was in charge of analyzing and restructuring troubled assets in the wake of the 2008 economic recession.

Areas of Practice: Mr. Scott focuses his practice on complex commercial and business litigation, securities class actions, and shareholder derivative suits.

Professional Qualifications: Mr. Scott was admitted to the State Bar of California in 2018. He is currently admitted and in good standing to practice in the following courts:

- All courts in the State of California
- The United States District Court for the Southern District of California

Mr. Scott is also a member of the following professional organizations:

- American Bar Association
- San Diego County Bar Association
- Gonzaga Alumni Association, San Diego Network
- University of Montana Alumni Association, San Diego Network

Education and Awards: In 2018, Mr. Scott received his Juris Doctor degree from California Western School of Law, where he graduated cum laude and was awarded an honors distinction in business law. Mr. Scott earned three American Jurisprudence awards for receiving the highest grade in the following courses: legal writing I, legal writing II, and business entity finance. In recognition of his excellent writing skills, Mr. Scott received the 2018 National Order of the Scribes award and was further recognized as a California Western student of distinction. Mr. Scott served as the Executive Lead Articles Editor for the California Western Law Review and was a teaching assistant for legal writing I. Prior to law school, Mr. Scott earned his MBA degree from Gonzaga University and his Bachelor of Science degree in Business Management from the University of Montana.

Community and Volunteer Activities: After receiving his MBA degree, Mr. Scott tutored elementary school students in math and reading in Missoula, Montana. During law school, Mr. Scott was admitted to the Public Service Honors Society. Mr. Scott further enjoys participating in community runs to raise money for various causes, and volunteering and attending California Western Law School events.

## WILLIAM W. STONE

Mr. Stone has litigated cases in both federal and state courts throughout the country and has over a dozen years of experience with all aspects of trial practice and discovery, including trial preparation, factual investigation, drafting and responding to pleadings and discovery, expert discovery, depositions, motion practice, trial, and appeals.

Representative Matters: Some of Mr. Stone's representative matters include:

- *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.). In a securities class action case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, Johnson Fistel's client was appointed Lead Plaintiff and the firm was appointed Co-Lead Counsel under the Private Securities Litigation Reform Act of 1995. The complaint filed in the action alleges that defendants made false and misleading statements in connection with the Company's labor strategy. As a result of these false and misleading statements, Flowers Foods stock traded at artificially inflated prices during the Class Period. A $21 million class settlement became final on January 10, 2020. At the hearing on final approval of the settlement, Judge W. Louis Sands expressed his satisfaction

with the settlement and offered the following commentary: "I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing . . . ."

- *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.). Johnson Fistel served as co-lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 11 and 15 of the Securities Act of 1933. The complaint alleged that defendants made false and misleading statements in connection with the company's IPO regarding the company's business and the prospects for approval of a pharmaceutical drug. A class-wide settlement in the amount of $18.75 million was approved on June 27, 2019.

- *Glock v. FTS International, Inc., et al.*, Civil Action No. 4:20-cv-03928 (S.D. Tx.). Johnson Fistel served as co-lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 11 and 15 of the Securities Act of 1933. A class-wide settlement in the amount of $9.875 million was approved on April 13, 2021.

- *Cobb EMC litigation*: In 2007 and 2008, Mr. Stone prosecuted class and derivative state court claims brought by customer-members of the non-profit Cobb Electric Management Corporation ("EMC") addressing conflicts of interest, transfer of the EMC's employees and assets to a for-profit entity, improper by-laws, and breach of by-laws. The cases resulted in a recovery of over $120 million of assets, return of the employees to the EMC, revision of the by-laws, replacement of the board via elections conducted pursuant to the revised bylaws, dissolution of the for-profit entity, and the resignation of the CEO.

- *Checking account overdraft litigation*. Mr. Stone was instrumental in establishing groundbreaking consumer contract law requiring banks to order transactions and impose overdraft charges in a manner consistent with their implied duty of good faith and fair dealing, leading to over $1 billion in settlements. Reported decisions: 563 F. Supp. 2d 1358 (N.D. Ga. 2008); 694 F.Supp.2d 1302 (S.D. Fl. 2010).

- *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.). Johnson Fistel served as Lead Counsel in this shareholder derivative action filed in the United States District Court for the Northern District of Georgia against certain current and former officers and directors of Southern Company for breaches of fiduciary duties, unjust enrichment, and corporate waste. After over five years of hard-fought litigation, the action settled on terms including corporate reforms valued by

one expert as having the potential to contribute hundreds of millions of dollars in value to the company. In approving the settlement on June 9, 2022, U.S. District Judge Mark H. Cohen praised Johnson Fistel for its diligence and efforts in the case and described the settlement as "the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel" who are "nationally recognized leaders in shareholder litigation."

Areas of Practice:  Mr. Stone practices complex civil litigation with a focus on securities and consumer fraud class action litigation and shareholder derivative litigation.

Professional Qualifications: Mr. Stone was admitted to the State Bar of Georgia in 2007.  He is currently admitted to practice before the following courts:

- The United States Court of Appeals for the Eleventh Circuit
- The United States District Courts for the Middle and Northern Districts of Georgia
- All courts in the State of Georgia

Education and Awards:  Mr. Stone received his Juris Doctor degree from the Georgia State University College of Law in 2007.  During law school, he received CALI Awards for Excellence in Trial Practice in Research, Writing, Advocacy, and Criminal Law, clerked for a judge, and studied for a term at Johannes Kepler University in Linz, Austria, completing courses focusing on arbitration.  Prior to law school, he was a legal assistant for a large law firm in Atlanta during breaks from college.  He received his Bachelor of Arts degree with Honors from the University of Georgia's Honors Program in Athens, Georgia, where he published his honors thesis comparing American and European antitrust enforcement.

Community and Volunteer Activities:  Mr. Stone volunteers with the Atlanta Community Food Bank and serves on the board of his local homeowners association.

### OLIVER S. TUM SUDEN

Mr. tum Suden is an associate in the Atlanta office of Johnson Fistel.  He is part of the firm's commercial, shareholder derivative, and securities class action practices and has experience with all aspects of trial practice and discovery, including drafting factual investigation, litigation demands, drafting and responding to pleadings and discovery, expert discovery, motion practice, and alternative dispute resolution.

Representative Matters: Mr. tum Suden has played key roles in several high-stakes actions and achieved favorable results for clients.  For example, his work was instrumental in the settlement of *Hines v. Gowen, et al.*, No. 2:20-cv-04673 (E.D. Pa.), which alleged breaches of fiduciary duty and other violations of law, resulting in the adoption of significant corporate governance reforms and payment of cash settlement.

Areas of Practice: Mr. tum Suden focuses his practice on complex commercial litigation, including securities class actions and shareholder derivative actions, representing businesses and individuals wronged through fraud and other violations of law.

Prior to joining Johnson Fistel, Mr. tum Suden served as Assistant Attorney General in the Commercial Transactions and Litigation Division of the Georgia Office of the Attorney General, where he prosecuted and defended breach of contract actions, contested asset valuations, and represented clients including Governors Brian Kemp and Nathan Deal, educational institutions under the University System of Georgia, Georgia Lottery Corporation, Georgia Composite Medical Board, Georgia Department of Transportation, and Georgia Department of Revenue, among others. Notably, Mr. tum Suden wrote an *amicus curiae* brief on behalf of the Georgia Department of Revenue in *Heron Lake II Apartments, LP et al. v. Lowndes County Board of Tax Assessors*, 306 Ga. 816 (2019) that was influential in overturning the trial court's decision.

During law school, Mr. tum Suden served an Honors Clerk at the U.S. Securities and Exchange Commission in the Enforcement Division's Complex Financial Instruments Unit, focusing on fraud in connection with sophisticated financial instruments. While at the SEC, Mr. tum Suden investigated an insider trading ring and built a successful case against a hedge fund manager for misrepresenting assets under management.

Professional Qualifications: Mr. tum Suden was admitted to the State Bar of Georgia in 2018 and is currently admitted in good standing with the following courts:

- All courts in the State of Georgia
- The United Stated District Court for the Northern District of Georgia

Awards and Peer Recognition: Mr. tum Suden received an award for his outstanding contributions to the Journal of Intellectual Property.

Education: Mr. tum Suden received his Juris Doctor degree in 2018 from the University of Georgia School of Law, where he was in the top half of his class, served as Notes Editor on the Journal of Intellectual Property, was the President of the Asian Law Students Association, was a member of Phi Alpha Delta A.H. Stephens Chapter, and acted as the Hearing Officer for the Honor Court. Mr. tum Suden graduated cum laude from West Virginia University with a Bachelor of Science degree in Business Administration.

Community and Volunteer Activities: Mr. tum Suden is an active member of the Georgia Asian Pacific American Bar Association and University of Georgia Mentor program.

## SPECIAL COUNSEL & TRIAL ATTORNEY

### TIFFANY R. JOHNSON

Mrs. Johnson has years of trial experience as both a Deputy Attorney General for the State of California and a Judge Advocate General in the United States Navy. She now focuses her practice on complex business litigation and civil rights matters. She also has experience representing clients in family law matters.

Prior to joining Johnson Fistel, Mrs. Johnson was a Deputy Attorney General for the State of California for over twelve years where she primarily litigated civil rights cases through trial. In addition, Mrs. Johnson served as a Judge Advocate General in the United States Navy for close to ten years where she achieved the rank of Lieutenant Commander. While in the Navy, Mrs. Johnson represented hundreds of sailors and marines in criminal proceedings through verdict, administrative boards, and disability hearings.

Professional Qualifications and Activities: Mrs. Johnson was admitted to the bar for the State of Minnesota in May of 2000, and to the bar of the State of California in 2005. Additionally, Mrs. Johnson is admitted to practice in the following courts:

- All courts in State of California
- All courts in State of Minnesota
- The United States Court of Appeals for the Ninth Circuit
- The United States District Court for the Southern, Central, Eastern, and Northern Districts of California

Education: Mrs. Johnson received her Juris Doctor degree from Chicago-Kent College of Law in 2000. She received her Bachelor of Arts degree in Education from Concordia University, St. Paul, Minnesota, in 1996.

## OF COUNSEL

### JEFFREY A. BERENS

Jeffrey A. Berens is an accomplished securities litigator, having made a career of prosecuting violations of federal securities laws on behalf of defrauded stockholders, pursuing derivative claims under state corporate law to redress misconduct committed by corporate officers and directors, and seeking to maximize shareholder value in merger and acquisition litigation. In addition to his securities litigation practice, Mr. Berens litigates a wide variety of other complex matters including cases involving consumer fraud, state and federal RICO violations, antitrust claims, unfair trade practices, and employment law violations.

Between 2007 and 2016, Mr. Berens was a principal of Dyer & Berens LLP, a Colorado-based shareholder rights law firm. Prior to founding Dyer & Berens, he was an associate and later a partner in a boutique law firm which recovered hundreds of millions of dollars for aggrieved investors nationwide. Before entering law school, Mr. Berens worked as a corporate accountant, during which time he passed the Certified Public Accountant examination.

Representative Matters: Mr. Berens has successfully litigated shareholder class and derivative lawsuits against more than one hundred public and private companies including, among others, BancorpSouth, Inc. ($29.25 million recovered), Tele-Communications, Inc. ($26.5 million recovered), FirstWorld Communications, Inc. ($25.925 million recovered), Transcrypt International, Inc. (approximately $25 million recovered), Molycorp, Inc. ($20.5 million recovered), ICG Communications, Inc. ($18 million recovered), Rhythms NetConnections Inc. ($17.5 million recovered), One-Stop Wireless of America, Inc. (approximately $11 million recovered), Fidelity Management & Research Company ($7.5 million recovered), Carrier Access Corporation ($7.4 million recovered), and State Street Corporation ($6.25 million recovered). Early in his career, Mr. Berens successfully argued to the Colorado Court of Appeals that the trial court had erred in failing to allow thousands of victims of a nationwide boiler room fraud to band together and prosecute their claims in a single class action. The Court of Appeals' opinion in *Toothman v. Freeborn & Peters* established new law, making it more difficult for dishonest promoters to evade the reach of the securities laws. Mr. Berens later won entry of a $75 million summary judgment against the alleged ringleader of the scheme.

Areas of Practice: Mr. Berens devotes his practice to representing individuals, institutions, and businesses in securities fraud class action litigation and shareholder derivative litigation.

Education: Mr. Berens attended Marquette University Law School, from which he graduated *cum laude* in 1996. While at Marquette, he served as a judicial extern to the Honorable John L. Coffey of the United States Court of Appeals for the Seventh Circuit and was a member of the Marquette University Law Review. Mr. Berens received his undergraduate degree in business and accounting from the University of Wisconsin.

Admissions: Mr. Berens was admitted to the state bar of Wisconsin in 1996 and the state bar of Colorado in 1997. He is also admitted to practice before the United States District Courts for Colorado and the Eastern District of Wisconsin, the Tenth Circuit Court of Appeals, and has been admitted to practice, on a case by case basis, in various state and federal jurisdictions throughout the country.

Publications: Mr. Berens is the author of Pleading Scienter Under The Private Securities Litigation Reform Act of 1995, which was published in *The Colorado Lawyer*.

## RICHARD A. NERVIG

Mr. Nervig is a tenacious litigator with practical securities industry experience obtained from working as both a Dean Witter stockbroker prior to attending law school and as a compliance attorney after graduation. Mr. Nervig has successfully recovered in excess of $20 million dollars on behalf of his clients.

Areas of Practice:  For over 23 years, Mr. Nervig's practice has focused primarily upon the representation of investors in securities litigation matters in FINRA arbitration proceedings, as well as matters in both state and federal court. Mr. Nervig is experienced handling all manner of securities sales practice claims ranging from suitability violations, churning, unauthorized trading, and fraud. Mr. Nervig is particularly adept at pursuing secondary liability claims arising from Ponzi schemes, unregistered securities sales, and anti-money laundering violations. Mr. Nervig also routinely represents creditors in bankruptcy adversary proceedings involving securities violation discharge avoidance matters pursuant to §523(a)(19) of the Bankruptcy Code.

Professional Qualifications and Activities:  Mr. Nervig is currently admitted in good standing with the following courts:

- All courts in the State of Arizona (1997)
- All courts in the State of California (2003)
- All courts in the State of Colorado (1993)
- The United States District Court for the District of Arizona
- The United States District Courts for the Southern and Central Districts of California
- The United States District Court for the District of Colorado
- The United States Court of Appeals for the Tenth Circuit

Mr. Nervig is also a member of the following organizations:

- American Bar Association (Member Sections of Business Law and Litigation)
- Denver Bar Association
- San Diego County Bar Association
- San Diego North County Bar Association
- Southwest Riverside County Bar Association
- Public Investors Arbitration Bar Association
- Arbitrator, Financial Industry Regulatory Authority (FINRA) and San Diego County Bar Association Fee Arbitration Committee
- Former Member New York Stock Exchange and National Association of Securities Dealers

Education: Mr. Nervig received his Juris Doctor degree from the Claude W. Petit College of Law at Ohio Northern University in 1992. He received a Bachelor of Arts degree in 1988 from the Metropolitan State University of Denver.

## SETH SCHECHTER

Seth Schechter has extensive experience counseling high net worth clients with specialized asset protection strategies, wealth preservation ideas, tax mitigation, and estate planning. He has a passion for positive causes, and he loves helping clients seamlessly integrate their business, personal and philanthropic goals.

Mr. Schechter started his legal career over 20 years ago working as a Special Assistant United States Attorney in San Diego. After spending two years defending the United States against civil actions, he spent several years at a prestigious law firm in San Diego providing estate planning services and strategizing with clients on forming the best business structures based upon a number of financial considerations to protect them from personal liability and reduce their tax obligations.

This experience led billionaire Sidney Frank, creator of the Grey Goose and Jagermeister brands, to hire Mr. Schechter as his personal lawyer and in-house counsel for Mr. Frank's enterprises. In that role, Mr. Schechter handled virtually all of Mr. Frank's legal matters including managing his wine brand, real estate development, and the record-setting sale of Grey Goose to Bacardi for $2 billion. Mr. Schechter has since served as general counsel for both established companies and start-ups. In addition, Mr. Schechter has held leadership roles at large nonprofit organizations in San Diego.

Areas of Practice: Mr. Schechter has three primary practice areas:

- Estate Planning: Mr. Schechter combines his practical knowledge and technical expertise to create effective, efficient, and tax sensitive wealth planning and asset transfer arrangements. He provides advice and guidance on trust and gift planning, estate tax mitigation, life insurance strategies, philanthropic and charitable integration, and personalized asset protection. He has counseled clients from across the wealth spectrum, including individuals, families, and business entities in planning and managing estates of varying size and complexity.

- Asset Protection: Combining his education (LLM in Taxation) and his work experience (representing clients such as billionaire Sidney Frank and other high net worth individuals), Mr. Schechter takes estate planning to the next level by ensuring that his clients' assets are insulated from litigation concerns and other potential threats. Schechter helps clients create an individualized Asset Protection Plan designed to make sure that all current and potential personal and professional risks and threats are identified.

- Business Law: Mr. Schechter has a broad range of skills and experience in the fields of commercial, corporate, and securities law. He has counseled domestic and international clients in a wide variety of transactional matters.

Education: Mr. Schechter received his Bachelor of Arts degree from Cornell University in 1990, his Juris Doctor degree from California Western in 1995, and his Master of Laws (LLM) in Taxation from the University of San Diego in 2001.

Community and Volunteer Activities: Mr. Schechter is involved with several nonprofits, including the Jackson Hole Technology Partnership and the Surfrider Foundation.

### RALPH M. STONE

Ralph M. Stone is recognized as a leading lawyer in the securities litigation, investor rights, and international discovery fields. He has represented public and private companies, hedge funds, and other institutional investors in a wide variety of commercial litigation in courts around the country and in FINRA and American Arbitration Association arbitrations, on creditor committees in international bankruptcies, and in various other forums. He actively represents and advises private banks and other non-U.S. institutions in major securities litigation, and he regularly represents and advises them in various hedge fund disputes and matters arising from collapsed funds. He also represents securities industry whistleblowers before the SEC and CFTC, helping whistleblowers maintain their anonymity in presenting tips and helping them to secure financial awards as a result of their whistleblowing.

Prior Experience: From 1990 to 1992, Mr. Stone was associated with the international law firm Mayer, Brown & Platt, where he was involved in a variety of commercial litigation. He was an associate at the law firm of Milberg Weiss from 1992 until 1997. At Milberg Weiss, he focused on the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes, and the fiduciary obligations of corporate officers and directors. From 1997 through 2018, Mr. Stone was a partner at the firm of Shalov Stone & Bonner LLP, which he co-founded, and which later became Stone Bonner & Rocco LLP.

Representative Matters: Mr. Stone has been involved in a large number of mass actions, collective actions, and class actions. Among other achievements, Mr. Stone obtained the first-ever class certification against a foreign government in Urban GmbH v. Republic of Argentina, in which he represented holders of defaulted Republic of Argentina bonds. He has represented a group of more than 100 bondholders of an Uruguayan bank in claims against the bank's former directors who reside in New York. Also, he has represented high-profile hedge funds as well as European and Asian funds in major securities fraud actions.

The significant securities class actions in which he has played a principal role as one of the lead counsel include: In re Winstar Communications Inc. Securities Litigation (S.D.N.Y.) (over $40 million in recoveries, including a substantial recovery secured in connection with the pursuit of innovative claims brought against a business partner of a securities issuer); In re Baan Company Securities Litigation (D.D.C.) (settlement with bankrupt Dutch software company and its executives totaling $32 million, which amounted to nearly all of the damages claimed by class members); In re TEAM Communications Securities Litigation (C.D. Cal.) (settlement with bankrupt American television licensing company predominantly traded on a German stock exchange and its executives totaling $12.5 million); In re Crayfish Inc. Securities Litigation (S.D.N.Y.) (recoveries from Japanese software company and its executives totaling $9 million); In re Intershop Communications AG Securities Litigation (N.D. Cal.) (recovery of more than $3 million from bankrupt German software company and its executives); In re Workstream, Inc., Securities Litigation (recovery of $3.9 million); Cooper v. CPS Systems, Inc. (N.D. Tex.) (recovery of $3.44 million); In re Mitcham Industries Securities Litigation (S.D. Tex.) (recovery of $2.7 million); Yuan v. Bayard Drilling Technologies, Inc. (W.D. Okla.) (recovery of $3.1 million); and Varljen v. H.J. Meyers & Co., Inc. (S.D.N.Y.) (recovery of more than $5 million).

Mr. Stone has also served as lead class counsel on behalf of participants in certain companies' retirement plans in a number of ERISA class actions, including: In re Ferro Corp. ERISA Litigation (N.D. Ohio) (recovery of $4 million for retirement plan participants); In re Comerica, Inc. ERISA Litigation (E.D. Mich.) (recovery of $2.2 million for plan participants).

He also has been involved in a wide variety of securities arbitrations and other commercial cases relating to the securities industry. He has represented a listed company in a dispute with an investment banking firm before the American Arbitration Association and has represented investors with fraud, suitability, and deceptive practice claims against both electronic brokerage firms and traditional brokerages in FINRA arbitrations.

He has, on several occasions, served as a court-appointed receiver or fiduciary to protect and distribute funds in various insider-trading disgorgement and other cases brought by the SEC.

In addition to the wide variety of matters relating to securities and financial services, Mr. Stone has also played an active role representing victims of terrorism, including participating in the Linde v. Arab Bank litigation (E.D.N.Y.) on behalf of victims of terrorism who obtained the first verdict ever against a financial institution for providing material support to a terrorist organization's attacks on Americans, and participating in briefing in connection with various actions seeking to enforce terrorism-based judgments against Iran, including in Peterson v. Bank Markazi, which

resulted in a recovery of over $1.8 billion for victims of the 1983 Marine Barracks bombing in Beirut, Lebanon.

Mr. Stone has actively litigated consumer protection class actions in courts around the country. For example, he played a principal role as lead counsel in In re Cablevision Consumer Litigation (E.D.N.Y.), recovering benefits of more than $28 million for cable TV subscribers who were denied access to certain Fox network-affiliated channels during a 2010 carriage dispute between Cablevision and News Corp., and Health Science Products LLC v. Sage Software SB, Inc. (N.D. Ga.), recovering $5.5 million on behalf of a class asserting that software was buggy and defective. He has also served as a lead counsel and made substantial recoveries for classes in many consumer protection cases, including in cases alleging that various finance charges imposed by banks, credit card companies, and other lenders are deceptive or unfair, electronics products were defective, software was defective or invasive of privacy rights, sports memorabilia products were not genuine as represented, insurance products were improperly or deceptively marketed, and that insurance contracts were breached.

Mr. Stone's reported decisions include: Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76 (2d Cir. 2012); In re Cablevision Consumer Litigation, 864 F.Supp.2d 258 (E.D.N.Y. 2012); In re Ferro Corp. ERISA Litigation, 422 F.Supp.2d 850 (N.D. Ohio 2006); In re Baan Company Securities Litigation, 245 F.Supp.2d 117 (D.D.C. 2003); Macomber v. Travelers Property and Casualty Co., 261 Conn. 620 (Conn. 2002); In re Baan Company Securities Litigation, 81 F.Supp.2d 75 (D.D.C. 2000); Milman v. Box Hill Systems Corp., 72 F.Supp.2d 220 (S.D.N.Y. 1999); Varljen v. H.J. Meyers & Co., [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 90,259 (S.D.N.Y. 1998); Saddle Rock Partners, Ltd. v. Hiatt, [1996.97 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 99,413 (W.D. Tenn. 1996); and Sikes v. American Telephone & Telegraph Co., 841 F. Supp. 1572 (S.D. Ga. 1993).

Areas of Practice: Mr. Stone's practice focuses on complex litigation, investor rights, and whistleblower protection. Mr. Stone has extensive experience in all aspects of complex civil litigation and securities and consumer fraud class actions.

Professional Qualifications and Activities: Mr. Stone was admitted to the Bar of the State of New York in 1991. He is currently admitted in good standing with the following courts:

- The Supreme Court of the United States of America
- All New York State courts
- The United States Courts of Appeals for the Second, Fifth, Sixth and Eleventh Circuits
- The United States District Courts for the Southern and Eastern Districts of New York

Mr. Stone is currently, or has been previously, a member of the following professional organizations:

- American Bar Association (ABA)
- Association of the Bar of the City of New York (ABCNY)
- Former Secretary, Consumer Affairs Committee
- Public Investors Advocate Bar Association (PIABA)

Awards and Peer Recognition: Martindale-Hubbell: Martindale-Hubbell Peer Review Ratings, the gold standard in attorney ratings, have recognized lawyers for their strong legal ability and high ethical standards for more than a century. Mr. Stone has an AV rating which is awarded to only those lawyers with the highest ethical standards and professional ability, as established by confidential opinions from members of the Bar.

Super Lawyers: Mr. Stone is recognized as a Super Lawyer in Securities Litigation.  Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

Education:  Mr. Stone received his Juris Doctor degree from the University of Texas School of Law in 1990, where he was an editor of The Review of Litigation. He received an A.B. in Philosophy from Columbia College, Columbia University in 1987.

Publications:  Contributor of chapter "United States" in Shareholder Claims (Jordans 2012), describing U.S. law relating to investor and shareholder rights.

### SELECTED EXAMPLES OF REPRESENTATIVE MATTERS

Johnson Fistel aggressively pursues complex litigation matters for both plaintiffs and defendants on an hourly or contingency fee basis depending upon the circumstances of the matter.  Below are just a few of the cases the firm has undertaken.  To respect the privacy of some of the firm's clients who prefer we do not mention their names involved in litigation and to honor confidentiality provisions in certain settlement agreements, some of the matters are described below without identifying the parties' names.

## *Business and Commercial Litigation*

- *International Real Estate PLC v. Oaktree Capital Management, LLC*, Case No. BC 324973 (Cal. Super. Ct. Los Angeles Cnty.).  International Real Estate (a public company with shares listed on the London Stock Exchange) retained Johnson Fistel to pursue claims for breach of fiduciary duty against former directors of a joint venture company.  That case involved alleged damages of approximately $20 million, and after years of aggressive litigation and a mediation, ultimately settled on favorable terms to International Real Estate.  *See* testimonial from the firm's client, Rolf L. Nordstrom, under Testimonials.

- *Doe Shipping Company v. John Doe* (Cal. Super. Ct. San Diego Cnty.).  A national shipping company retained Johnson Fistel after a former employee left the company with customer lists, other employees, and other confidential information.  Johnson Fistel filed a complaint alleging claims for fraud, breach of contract, and misappropriation of trade secrets, among others.  After a series of depositions and the threat of putting the defendants out of business, Johnson Fistel assisted the company in obtaining a resolution that restricted the former employee from doing business with certain of the company's clients, protected the company's trade secrets, and provided for a significant monetary payment to the company.

- *Liebsohn, et al. v. Augme Technologies, Inc., et al.*, Case No. 13-2-40007-3 SEA (Wash. Super. Ct. King Cnty.).  Johnson Fistel represented a group of 47 high net worth investors who were defrauded into trading their stock in a privately-held company for stock in a publicly-traded company.  After defeating several motions to dismiss and a petition for discretionary review by the Washington Court of Appeals, Johnson Fistel obtained a highly-favorable confidential settlement from the defendants' insurance carrier on February 2, 2016.

- *John Doe v. Doe Hedge Fund* (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel defended one of the world's most successful hedge funds and its manager against meritless claims of fraud. After aggressively defending the matter, the plaintiff accepted a nuisance value settlement that was less than the cost of defense.

## <u>*Trials & Arbitrations*</u>

- *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.). On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product. After a week-long jury trial, the jury returned a seven-figure verdict in favor of J Johnson Fistel's client, including actual and punitive damages. *See* Noteworthy Success Stories and testimonials from the firm's client, Ronald T. Fricke, and the firm's co-counsel Gerald J. Stubenhofer, Esq. under Testimonials.

- *DCI Solutions v. Urban Outfitters*, (S.D. Cal). Johnson Fistel represented a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost. Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety. Johnson Fistel also prevailed on all of Urban Outfitter's post-trial motions. *See* testimonial from the firm's client, James Baker, under Testimonials.

- *Timeshare Resale Alliance v. Fleming, et al.*, (San Diego Cnty. Arbitration). Johnson Fistel successfully defended a real-estate broker accused of stealing her former employer's alleged trade secrets. Following a week-long arbitration, the arbitrator issued an order completely exonerating Johnson Fistel's client.

- *Mary Joe v. Jane Doe* (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel represented the minority shareholder of a small family corporation to pursue claims against the other shareholders who wasted millions of dollars of corporate assets by using those assets to pay for their personal expenses. The client retained Johnson Fistel to substitute into the case just two months before trial. On day four of a five-day trial, defendants agreed to settle the case.

**_Shareholder Derivative Actions_**

- *In re Powerwave Technologies, Inc.*, Case No. 13-10134 (MFW) (Bankr. D. Del.). On behalf of a shareholder client, Johnson Fistel filed a shareholder derivative action in a California Superior Court alleging that certain of Powerwave's officers and directors had affirmatively engaged in improper accounting to conceal the company's true financial condition. Shortly after filing this action, Powerwave filed for bankruptcy and the United States Bankruptcy Court appointed a Chapter 7 Trustee. The Bankruptcy Court appointed Johnson Fistel as special counsel to represent the Trustee to prosecute these claims as assets of the estate. After nearly two years of litigation, Johnson Fistel secured a settlement that included payment of $5.5 million for the benefit of the estate in bankruptcy.

- *Rubin v. Reinhard*, Case No. 37-2008-00091039-CU-NP-CTL (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was sole Lead Counsel in this derivative lawsuit. After the company filed a petition for relief under Chapter 7 of the Bankruptcy Code, the Bankruptcy Trustee retained Johnson Fistel as special litigation counsel to prosecute claims for breach of fiduciary duty against certain officers and directors. After several years of hard-fought litigation, the Estate in Bankruptcy settled recovering $3 million. In approving the settlement, the Bankruptcy Court judge remarked: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate." *See* full testimonial from the Honorable Laura S. Taylor under Testimonials.

- *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.). Johnson Fistel served as Lead Counsel in this shareholder derivative action filed in the United States District Court for the Northern District of Georgia against certain current and former officers and directors of Southern Company for breaches of fiduciary duties, unjust enrichment, and corporate waste. After over five years of hard-fought litigation, the action settled on terms including corporate reforms valued by one expert as having the potential to contribute hundreds of millions of dollars in value to the company. In approving the settlement on June 9, 2022, U.S. District Judge Mark H. Cohen praised Johnson Fistel for its diligence and efforts in the case and described the settlement as "the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel" who are "nationally recognized leaders in shareholder litigation."

- *In re HD Supply Holdings, Inc. Derivative Litigation*, Lead Case No. 1:17-cv-02977-MLB (N.D. Ga.). Johnson Fistel was appointed Co-Lead Counsel in a stockholder derivative action brought on behalf of HD Supply alleging, among other things, that certain executives and directors of HD Supply

violated federal and state law by making false and misleading statements to investors, thereby artificially inflating the stock price. The complaint filed in the action also alleges that while the price of HD Supply stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading of their personally-held HD Supply stock holdings. In its role as Co-Lead Counsel, Johnson Fistel helped to secure a settlement which provided HD Supply with significant benefits, including helping to preserve tens of millions of dollars in corporate assets in connection with the company's settlement of a related securities class action that was funded exclusively by insurance proceeds rather than corporate funds, as well as causing the adoption of important corporate reforms, including reforms to the company's insider trading policy.

- *In re CoreCivic, Inc. Shareholder Derivative Litigation*, Lead Case No. 3:16-cv-03040 (M.D. Tenn.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf of CoreCivic, Inc. alleging, among other things, that certain officers and directors of CoreCivic violated federal and state law by making false and misleading statements to investors concerning CoreCivic's history of quality, savings, and compliance at Federal Bureau of Prisons facilities, causing its common stock to be traded at artificially inflated levels. On CoreCivic's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

- *In re United States Steel Corporation Derivative Litigation*, Lead Case No 2:17-cv-01005-CB (W.D. Pa.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf of United States Steel Corporation, alleging, among other things, that certain officers and directors of US Steel violated federal and state law by causing the company to make false and misleading statements to investors which concealed that U.S. Steel failed to implement necessary maintenance measures at its facilities and that the Company did not have the capacity to meet then-current market demand, causing its common stock to be traded at artificially inflated levels. On US Steel's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

- *In re: Twitter, Inc. Shareholder Derivative Litigation,* C.A. No. 18-062 (D. Del.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf Twitter, Inc., alleging, among other things, that certain officers and directors of Twitter caused the company to make false and misleading statements concerning the metrics used by the company to measure user growth and engagement, causing its common stock to be traded at artificially inflated levels. In addition, the complaint filed in the action alleges that while the price of Twitter stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading,

unloading approximately $281 million worth of their personally-held Twitter stock holdings. In its role as Co-Lead Counsel, Johnson Fistel helped to secure $38 million for the company and successfully negotiated robust governance reforms tailored to address and prevent the reoccurrence of directors and officers of Twitter from issuing materially false and misleading statements about the company's user growth and user engagement prospects. *See* Noteworthy Success Stories and full testimonial from the firm's client, Jim Porter, under Testimonials.

- *Wells v. Reed, et al.*, Case No.: 2016-CH-16359 (Ill. Cir. Ct., Cook Cnty., Ch. Div.) (*Treehouse Foods, Inc. Derivative Litigation*). Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brought on behalf of Treehouse Foods, Inc., alleging, among other things, that certain officers and directors of Treehouse Foods violated state law by causing the company to make false and misleading statements regarding, among other things, the underperformance of both the Company's private label business and the Company's acquisition strategy. On Treehouse Foods's behalf, Plaintiff seeks damages and disgorgement from the alleged wrongdoers.

- *In re RH Shareholder Derivative Litigation*, No. 4:18-cv-02452-YGR (N.D. Cal). Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brough on behalf of RH, Inc. alleging, among other things, that certain officers and directors of RH violated federal and state laws by making false and misleading statements concerning RH's business operations, financial condition, and growth prospects, as well as that certain defendants engaged in improper insider trading. On RH's behalf, Johnson Fistel negotiated sweeping and innovative corporate governance reforms to benefit the company, including installation of a new Chief Compliance Officer and adoption of a Disclosure Committee Charter. *See* Noteworthy Success Stories and testimonial from the Honorable Yvonne Gonzalez Rogers under Testimonials.

- *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct. Cook County). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action filed against current and former officers and directors of Motorola, Inc. The derivative claims charged certain officers with making misrepresentations about the company's financial statements and prospects of success in order to artificially inflate the company's stock price while they personally sold shares and while causing the company to simultaneously purchase shares on the open market. After six years of hard-fought litigation, the action settled on terms that required the implementation of significant corporate therapeutic changes throughout the company— changes that were valued by one expert at over $1 billion. *See* Noteworthy Success Stories.

- *In re Heelys Inc. Derivative Litigation*, Case No. 07-CV-1682 (N.D. Tex.). Johnson Fistel's predecessor firm was appointed Co-Lead Counsel in this shareholder derivative action filed against current and former officers and directors of Heelys Inc.  After prevailing on defendants' motion to dismiss, and more than a year of litigation including multiple mediations, this matter settled on terms that required the implementation of significant corporate therapeutic changes that benefitted the company and its shareholders for years to come.  *See* testimonial from the Honorable Ed Kinkeade under Testimonials.

- *In re MannKind Corporation Derivative Litigation*, Lead Case No. 11-cv-05003-GAF-SSx (C.D. Cal.). Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action filed against current and former officers and directors of MannKind, alleging that the defendants had misled shareholders about the FDA approval process for MannKind's core product. After more than two years of litigation and a mediation, this matter settled on terms that required the implementation of significant corporate therapeutic changes, including the creation of a new Board-level Disclosure & Controls Committee and significant enhancements to financial reporting requirements.

- *Singh v. Hsu*, Case No. 1-13-cv-243247 (Cal. Super. Ct. Santa Clara Cnty.) (Impax Laboratories, Inc. Derivative Litigation).  Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action against certain current and former officers and directors of Impax Laboratories, Inc. for allegedly failing to correct systemic problems at the company's manufacturing centers and for misleading shareholders about FDA sanctions related to these problems.  After two years of litigation and a mediation, the matter settled on terms requiring the implementation of company-wide corporate governance reforms, significantly enhancing reporting and oversight at the Board, officer, and employee level.

- *In re LHC Group, Derivative Litigation*, No. 6:13-CV-02899-JTT-CBW (W.D. La.).  Johnson Fistel, as Co-Lead Counsel in this shareholder derivative action, was able to resolve the action for substantial corporate governance reforms at LHC Group which included, among other reforms, amendments to the company's compliance policies designed to address allegations concerning the company's Medicare home health program and to the Audit Committee Charter to provide greater oversight of the company's compliance-related activities, Medicare and Medicaid reimbursement policies, compliance audits, handling of anonymous complaints, and the effectiveness of the company's Code of Conduct.  The settlement also caused changes to be made to the company's insider trading and preclearance policies to provide more clarity and transparency, as well as additional restrictions, on insider sales of company stock.

- *Weitzman v. Ullman, et al.*, Civ. No. 4:13-cv-00585 (E.D. Tex.) (J.C. Penney Company, Inc. Derivative Litigation).  In its role as Lead Counsel, and after almost five years of litigation and nearly two years of protracted settlement negotiations, Johnson Fistel was able to secure a settlement that provided for a series of material reforms to JCPenney's corporate governance systems, which were designed to strengthen the Company's internal control functions and board accountability, and ultimately prevent the recurrence of the events that led to the alleged harm to the company and the filing of the derivative lawsuit.

- *Orrego & Kim v. Lefkosky, et al.*, Case No.: 12 CH 12420 (Consolidated with 12 CH 19431) (Ill. Cir. Ct., Cook Cnty., Ch. Div.) (*Groupon, Inc. Derivative Litigation*).  Johnson Fistel, serving as Co-Lead Counsel, negotiated a settlement which included extensive and detailed measures designed to improve corporate governance at Groupon and restore and maintain investor confidence in the Company.  Groupon's Board of Directors agreed to implement these sweeping corporate governance reforms designed to improve decision-making and legal-regulatory compliance in the critical areas of accounting and financial disclosure, earnings guidance, and committee oversight at the company.

- *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL (D.S.C.).  Johnson Fistel, as Co-Lead Counsel, was able to resolve the action for the benefit of World Acceptance even though the District Court granted defendants' motions to dismiss the case, and that order was being appealed to the U.S. Court of Appeals for the Fourth Circuit.  Johnson Fistel, its co-counsel, and our clients never gave up, and fought to achieve a significant settlement despite significant obstacles.  Specifically, the settlement, among other things, preserved corporate resources by ensuring that the related securities class action was resolved within insurance policy limits and without monetary contribution from the company, and caused significant corporate governance reforms designed to increase shareholder control and provide for improved operational oversight at the company.  The settlement will have a lasting, positive impact on the Company and its shareholders for years to come.

- *In re Marrone Bio Innovations, Inc. Derivative Litigation*, Lead Case No. CV14-1481 (Cal. Super. Ct., County of Yolo).  Johnson Fistel, in its role as Co-Lead Counsel, negotiated a settlement on behalf of Marrone Bio Innovations which reformed its governance practices in order to prevent the misconduct alleged in case from reoccurring again in the future.  The case stemmed from the criminal misconduct of the company's former Chief Operating Officer and the control and oversight environment at the company that allowed such misconduct to occur in the first place causing harm to Marrone Bio Innovations.  Specifically, the reforms put into place by the

settlement created more transparency in connection with stockholder proposals, created more extensive oversight of management by the Audit Committee, revised the company's Code of Business Conduct and Ethics and added responsibilities to the company's Compliance Officer to foster a corporate environment of legal and ethical compliance, revised the company's policies with respect to expense recognition policies and training in connection therewith, and formalized the company's Disclosure and Controls Committee and defined the responsibilities of it.

- *Bagot v. Bracken, et al.*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.). Johnson Fistel was appointed Lead Counsel in this shareholder derivative action against certain current and former officers and directors of HCA Holdings, Inc., the largest private hospital chain in the country. The parties litigated the action for more than four years and attended multiple mediations, after which Johnson Fistel secured an extremely favorable settlement for HCA and its shareholders, including a payment of $19 million to HCA, the appointment of a new independent director, and implementation of significant corporate therapeutics. *See* Noteworthy Success Stories.

- *In re Brocade Communications, Systems, Inc. Derivative Litigation*, Case No. 1:05cv41683 (Cal. Super. Ct. Santa Clara Cnty.). Johnson Fistel was initially appointed Co-Lead Counsel in state court in one of the highest-profile options backdating cases in the country. Johnson Fistel helped prevent an inadequate settlement of a related federal action from being approved, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme which would have resulted in no money to the company and only a payment of attorney's fees for the lawyers in that case. Brocade then formed a Special Litigation Committee and retained Johnson Fistel as co-counsel to assist in litigating claims against ten former officers and directors of the company. After years of litigation, over $24 million was recovered for Brocade. *See* Noteworthy Success Stories.

- *In re 3D Sys. Corp. Deriv. Litig.*, Lead Case No. 0:15-cv-03756-MGL (D.S.C.). Johnson Fistel, as Co-Lead Counsel, served as lead negotiator in this multi-jurisdictional shareholder derivative litigation alleging, among other things, that between 2008 and 2015, 3D Systems acquired over 40 companies at a cost of over $700 million, without: (i) conducting adequate due diligence to confirm the value of their offerings; (ii) devoting the management systems or supervisory resources necessary to properly integrate operations and establish internal controls over accounting and financial reporting; or (iii) building out sufficient manufacturing capacity to leverage the acquisitions and meet the then-CEO's aggressive sales and revenue projections. The Complaint also alleged that certain of the

Company's executives and directors engaged in insider selling while the price of the Company's stock was artificially-inflated. Johnson Fistel successfully negotiated a significant corporate reform package calling for, among other things, an independent chairperson of the board, director term limits, enhancements to director independence and compliance functions, and the establishment of disclosure and merger and acquisition working groups.

## *Corporate Takeover Litigation*

- *Morrison et al. v. Berry et al.,* (The Fresh Market) Case No. 12808, (Court of Chancery of the State of Delaware). Johnson Fistel helped obtain $27.5 million for shareholders in a class action over the 2016 $1.4 billion take-private sale of specialty grocery chain Fresh Market to Apollo Global Management LLC. Plaintiffs accused Fresh Market's former CEO and Chairman, of acting disloyally in concealing his private communications on terms of Fresh Market's sale to Apollo, along with the rollover of his equity as part of the deal. Fresh Market's former President and CEO, and former Chief Legal Officer and Senior Vice President, were accused of fiduciary duty breaches and were also parties to the settlement. Johnson Fistel litigated alongside fellow class attorneys in opposition to the defendants' multiple attempts to dismiss the suit. Efforts by class counsel helped secure an appeal to and reversal by the Delaware Supreme Court in 2018 of the lower court's granting of the first motion to dismiss in which the high court agreed with the plaintiffs that the defendant had disclosure deficiencies in its Schedule 14D-9 and was effectively misleading as a result, only to face yet another motion to dismiss by the defendants on remand. Vice Chancellor Sam Glasscock III, who watched the parties exchange blows both times the suit came through the Court of Chancery, described the case as full of "extraordinarily heavy [and] hard-fought litigation." For example, class attorneys fought for and subsequently analyzed some 286,000 documents in total, amounting to roughly 1.5 million pages, before arriving at the $27.5 million settlement through mediation. Vice Chancellor Glasscock , evidently impressed by the resounding outcome of the novel post-closing damages deal case, described the settlement amount as an "excellent result" for the shareholders, stating that the additional payout of $0.75 per share was over half of what was potentially achievable in additional merger consideration.

- *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.). Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2014 acquisition of Flow by American Industrial Partners which resulted in a $12.75 million settlement, believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court. *See* Noteworthy

Success Stories.

- *In re the Titan Corp. Derivative Litigation*, Case No. GIC 832018 (Cal. Super. Ct. San Diego Cnty.).  Johnson Fistel was appointed Co-Lead Counsel in a derivative lawsuit that involved claims against the officers and directors of Titan Corporation for breach of fiduciary duty.  During the pendency of the litigation, Titan announced that it would be acquired, in a deal that would have undervalued the Company's worth, harming its stockholders being cashed out by the deal.  To prevent this from happening, Johnson Fistel quickly coordinated with counsel in a related derivative action pending in Delaware Chancery Court to negotiate a settlement that resulted in $29 million in increased consideration to Titan's shareholders in connection with the all-cash merger acquisition.  *See* Noteworthy Success Stories.

- *Azar v. Blount International, Inc., et al.*, No. 3:16-CV-00483-SI (D. Or.).  Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2016 acquisition of Blount International Inc. by a group comprised of a private equity firm, Blount's largest stockholder, and two Blount insiders.  The plaintiffs allege, among other things, that the proxy statement Blount disseminated in connection with the deal failed to disclose a set of financial projections that best reflected Blount's long-term prospects and, instead, disclosed only later, artificially reduced projections.  The plaintiffs allege that misleading proxy statement tainted the stockholder approval of the merger, and they are seeking an unspecified amount of monetary damages.  This matter recently settled resulting in millions of dollars in additional consideration for Blount's shareholders and is pending final approval.

### *Securities Class Actions*

- *Mollik v. Adomani, Inc., et al.*, No. RIC-1817493 (Sup. Ct. Cal., Riverside).  The co-founder and former Chief Technology Officer of a publicly traded company retained Johnson Fistel on an hourly basis to defend him in a class action alleging violations of §§12(a)(2) and 15 of the Securities Act filed against Adomani, Inc., certain of its current and former executives, and two firms that underwrote Adomani's initial public offering.  Johnson Fistel aggressively fought the allegations in the complaint and ultimately negotiated for and achieved a full dismissal of all claims and financial liabilities against the firm's client.  Additionally, on July 1, 2021, the Court entered an order forever barring the remaining defendants from pursuing any claims for contribution or indemnity against the firm's client, pursuant to an agreement Johnson Fistel negotiated with co-defendants in order to maximize protections for the firm's client.

- *Desrocher v. Covisint Corporation, et al.*, Case No. 1:14-CV-03878-AKH (S.D.N.Y.).  In a case alleging violations of §§11 and 15 of the Securities

Act of 1933, the Court appointed Johnson Fistel Co-Lead Counsel and certified the firm as Co-Lead Class Counsel. The class action complaint alleged that there were misrepresentations or omissions in documents filed with the SEC in connection with the company's IPO. Under the settlement, defendants agreed to create an $8 million common fund to compensate Covisint stockholders who were harmed by the alleged misrepresentations or omissions, which amount represented a substantial percentage of the maximum potential recovery. The Court approved the settlement in its entirety on December 13, 2016. *See* Noteworthy Success Stories.

- *Gerneth v. Chiasma, Inc., et al.*, No. 1:16-cv-11082-DJC (D. Mass.). Johnson Fistel served as Co-Lead Counsel and represented the Lead Plaintiff in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. The complaint alleged that defendants made false and misleading statements in connection with the company's IPO regarding the company's business and the prospects for approval of a pharmaceutical drug. A class-wide settlement in the amount of $18.75 million was approved on June 27, 2019. *See* Noteworthy Success Stories.

- *In re Flowers Foods, Inc. Securities Litigation*, No. 7:16-cv-0022-WLS (M.D. Ga.). In a securities class action case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, Johnson Fistel's client was appointed Lead Plaintiff and the firm was appointed Co-Lead Counsel under the Private Securities Litigation Reform Act of 1995. The complaint filed in the action alleges that defendants made false and misleading statements in connection with the Company's labor strategy. As a result of these false and misleading statements, Flowers Foods stock traded at artificially inflated prices during the Class Period. The $21 million class settlement became final on January 10, 2020. *See* Noteworthy Success Stories and testimonial from the Honorable W. Louis Sands under Testimonials.

- *Glock v. FTS International, Inc., et al.*, Civil Action No. 4:20-cv-03928 (S.D. Tx.). Johnson Fistel served as Co-Lead Counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. The complaint alleged that defendants failed to disclose in the Company's offering documents that market dynamics impacting FTSI had significantly deteriorated, that the Company's dedicated contracts could be prematurely terminated by FTSI's customers, and that the growth in revenues in the lead up to the IPO attributable to Chesapeake Energy, one of the Company's largest customers, would not be maintained. Eventually, FTSI would file for bankruptcy protection, devastating shareholder value and the Company's investors. A class-wide settlement in the amount of $9.875 million was reached while the Company was seeking protection from creditors in bankruptcy court. The settlement was approved on April 13, 2021. *See* Noteworthy Success Stories.

- *In re EverQuote, Inc. Securities Litigation*, Index No. 651177/2019 (N.Y. Sup. Ct., New York Cnty.). Johnson Fistel served as Co-Lead Counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. EverQuote is an online marketplace where consumers looking for insurance submit information to EverQuote's website. The operative Complaint filed in the case alleged strict liability and negligence claims against for misstatements and omissions in the Company's Registration Statement regarding quote requests. Specifically, the Complaint alleged that EverQuote was purposefully moderating quote requests, the Company's sole product, as of the IPO because increased quote requests had been causing pricing compression, and that the Registration Statement not only failed to disclose these material facts, but it was replete with statements attesting to the importance to EverQuote's finances of growing quote requests. Johnson Fistel, along with Co-Lead Counsel, was able to negotiate a $4.75 million settlement, representing a significant portion of estimated damages, on behalf of investors who purchased shares in the EverQuote IPO. The settlement was approved on June 11, 2020. *See* Noteworthy Success Stories.

- *Mohanty v. Avid Technology, Inc., et al.*, No. 1:16-cv-12336-IT (D. Mass.). Johnson Fistel served as Lead Counsel and represented the Lead Plaintiff in a securities class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The plaintiff alleged that the defendants made false and misleading statements concerning the company's business, operations, and financial outlook. A class-wide settlement in the amount of $1.325 million was approved on May 2, 2018.

- *Crystal v. Medbox, Inc., et al.*, No. 2:15-cv-00426-BRO-JEM (C.D. Cal.). Johnson Fistel served as Lead Counsel and represented the Lead Plaintiffs in a securities class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The complaint alleged that defendants

made numerous and repeated false and misleading statements concerning Medbox's accounting, finances, internal controls, business, prospects, and outlook throughout the Class Period. A class-wide settlement in the amount of $1.850 million in cash and 2.3 million shares of company stock was approved on May 2, 2018.

- *In re American Realty Capital Properties, Inc. Litigation*, Case 1:15-mc-00040-AKH (S.D.N.Y.). Johnson Fistel represented one of the class representatives in a securities fraud class action arising from the allegedly shady accounting practices at the real estate business formerly known American Realty Capital Partners (now known as Vereit Inc.). The case, which spanned five years of hard-fought litigation, was resolved in 2019 in a deal that saw Vereit pay $738.5 million into a common fund for the investor class, while other defendants, including AR Capital and former ARCP CEO Nicholas Schorsch, would be responsible for $225 million. Former manager Grant Thornton would pay $49 million, and former CFO Brian Block would pay $12.5 million, for a total recovery to the investor class of $1.025 billion. The settlement was approved by the court on January 4, 2020.

- *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Johnson Fistel filed the initial case and thereafter worked with court-appointed lead counsel in this securities fraud class action arising from Valeant's alleged concealment of, among other things, Valeant's unsustainable and deceptive price gouging practices wherein Valeant acquired pre-existing drugs, some of them life-saving medicines, and then dramatically raised prices to boost short-term profitability. After more than five years of litigation, the case was resolved for $1.21 billion. The court approved the settlement on January 31, 2021

## *Consumer Class Actions*

- *Eagle Canyon Owners' Association v. USA Waste of California, Inc.*, Case No. 37-2018-00005897 (Cal. Super. Ct. San Diego Cnty.). Eagle Canyon Owners' Association retained Johnson Fistel to pursue a class action against USA Waste for allegedly overbilling its California open market commercial and industrial customers in breach of its service agreements. Following years of investigation, discovery, and hard-fought litigation in both federal court and state court, Johnson Fistel negotiated a $7.85 million settlement, representing approximately 50% – 90% of the total, potential class-wide damages, according to Eagle Canyon's expert. The firm also insisted upon an all-cash, non-reversionary, and non-claims made settlement so that individual cash payments would be automatically being mailed to eligible class members without them needing to submit a claim form. *See* testimonial from the firm's client, Jillian Ibave, under Testimonials.

- *Baker v. Visa International Corp.*, Case No. 06cv0376 (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was appointed Co-Lead Counsel for this nationwide consumer class action that was filed in 2006 against Visa International Corp. for wrongfully assessing undisclosed fees on consumers by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries. This matter was removed to federal court, and transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York to be coordinated with the *In re Currency Conversion Fee Antitrust Litigation.* The Court approved a settlement that provided for $336 million for the class members. While the *Baker* case was not the driving force leading to the $336 million for the class members, it was coordinated with that matter and the firm played a material role in the ultimate settlement.

- *Giancola v. Lincare Holdings Inc.*, Case No. 8:17-cv-2427-T-33AEP (M.D. Fla.). Serving as Class Counsel in this action, Johnson Fistel represented a class of current and former employees of Lincare, who were exposed to an unlawful data breach and the potential disclosure of their personal information. After Johnson Fistel filed an amended complaint and engaged in preliminary discovery, the parties agreed to mediation. Johnson Fistel was ultimately able to achieve a class-wide settlement that provided multiple forms of relief to class members, including: (i) a Settlement Fund totaling $875,000 in cash that was used to pay claims of class members impacted by the data breach; (ii) enhanced credit and identity monitoring protection services for the class, which was valued at more than $972,000; and (iii) Lincare's agreement to implement certain enhanced data security measures to protect the company from future data breaches and safeguard the personal information of its employees.

- *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD (N.D. Cal.). In December 2017, Johnson Fistel filed a class action complaint against Apple Inc. ("Apple"), alleging that Apple knowingly designed the batteries of certain iPhones to prematurely degrade, causing them to unexpectedly shut down. After the matter was consolidated with numerous other lawsuits filed against Apple for similar alleged misconduct, Johnson Fistel was appointed to the Steering Committee of the consolidated action. The litigation concerns one of the largest consumer frauds in history, affecting hundreds of millions of mobile devices around the world. The Court approved a class-wide settlement pursuant to which Apple will make a minimum, non-revisionary payment of $310,000,000 and a maximum payment of up to $500,000,000, depending on the number of claims submitted. The approval of that settlement is currently on appeal.

### *Employment and Labor Cases*

- *Alcantar, et al. v. Cardenas Markets, LLC,* JAMS Ref. No. 1240022966 (2019) (Brisco, Arb.): Johnson Fistel was retained by six plaintiff grocery workers alleging sexual harassment and related claims. The former employees alleged that the supermarket-employer, which is backed by a leading global investment firm and is a member store of one of the largest Hispanic supermarket chains in the country, permitted and engendered a norm of unwanted and violent sexual interaction between supervisors and their employees. The firm's aggressive prosecution in the multi-plaintiff action, which included extensive discovery practice and arbitration hearings, precipitated a substantial civil rights settlement in the amount of $875k.

- *Call v. Stillwater Hospitality LLC,* Case No. 30-2017-00961765 (Cal. Super. Ct. Orange Cnty.). Johnson Fistel represented a former employee in a lawsuit against the Stillwater restaurant companies seeking civil penalties under and pursuant to the Private Attorneys General Act ("PAGA") for alleged violations of the California Labor Code for, among other things, failure to properly calculate and pay overtime compensation. PAGA allows aggrieved employees to sue over alleged labor code violations on behalf of themselves and other aggrieved employees by stepping into the shoes of state regulators to recover civil penalties. Following extensive investigation and hard-fought litigation, Johnson Fistel negotiated a significant settlement on behalf of its client and all other aggrieved employees.

- *Jane Doe v. Bad Employer*: Johnson Fistel represented a business development employee who instituted suit against her former employer, an industrial supply company. The plaintiff alleged, inter alia, that she was subjected to severe discrimination and harassment, and ultimately terminated, based on her medical condition. Johnson Fistel's tenacious advocacy procured a confidential settlement in favor of its client at an early stage of the litigation.

## NOTEWORTHY SUCCESS STORIES

Johnson Fistel aggressively pursues complex litigation matters for both hourly paying clients and for contingency fee clients.  While not an exhaustive list, below are a few of the cases for which the firm has achieved noteworthy successful results for its clients.

### *A Happy Client Following Trial*

On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product.  After a week-long jury trial, the jury returned a seven-figure verdict in favor of Johnson Fistel's client, including actual and punitive damages.  *See* testimonials from the firm's client, Ronald T. Fricke, and the firm's co-counsel Gerald J. Stubenhofer, Esq. under Testimonials.  *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.).

### *Record Setting Class Action Settlement in Washington*

In what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, on January 20, 2017, the court approved a $12.75 million settlement for the benefit of former Flow shareholders.  Specifically, the case challenged the fairness of the price shareholders received from the 2014 acquisition of Flow by American Industrial Partners.  Johnson Fistel served as court-appointed Co-Lead Class Counsel.

After three years of hard-fought litigation, which included 26 depositions taken throughout the country, defeating defendants' motions to dismiss, defeating defendants' motion for summary judgment, and obtaining an order certifying the class, the parties reached an agreement to settle the case just before trial.  "I am proud to be part of a settlement that achieved what is now a rarity, more money for the shareholders in a merger case," said Frank Johnson, one of the founding partners of Johnson Fistel.  Cornerstone Research recently published a report regarding M&A shareholder suits in 2015 and the first half of 2016, reporting that amongst the hundreds of merger-related lawsuits identified, only six of those cases resulted in any monetary recovery for shareholders.  The report concluded that in merger-related litigation, "monetary consideration paid to shareholders has remained relatively rare." *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.).

### *Recovering Cash for and Reforming Practices at a Global Social Media Company*

Johnson Fistel, as Co-Lead Counsel served as a lead negotiator in this stockholder derivative action against certain current and former officers and directors of Twitter, Inc., recovering $38 million for the company and successfully negotiating robust governance reforms tailored to address and prevent the reoccurrence of directors and officers of Twitter from issuing materially false and misleading

statements about the company's user growth and user engagement prospects, a central allegation in the case. In reflecting on Johnson Fistel's efforts, Jim Porter, one of the shareholder plaintiffs that stepped up to prosecute the claims on behalf of Twitter, referred to the settlement as an "excellent result achieved for the company and its stockholders" and lauded Johnson Fistel's lawyers and staff as "professional, responsive, and personable….I would use them again and recommend them without hesitation." *In re: Twitter, Inc. Shareholder Derivative Litigation,* C.A. No. 18-062 (D. Del.).

### *One of the Largest Recoveries in a Derivative Case in Tennessee*

Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action against certain current and former officers and directors of HCA Holdings, Inc., the largest private hospital chain in the country. The derivative claims related to similar facts that resulted in the company paying $215 million to settle a class action lawsuit filed by shareholders who alleged the company used false and misleading information to sell stock during its 2011 initial public offering.

The parties litigated the action for more than four years and attended multiple mediations, after which Johnson Fistel secured an extremely favorable settlement for HCA and its shareholders, including a payment of $19 million to HCA (believed to be among the largest recoveries in a derivative case in the State of Tennessee), the appointment of a new independent director, and implementation of significant corporate therapeutics. *Bagot v. Bracken, et al.*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.).

### *Helped Secure $24 million for the Company*

Johnson Fistel was initially appointed Co-Lead Counsel in state court in one of the highest-profile cases in the country challenging the award of backdated stock options by executive officers of Brocade. For years, Brocade's insiders engaged in a secret stock option backdating scheme designed to reward executives and recruit engineers with stock options priced below their fair market value as of the date of the grants. The U.S. Government pursued and ultimately won criminal convictions against the responsible executives.

On behalf of its client, Johnson Fistel helped prevent an inadequate settlement of a related federal action from being approved, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme resulting in no money to the company and only a payment of attorney's fees for the lawyers. Brocade then formed a Special Litigation Committee and retained Johnson Fistel as co-counsel to Brocade to help litigate claims against ten former officers and directors of the company. After years of litigation, over $24 million was recovered for Brocade. *In re Brocade Communications, Systems, Inc. Derivative Litigation*, Case No. 1:05cv41683 (Cal. Super. Ct. Santa Clara Cnty.).

### Helped Secure $29 Million for Shareholders

Johnson Fistel was appointed Co-Lead Counsel in a derivative lawsuit that involved claims against the officers and directors of Titan Corporation for breach of fiduciary duty. During the pendency of the litigation, Titan announced that it would be acquired, threatening to cause the shareholders in the derivative action to lose standing. Johnson Fistel then coordinated with counsel in a related derivative action pending in Delaware to negotiate a settlement that resulted in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition. *In re the Titan Corp. Derivative Litigation*, Case No. GIC 832018 (Cal. Super. Ct. San Diego Cnty.).

### Keeping Corporate America Accountable

Johnson Fistel, as court-appointed Co-Lead Counsel pursuant to the Private Securities Litigation Reform Action of 1995 ("PSLRA"), recovered $21 million for a class of shareholders who invested in Flowers Foods, Inc. The detailed, 154 page, 352 paragraph complaint withstood defendants' motions to dismiss and for reconsideration, and alleged that defendants made false and misleading statements in connection with the Company's labor strategy, resulting in the price of Flowers Foods stock to trade at artificially inflated prices during the Class Period. The $21 million class settlement is believed to be the largest securities fraud class action recovery since the passage of the PSLRA in the Middle District of Georgia. *In re Flowers Foods, Inc. Securities Litigation*, No. 7:16-cv-0022-WLS (M.D. Ga.).

### Creating Shareholder Value Through Innovative Corporate Reforms

Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brought on behalf of RH, Inc. alleging, among other things, that certain officers and directors of RH violated federal and state laws by making false and misleading statements concerning RH's business operations, financial condition, and growth prospects, as well as that certain defendants engaged in improper insider trading. On RH's behalf, Johnson Fistel negotiated sweeping and innovative corporate governance reforms to benefit the company, including installation of a new Chief Compliance Officer and adoption of a Disclosure Committee Charter. On December 18, 2020, the Honorable Yvonne Gonzalez Rogers granted final approval, noting that "the Court rarely comments on counsel's performance. Here, such commentary is appropriate. . . . Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence." *In re RH Shareholder Derivative Litigation*, No. 4:18-cv-02452-YGR (N.D. Cal).

Likewise, as Co-Lead Counsel, Johnson Fistel helped bring about reformative change at Motorola, Inc. The derivative claims there charged certain officers with making misrepresentations about the company's financial statements and prospects of success in order to artificially inflate the company's stock price while they personally sold shares and while causing the company to simultaneously purchase

shares on the open market. After six years of hard-fought litigation, the action settled on terms that required the implementation of significant corporate therapeutic changes throughout the company—*changes that were valued by one expert at over $1 billion*. *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct. Cook County).

### Helped Investors Harmed In Connection with Public Offerings

Johnson Fistel has extensive experience representing investors who purchased shares and suffered losses in connection with public offerings. In that regard, Johnson Fistel has successfully brought claims under the Securities Act of 1933 and helped investors recover many millions of dollars, including in the following class action cases: *Gerneth v. Chiasma, Inc., et al.*, No. 1:16-cv-11082-DJC (D. Mass.) ($18.75 million settlement achieved on behalf of investors who purchased shares in the Chiasma IPO); *Glock v. FTS International, Inc., et al.*, Civil Action No. 4:20-cv-03928 (S.D. Tx.) ($9.875 million settlement achieved on behalf of investors who purchased shares in the FTSI International IPO); *Desrocher v. Covisint Corporation, et al.*, Case No. 1:14-CV-03878-AKH (S.D.N.Y.) ($8 million settlement achieved on behalf of investors who purchased shares in the Covisint IPO); and *In re EverQuote, Inc. Securities Litigation*, Index No. 651177/2019 (N.Y. Sup. Ct., New York Cnty.) ($4.75 million settlement achieved on behalf of investors who purchased shares in the EverQuote IPO).

# TESTIMONIALS

The Honorable Mark H. Cohen
United States District Court Judge
Northern District of Georgia

"The Court finds that the Settlement is the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel conducted over the course of months through in-person, telephonic and written exchanges, and that there is no evidence of collusion. Federal Derivative Action Plaintiffs' Counsel include nationally recognized leaders in shareholder litigation." *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.) (granting final approval of a settlement agreement that court-appointed Lead Counsel Johnson Fistel negotiated for the company after more than five years of litigation).

---

The Honorable Laura S. Taylor
United States Bankruptcy Court Judge
Southern District of California

"There's no question in my mind that this settlement is in the best interest of this Estate. So I'm prepared to approve it. . . . But I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *In re Artes Medical, Inc.*, (Bankr. S.D. Cal., Case No. 08-12317-LT7) (approving a $3 million settlement recovered for the estate of a bankrupt public company after the Chapter 7 Trustee retained Johnson Fistel to pursue claims for breach of fiduciary against the directors). In approving the final award of attorneys' fees, Judge Taylor further stated: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate."

---

The Honorable Ed Kinkeade
United States District Court Judge
Northern District of Texas

"The quality of representation by the Derivative Plaintiffs' Counsel was witnessed first-hand by this Court through their articulate, high quality, and successful pleadings. Moreover, as shown by their excellent efforts in this case, Derivative Plaintiffs' Counsel are dedicated to vindicating the rights of shareholders." *In re Heelys, Inc. Derivative Litigation*, Case No. 3:07-CV-1682 (N.D. Tex.) (granting final approval of a settlement agreement that required the company to implement sweeping improvements to its governance).

---

The Honorable Edward M. Chen
United States District Court Judge
Northern District of California

Johnson Fistel's predecessor firm, Johnson & Weaver ("J&W"), has "demonstrated that they are qualified and experienced and are capable of acting as lead counsel." "The Court is favorably impressed by J&W's presentation and knowledge" and "J&W's experience litigating shareholder derivative actions gives it a certain amount of pre-existing expertise." *In re Oclaro, Inc. Derivative Litigation*, Case No. C-11-3176 EMC (N.D. Cal.) (appointing J&W, Lead Counsel in a complex shareholder derivative litigation in which three separate lawsuits were filed).

---

The Honorable W. Louis Sands
United States District Court Judge
Middle District of Georgia

"I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing, and therefore the Court could well adopt and accept the representations made that are supported by the record with regard to just the settlement here." *In re Flowers Foods Inc. Derivative Litigation,* No. 7:18-cv-00084 (M.D. Ga.) (approving a $21 million class action settlement).

---

The Honorable Yvonne Gonzalez Rogers
United States District Court Judge
Northern District of California

"The Court rarely comments on counsel's performance. Here, such commentary is appropriate . . . . Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence. . . ." *In re RH Shareholder Derivative Litig.*, No. C 18-02452YGR (granting final approval of a settlement agreement that required the company to implement innovative and comprehensive corporate governance reforms).

---

The Honorable Layn R. Phillips
Retired United States District Court Judge
Western District of Oklahoma

"The settlement was reached through hard fought, arm's-length negotiations

conducted by skilled counsel in good faith…. Plaintiffs' Lead Counsel, [Johnson Fistel], is a firm I know and respect, and is a law firm which I count among the finest shareholder rights advocates." *Crystal v. Medbox, Inc.*, No. 2:15-CV- 00426-BRO (C.D. Cal.) (declaration in support of plaintiff's motion for approval of a securities fraud class action settlement which provided for millions of dollars worth of shares of stock and cash to be paid to injured class members).

The Honorable Howard B. Wiener
Retired Associate Justice
California Court of Appeal

"It is worth reiterating that the advocacy on both sides of the case was outstanding. I have decades of experience with attorneys from the law firms on both sides of this case, which are nationally recognized for their work prosecuting and defending large, complex class actions such as this. All counsel displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients. The settlement is the direct result of all counsel's experience, reputation, and ability in these types of complex class actions." *Eagle Canyon Owners' Association v. USA Waste of California, Inc.,* Case No. 37-2018-00005897 (declaration in support of plaintiff's motion for final approval of a class action settlement providing $7.85 million in cash payments made to class members, an amount which represented approximately 50% – 90% of the total, potential class-wide damages).

Michelle Yoshida
Attorney & Mediator
Phillips ADR Enterprises

"Counsel for the parties were highly experienced in derivative litigation, well informed on the current law, and had performed considerable work to prepare the case for mediation…. The advocacy on both sides of the case was of the highest caliber and counsel for both parties exhibited great effort, creativity, and zeal in advocating their positions." *Weitzman v. Ullman, et al.*, Civ. No. 4:13-cv-00585 (E.D. Tex.) (declaration in support of plaintiff's motion for final approval of a settlement in a derivative action which provided for a series of material reforms to JC Penney's corporate governance systems, designed to strengthen the company's internal control functions and board accountability, and ultimately prevent the recurrence of the events that led to the alleged harm to the company and the filing of the lawsuit).

Jim Porter
Client

"Throughout five years of litigation, Johnson Fistel delivered thoughtful

analysis, aggressive lawyering, and excellent service.  As a stockholder of a large publicly traded company, I became concerned about the performance and integrity of the company's officers and directors.  I retained Johnson Fistel to investigate potential wrongdoing and ultimately file a derivative lawsuit for the benefit of the company and its shareholders.  Throughout the entire litigation, from my initial contact with the firm through the excellent result achieved for the company and its stockholders, the lawyers and staff at Johnson Fistel have been professional, responsive, and personable.  I would use them again and recommend them without hesitation."

Rolf L. Nordström
Chairman of the Board
International Real Estate PLC

"As chairman of the board of a public company, my company was represented by Johnson Fistel to pursue claims for breach of fiduciary duty for millions of dollars against former directors of a company formed in England.  I have retained law firms throughout the world and found Johnson Fistel's services to be superb.  They were very responsive and grasped complex corporate matters involving international real estate transactions.  The firm aggressively litigated my company's claims against several defendants who were represented by one of the largest law firms in the world.  This case was very complex and complicated and involved three jurisdictions (U.S., Europe, and Sweden).  The firm played an instrumental role in bringing the whole case to a successful settlement out of court.  We ultimately reached a resolution short of trial with which I was very pleased."

James Baker
Chief Cost Reduction Officer
DCI Solutions

"While I was the Executive Vice President and Chief Financial Officer for a publicly traded company, I consulted Frank Johnson on various legal issues.  As CFO I was responsible for SEC reporting requirements and compliance with GAAP.  In addition, I successfully completed the public offering of the company's stock which was a consistent top performer on the NASDAQ from 1998 to 1999.  During the ten years I've known him, I've been very impressed with Mr. Johnson's integrity, business acumen, and understanding of complex securities issues.  Based upon these factors, I retained Johnson Fistel to represent me in matters where it appeared that a public company's officers or directors engaged in fraudulent conduct to the detriment of the company's shareholders (of which I was one).  As a former CFO for a public company and as a shareholder, I can say with confidence that this firm has proven to be aggressive and astute in identifying claims for fraudulent conduct in connection with the sale of publicly traded securities."

Gerald J. Stubenhofer, Esq.
Partner
McGuire Woods LLP

"While I was assistant general counsel for GNC Corporation, a publicly traded company at the time, I had the good fortune of working with Frank Johnson as GNC's lawyer. While he was at Sheppard Mullin, he successfully defended GNC in several matters, including a consumer class action and various business litigation matters. I have since left GNC Corporation and am now a partner at one of the largest law firms in the country. I have worked with Mr. Johnson on various matters, including a jury trial in San Diego, California. Mr. Johnson proved to be an exceptional trial lawyer who assisted my firm in obtaining an outstanding verdict in our client's favor. I have recommended him without reservation to both clients and lawyers who need highly skilled and effective representation."

Sean H. Mallean
President & CEO
Axeus, Inc.

"In 2004, Axeus, Inc. was using Sheppard Mullin, a large law firm, for nearly all of its legal matters. When Frank Johnson, who was then a partner at Sheppard Mullin, announced that he was departing to start his own law firm, I did not hesitate in my decision to send all of Axeus's litigation work to Mr. Johnson. At the time, Axeus was embroiled in a huge legal battle involving more than 20,000 pages of evidence and millions of dollars. Mr. Johnson helped Axeus successfully resolve that matter and has since handled several litigation matters for Axeus, all with outstanding results. I have worked with many different law firms over the years and I can say with confidence that Mr. Johnson is one of the best lawyers I've worked with. He understands what is important to his clients: excellent legal work and value. While other firms may be less expensive, Johnson Fistel provides value for its fees."

Ted Mount
Owner
Natural Energy

"I am the owner of Natural Energy, which was established in 1977 and is the largest solar energy company in the western United States. Although we have an exceptional reputation, as with any large company, legal disputes are sometimes inevitable. After using a number of law firms, for the past several years Natural Energy has used Johnson Fistel for all of its business litigation matters, from general business disputes to successfully getting a baseless class action dismissed. They are aggressive, have a strong work ethic and, of utmost importance to me, have unquestionable integrity. I have the utmost faith and confidence in them."

Jean Marie Cinotto
Client

"I first retained Johnson Fistel when my husband and I became concerned with what I thought looked like wrongful conduct by executive management at one of the publicly traded companies in which we had invested. They always clearly communicated their strategy and the underlying legal reasons why it needed to be done that particular way. Most importantly, they always responded to any questions or concerns in a timely manner and consistently updated us without overwhelming us with complicated details. We were very happy with the outcome of the securities case. When I needed a lawyer again to help me with employment matters, I retained the firm again. They demonstrated that they were well informed and helped me get a settlement with which I was very pleased. I highly recommend Johnson Fistel and I would not hesitate to use them again."

Trudy York
Client

"I recently had the pleasure of working with the attorneys at Johnson Fistel in connection with a motion to have me appointed the lead plaintiff in a class action alleging claims for securities fraud. Throughout the process, Brett Middleton (the partner in charge at Johnson Fistel) did a fantastic job of explaining everything to me and made himself available for all questions. Unfortunately, I was not selected as the lead plaintiff because the court found other shareholders had even greater losses arising out of what appeared to me to be a fraud on the market. I truly regret not being able to work with Johnson Fistel on this case because I had a great deal of confidence in the firm and its lawyers based upon their attention to detail and representation of me up to that point. I highly recommend Johnson Fistel to anyone looking for excellent representation."

Jillian Ibave
Secretary
Eagle Canyon Owners' Association

"I've worked with law firms in the past and found the lawyers and paralegals at Johnson Fistel to be first-rate. They kept me informed at every stage of this matter, they were responsive, I found their ideas to be creative, and their relentless approach caused me to believe they were passionate about having my best interest and the best interest of the class in mind."

Ronald T. Fricke
President
Healthy Life Marketing, LLC

"They were Awesome!  They were professional, organized and as evidenced by juror testimonials following a one-week jury trial ... extremely effective.  On claims for breach of contract and fraud, the firm helped me win a 7-figure verdict for me and my company and I will forever be grateful.  You never realize how important it is to have a good attorney until you need one!"

Peter Czuczor
Client

"You guys are truly amazing.  We've only worked together for a short period of time, but I already have an amazing opinion of you.  The support, the detailed answers, your insights, the transparency, your prompt responses, everything. Please keep up the good work.  I think the quality of your service is really unique in this world."

Tyler Martin
Client

"The team at Johnson Fistel far exceeded our expectations from the very beginning.  We honestly didn't know what to expect but this team made each step so easy to understand.  If we ever need legal counsel for anything else again, we will definitely be using them again.  Thank you for everything."