**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LAURA L. BRILL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INVIVYD, INC., TILLMAN U. GERNGROSS, and LAURA WALKER, <br><br> Defendants. | Case No. 1:23-cv-10254-LTS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEBORAH BETZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Deborah Betz ("Betz") respectfully submits this memorandum of law in support of her motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Betz as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Betz's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Andrews DeValerio LLP ("Andrews DeValerio") as Liaison Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Invivyd, Inc. f/k/a Adagio Therapeutics, Inc. ("Adagio" or the "Company"), common stock between November 29, 2021 and December 14, 2021, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff.

Betz believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Betz satisfies the relevant requirements of Rule 23, as her claims are typical of other class members' claims, and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Betz respectfully submits that she

is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Betz's selection of GPM as lead counsel and Andrews DeValerio as liaison counsel for the class should be approved because GPM has substantial expertise in federal securities litigation and the firms have the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Adagio is a clinical-stage biopharmaceutical company that during the Class Period focused on developing a monoclonal antibody ("mAb") therapy for the prevention and treatment of COVID-19. The Company formed in June 2020, during some of the worst days of the pandemic, to develop drugs for the treatment and prevention of COVID-19 and future coronavirus outbreaks. During the Class Period, the Company was focused on developing ADG20, an investigational monoclonal antibody treatment for COVID-19.

On December 14, 2021, Adagio issued a press release reporting in vitro results for ADG20 against the Omicron variant (the "December 14 Press Release"). In the December 14 Press Release, only a few weeks after assuring investors of the efficacy against Omicron, Adagio announced that "[t]he in vitro data generated through both authentic and pseudovirus testing of the Omicron variant show a greater than 300-fold reduction in neutralizing activity of ADG20 against Omicron." In other words, Adagio revealed that the data showed that ADG20 was 300 times less effective at neutralizing Omicron than it was against the other variants. Put simply, the Company admitted that the results showed that ADG20 did not work against Omicron. Defendant Gerngross explained: "While the individual mutations present in . . . Omicron . . .

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

were not associated with escape from ADG20 in the context of an original strain of the virus, new data show that the combination of mutations present in the Omicron spike protein led to a reduction in ADG20 neutralization that was not suggested by prior data."

On this news, the Company's share price fell from $34.26 per share when the market closed on December 13, 2021, to $7.26 per share when the market closed on December 14, 2021, a nearly 80% decline on unusually heavy volume of over 41 million shares traded. As the market continued to digest the news, the price of Adagio common stock continued to decline, falling to a low of just $5.57 per share by December 15, 2021.

The complaint filed in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the published epitope mapping, structural studies, and sequence analyses which defendants had used to claim ADG20 was effective against Omicron were insufficient, unreliable, and inadequate to make claims of effectiveness of ADG20 against Omicron; (2) that Defendants' claims regarding ADG20's efficacy against Omicron lacked a reasonable factual basis; (3) that ADG20 was over 300 times less effective against the Omicron variant as compared to its effectiveness against previous variants; and (4) that, as a result of the foregoing, Adagio lacked any reasonable basis for issuing its positive projections and financial forecasts.

As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

3

III.    ARGUMENT

    A.    **Betz Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

    (aa) will not fairly and adequately protect the interest of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). As set forth below, Betz satisfies all the PSLRA criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff. Betz has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Betz is not aware of any unique

defenses Defendants could raise against her that would render her inadequate to represent the class. Accordingly, Betz respectfully submits that she should be appointed lead plaintiff. *See Leech v. Brooks Automation, Inc.*, 06-11068-RWZ, 2006 WL 3690736, at *1 (D. Mass. Dec. 13, 2006); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 789 (D. Mass. 2004).

### 1.    Betz Filed a Timely Motion

On January 31, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), a notice was published announcing that this securities class action had been filed against Defendants herein. *See* Declaration of Daryl Andrews ("Andrews Decl."), Ex. A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62, 63 (D. Mass. 1996) (concluding publication on a national wire service satisfies the PSLRA notice requirement). Therefore, Betz had sixty days, or until April 3, 2023, to file a motion to be appointed as lead plaintiff. Accordingly, her motion is timely.

Additionally, as set forth in her PSLRA certification, Betz attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Andrews Decl., Ex. B. Accordingly, Betz satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.    Betz Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Betz believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Betz purchased Adagio common stock during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered

5

substantial financial losses of $3,752.08. *See* Andrews Decl., Ex. C. To the best of her knowledge, Betz is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Betz believes she has the "largest financial interest in the relief sought by the class." Thus, Betz satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the class. *See Greebel*, 939 F. Supp. at 64.

### 3. Betz Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 n.4 (D. Mass. 2001) (noting that only a preliminary showing of typicality is required at this stage).

### a)      Betz's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Betz's claims are typical of the claims asserted by the proposed class. Like all members of the class, Betz alleges that Defendants' material misstatements and omissions concerning Adagio's business, operations, and financial prospects violated the federal securities laws. Betz, like all of the members of the class, purchased Adagio common stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Betz's interests and claims are "typical" of the interests and claims of the class.

### b)      Betz Is an Adequate Representative

The adequacy requirement is satisfied where the moving party shows "that the interests of the representative party will not conflict with the interests of the class members, and . . . that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Swack*, 230 F.R.D. at 265 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

 Betz has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Andrews Decl., Ex. C. Betz is not aware of any conflict between her claims and those asserted on behalf of the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Betz has retained GPM as lead counsel and Andrews DeValerio as liaison counsel. GPM possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Andrews Decl., Ex. D. Thus, the Court may be assured that, by granting Betz's Motion, the class will receive the highest caliber of legal representation.

## IV.      CONCLUSION

For the foregoing reasons, Betz respectfully requests that the Court grant her Motion and enter an Order: (1) appointing Betz as Lead Plaintiff; (2) approving Betz's selection of Glancy Prongay & Murray LLP as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 3, 2023                     **ANDREWS ANDREWS LLP**

By:   */s/ Daryl Andrews*
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Tel: (617) 999-6473
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com

*Liaison Counsel for Deborah Betz and Proposed
Liaison Counsel for the Class*

-and-

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay

8

Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Deborah Betz and Proposed Lead
Counsel for the Class*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Daryl Andrews*
Daryl Andrews