UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA L. BRILL, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>INVIVYD, INC., et al., )<br><br>Defendants. ) | No. 1:23-cv-10254<br><br>CLASS ACTION<br><br>ROBYN L. FIZZ AND GERALD L. HAAS'S OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |

4885-2498-7741.v1

Robyn L. Fizz and Gerald L. Haas ("Fizz and Haas") respectfully submit this memorandum in further support of their motion for appointment as lead plaintiff (ECF 11), and in opposition to the competing motion for appointment as lead plaintiff. *See* ECF 14.

## I.    INTRODUCTION AND BACKGROUND

Two motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Fizz and Haas; and (2) Deborah Betz. The movants met and conferred through counsel, and Ms. Betz has indicated that she does not oppose Fizz and Haas's motion. As such, ***Fizz and Haas's motion is substantively unopposed***.

Based on information contained in the original submissions by the lead plaintiff movants, Fizz and Haas are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Fizz and Haas's loss of over $13,600 is roughly four times greater than the losses claimed by Ms. Betz, and Fizz and Haas otherwise meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Fizz and Haas should be appointed as Lead Plaintiff and their selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Here, there is no dispute that Fizz and Haas possess the "largest financial interest" in this litigation:

4885-2498-7741.v1

| MOVANT | CLAIMED LOSS |
|---|---|
| **Fizz and Haas** | $13,605.55 |
| Ms. Betz | $3,752.08 |

ECF 13-3, 16-3.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Fizz and Haas must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  Here, there is no question that Fizz and Haas satisfy this requirement.  *See* ECF 12 at 4-5; ECF 13-4 (Joint Declaration detailing Fizz and Haas's backgrounds, as well as their ability, willingness, and plan to jointly serve as lead plaintiff).  Because Fizz and Haas clearly have the largest financial interest and satisfy Rule 23's requirements, Fizz and Haas are presumptively the "most adequate plaintiff."

The presumptive lead plaintiff, in this case Fizz and Haas, must be appointed unless it is proven that they will not satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question **is not** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job."  *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32.  Here, there is no dispute that Fizz and Haas meet the adequacy and typicality requirements.  Consequently, the "most adequate plaintiff" presumption that lies in Fizz and Haas's favor has not been rebutted.  Fizz and Haas's motion should be granted and the competing motion should be denied.

## III.    CONCLUSION

Fizz and Haas possess the largest financial interest in the relief sought by the class.  In addition, Fizz and Haas meet the requirements of adequacy and typicality, and the presumption

4885-2498-7741.v1

which lies in favor of Fizz and Haas cannot be rebutted.  The sole competing movant Ms. Betz does

not oppose Fizz and Haas's motion.

As a result, Fizz and Haas respectfully request that this Court enter an order appointing them

to serve as Lead Plaintiff and approving their  selection of Lead Counsel

DATED:  April 17, 2023                                    Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


                                          s/ Theodore M. Hess-Mahan
                                   THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

- 3 -

4885-2498-7741.v1

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
MARY ELLEN CONNOR
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com
maryellenc@johnsonfistel.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 4 -

4885-2498-7741.v1

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 17, 2023.

s/ Theodore M. Hess-Mahan
THEODORE M. HESS-MAHAN

- 5 -